**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:23-cv-397-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| AT&T SERVICES, INC. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Headwater Research, LLC ("Headwater") and Defendants AT&T Services, Inc., AT&T Mobility, LLC and AT&T Corp. (collectively, "AT&T"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

    (a) **Designating Documents:** Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." The word "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, except for electronic files, as noted in Paragraph 1(d).

(b) **Designating Transcripts:** Parties or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within seven (7) days, or else the transcript will be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. For deposition and hearing transcripts, the word "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(c) **Designating Videotaped Depositions**: In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, including the specific confidentiality level claimed if such a designation is made prior to the videotape being provided by the video technician, substantially along the lines of:  "This videotape contains [confidential] testimony used in this case and is not to be viewed, or the contents thereof displayed or revealed, except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

(d) **Designating Native Files**: Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" material. When such electronic files or documents are printed (for use at a deposition, in a court proceeding, or for

provision in printed form to an expert or consultant approved pursuant to Paragraphs 5(f) and 29), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to  refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" both individually and collectively.

ONLY – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Unauthorized or illegal distribution or publication of documents, information, or material without the producing party's permission shall not be deemed a waiver in whole or in part of a claim for confidential treatment of said unauthorized or illegally distributed or published documents, information, or material. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and mark any documents, information or material derived from or based thereon with the proper designation as reflected in the replacement Protected Material.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)    mock jurors and jury consultants who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(e)    up to and including three (3) designated representatives of each of the Parties who are officers or employees of the receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the litigation of this Action, provided that any such person has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Appendix A, which shall be provided to the producing Party before disclosure of Protected Material to the designated representative. Either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

(f)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. At the expiration of ten (10) days, if no written objection is made, then the outside consultant or expert and their staff may access DESIGNATED MATERIAL. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. No disclosure of DESIGNATED MATERIAL may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

(g)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(h)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided they have an obligation not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(i)    the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information or material contain or reflect confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.   Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any  copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code, including computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may redact source code Material and designate the Protected Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and designate the original unredacted

Protected Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

9. For Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 5(a-b), (d) and(f-i).

10. For Protected Material designated "CONFIDENTIAL ATTORNEYS' EYES ONLY – SOURCE CODE," the following additional restrictions apply:

(a) Access to a Party's source code material shall be provided only on two (2) "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet), that are password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to them ("Source Code Computers").

(b) Access to a Party's Source Code Computer(s) shall be limited to the offices of the producing Party's outside counsel ("Source Code Review Site"). Any review of source code on the Source Code Computer(s) by the receiving Party must occur prior to the close of expert discovery unless otherwise agreed among the parties or ordered by the Court.

(c) A producing Party may, at its election, prohibit a receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the receiving Party so elects, the producing Party must provide (1) a separate, secure, and substantially private workspace convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices; and (2) a note-taking laptop (not connected to any network, including a LAN, an intranet, or the Internet) located in the review room. The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code on the note-taking laptop, but may not copy any line of Source Code into the notes. For the avoidance of doubt, no reviewer may at any time copy any portions or sections of source code material into either electronic or paper notes and counsel for the reviewing Party shall instruct its reviewer(s) not to copy or include any portion or section of source code material in either electronic or paper notes; however, function names, variable names, parameter names, and other individual identifiers derived from Source Code, do not, by themselves, constitute a line of Source Code. The producing Party must provide for any reviewer to load notes, including electronic documents, onto the note-taking laptop prior to a review session and to retrieve notes from the note-taking laptop after a review session, for example by supervised use of a USB storage device. Any notes relating to the Source Code will be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     Prior to the first inspection of any requested source code, the receiving Party shall provide at least seven (7) days' notice of the source code that it wishes to inspect. For subsequent reviews, the receiving Party shall provide three (3) business days' notice prior to any additional inspection. Access to the stand-alone computer(s) shall be limited to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m on non-holiday weekdays. In the event a receiving Party intends to continue its review to the next business day, it shall provide written notice by 1:00 p.m. (local time at the review location). A list of names of persons who will inspect the source code material will be provided to the producing Party at the time of request for access. No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the source code Review Room. The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review, but only to ensure that no unauthorized electronic records of the source code are being created or transmitted in any way. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. The receiving Party will not copy, remove, or otherwise transfer any source code from the source code computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing source code. Access to the secure room or the source code computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification. The producing Party may maintain a daily log at the Source Code Review Site and require reviewers for the receiving Party to sign the log indicating when they enter and depart the review room;

(e)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced source code material on the stand-alone computer(s);

(f)     The producing Party will produce source code material in computer searchable format on the stand-alone computer(s) as described above, and upon reasonable request from the receiving Party will make reasonable efforts to install reasonable search and analysis tools appropriate for the type of source code material being produced;

(g)     Access to Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be limited to outside counsel and up to five (5) outside consultants or experts [2] (*i.e.*, not existing

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 5(f) above, provided that: (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (b) such expert or consultant is not involved in competitive decision-making on behalf of a Party, or an affiliate,[3] subsidiary, or competitor of a Party; and (c) no unresolved objections to disclosure exist after proper notice has been given to all Parties.  A receiving Party may include excerpts of source code material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the source code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders, with any source code redacted;

(h)     To the extent portions of source code material are quoted in a source code document, either (1) all source code material will be redacted from pages containing quoted source code material and the document will be stamped and treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or (2) the source code document will be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE";

(i)     Except as set forth elsewhere in Paragraph 10 below, no electronic copies of source code material shall be made without prior written consent of the producing Party;

(j)     The receiving Party shall request for printing only such portions as are reasonably necessary from the standalone computers onto pre-Bates numbered and watermarked paper, which shall be provided by the producing Party, that bears the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Within three (3) days of a request, the producing Party shall either (i) provide three (3) copy sets of such pages to the receiving Party or (ii) inform the requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The parties will work in good faith to resolve any disputes related to requests for additional copies. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, within three (3) business days, the receiving Party shall seek a Court resolution of whether the printed source code in question is reasonable and was printed for a permitted purpose. The receiving Party shall not request to print more than twenty-five (25) consecutive pages and no more than six hundred (600) pages in total of the producing Party's source code throughout the duration of this action, without prior written approval by the producing Party, such approval to be granted or denied within three (3) business days of the receiving Party's request and such approval

---

[3] As used here, the term "affiliate" means any company that controls, is controlled by, or is under common control with another company.

not to be unreasonably requested or withheld. Printouts may not be made or used for purposes of review elsewhere in the first instance (*i.e.*, as an alternative to reviewing the source code material in the room in which the stand alone computers are located);

At least seven (7) business days in advance of the date upon which the receiving Party wishes to use the source code computers, the receiving Party shall identify the licensed software tools it wishes to have installed and available for use on the source code computers, and provide, on a CDROM or other medium, a properly licensed copy of the software it requests to be installed. Any costs associated with acquiring licenses to requested software tools shall be borne by the receiving Party. In the event that there are issues concerning the installation or use of such tool, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues. No Party provides any warranty or representation about the functionality or compatibility of any of the following tools with the source code computers.[4] To the extent other tools are requested, the producing Party should not unreasonably withhold installation of such tools. If after meeting and conferring, the Parties cannot resolve an objection to a source code tool, the receiving Party shall seek Court intervention within three (3) days.

(k)   The receiving Party shall maintain a log of all paper copies of the source code.  The log shall include the names of the reviewers and/or recipients of paper copies along with dates and locations where the paper copies are stored for all reviewers other than outside counsel for receiving Party.  The receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. Such photocopies shall also be on watermarked paper. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers, unless otherwise agreed by the producing Party. All paper copies of source code brought to the deposition must be returned to the receiving Counsel following the deposition for secure transport back to the secured locked area in the offices of the receiving Counsel; and

(l)   A producing Party's source code material may only be transported by the receiving Party at the direction of a person authorized under Paragraph 10(e) above to another person authorized under Paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source code material may not be

---

[4] The parties agree that the identified links and/or version numbers are for reference only and will meet and confer if needed.

transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, as set forth in Paragraphs 10(e)-(f) and 10(i) and is at all times subject to the transport restrictions set forth herein.

(m)   Any outside expert or consultant retained on behalf of a receiving Party who is to be given access to a producing Party's Source Code Computer shall not perform software development work intended for the commercial purposes of a competitor of the producing Party, specifically related to any functionality covered by the Source Code reviewed by such expert or consultant during the time period in which they have access to the producing Party's Source Code Material. For the avoidance of doubt, an outside expert or consultant does not have access to a producing Party's Source Code Material if they have returned all such material, including any print outs and documents containing any source code excerpts, to receiving Party's counsel.

(n)   In the case of any conflict between a provision of Paragraph 10 (regarding source code) and any other provision in this Order, the provision in Paragraph 10 (regarding source code) shall govern.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and who received the other Party's Protected Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor,

predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For the avoidance of doubt, this provision shall not preclude any person (including counsel or experts) who obtains, receives, or otherwise learns, in whole or in part, the other Party's DESIGNATED MATERIAL under this Order from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit provided that they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims based on those proceedings.

12.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material and certified as such to the producing Party. The recipient(s) shall destroy all copies of such documents, information or other material.

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized

to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, including securing the agreement of the recipient(s) not to further disseminate the Protected Material in any form; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Appendix A. Compliance with the foregoing shall not prevent the producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) in the course of taking such testimony who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although

not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current officer, director or employee of the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to Paragraphs 9 and 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and disclosed and approved pursuant to Paragraphs 5(f) and 29; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary in the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. However, if either party plans to use or uses DESIGNATED MATERIAL, that party shall request that the Court seal the courtroom during the presentation of any testimony or evidence relating to or involving the use of any Protected Material.

18.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.    The parties agree that an expert's drafts reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the expert prepared in other cases that are not publicly available be subject to discovery in this case. Discovery of materials provided to experts shall be limited to those materials, facts, expert opinions, and other matters relied upon by the experts in forming their final report, trial or deposition testimony, or any opinion in this case. No conversations or communications between counsel and any expert will be subject to discovery unless the conversations or communications are relied upon by such experts in

formulating opinions that are presented in reports, trial, or deposition testimony in this case. Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

21.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may designate material for protection under this Order.

22.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. In the absence of any earlier designation, the Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for three (3) days and then as "CONFIDENTIAL" for the remainder of the 10-day period.

23.   The provisions of this Order shall continue to be binding after final termination of this case until a producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been

admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

24.     The failure to designate documents, information or material in accordance with this Order shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such

relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.     Prior to disclosing any Protected Material to any person described in Paragraph 5(f) (referenced below as "Person"), the Party seeking to disclose such information shall provide the producing Party with written notice that includes:

(a)     the name and current address of the Person;

(b)     an up-to-date curriculum vitae of the Person;

(c)     the present employer and title of the Person;

(d)     an identification of all of the Person's past and current employment and consulting relationships in the past five (5) years, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the Person is employed or to whom the Person provides consulting services and a description of any job responsibilities or consulting services relating to product design, development, sales, marketing, pricing, patenting, or licensing;

19

(e)     an identification of all patents and pending patent applications on which the Person is named as an inventor, has been involved in prosecuting, or in which the Person has any ownership or pecuniary interest; and

(f)     a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. Within ten (10) days of receipt of the disclosure of the Person, the producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have ten (10) days from the date that the Parties reach impasse to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection. Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "UNDERTAKING REGARDING PROTECTIVE ORDER" (Appendix A hereto) and serve it on all Parties.

30.    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the

Protected Material itself except as provided in this Order.

31.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.,* 15 C.F.R. § 734.2(b). No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

**SIGNED this 27th day of December, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:23-cv-397-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| AT&T SERVICES, INC. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I,_____, declare that:

1.    My address is_____.

       My current employer is_____.

       My current occupation is_____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.    I understand that signing this Undertaking Regarding Protective Order does not authorize me to view Protective Material that I am not otherwise authorized to view pursuant to the terms of the Protective Order.

5.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL  –-- ATTORNEYS' EYES

ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____