UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00397-JRG-RSP<br><br>(Lead Case)<br><br>**JURY DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00398-JRG-RSP<br><br>(Member Case)<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S REPLY IN SUPPORT OF MOTION
TO DISQUALIFY MCKOOL SMITH AS COUNSEL FOR DEFENDANTS**

While AT&T and McKool Smith acknowledge that "attorney disqualification rules are not to be 'mechanically applied'" (Opp. at 5), that is precisely what they seek to do here. AT&T effectively asks this Court to ignore McKool Smith's clear ethical violations in favor of a rigid, narrow (and erroneous) application of the law, and take the position that because this exact factual scenario has not previously been encountered by this Court, McKool Smith cannot be disqualified. This fails. There is not merely a danger of the *appearance* of impropriety here. There is an *actual* ethical breach that *requires* disqualification under Fifth Circuit and federal law.

### A. AT&T Has Failed to Disprove the Existence of a Common Legal Interest and Does Not Dispute that It Received Headwater's Confidential Information

AT&T asserts that Headwater "misstates Fifth Circuit precedent on disqualification" (Mot. at 6), but it is AT&T who is wrong. The court's holding in *Armco Steel* makes clear that "no direct attorney-client relationship" is necessary to support disqualification where (a) the parties shared a common legal interest, and (b) "confidential exchanges of information" in furtherance of that interest took place. *Wilson P. Abraham Const. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977). Nowhere in *Armco Steel* did the court hold that only defendants participating in a joint defense can be protected by the common interest doctrine. To the contrary, courts commonly recognize the common interest privilege outside of the joint defense context, including with respect to patentees and licensees. *See Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 403, 406 (E.D. Tex. 2003) (explaining that "the common interest doctrine exists to protect communications between two parties or attorneys that share a common legal interest," and "courts have found that "co-defendants, an insurer and an insured, and a patentee and a licensee share a common legal interest"); *In re Whitcomb*, 575 B.R. 169, 173 (Bankr. S.D. Tex. 2017) (rejecting argument that "construe[d] the common legal interest requirement too narrowly"). The *Santa Fe* case on which AT&T so heavily relies does not hold otherwise. The court explained that the

1

privilege "*encompasses* shared communications between various co-defendants," but did not hold that it is *limited* to co-defendants, and acknowledged a case where it was applied to a corporation and its auditor subpoenaed by the SEC. *In re Santa Fe Int'l*, 272 F.3d 705, 712 (5th Cir. 2001).

AT&T's attempt to distinguish *Diva Limousine* fails. The mere fact that it is a California case is inconsequential, as motions to disqualify "implicate federal law" and are "not limited to the state's ethical rules." *Rembrandt Techs., LP v. Comcast Corp.*, No. CIV.A. 2:05CV443, 2007 WL 470631, at *2 (E.D. Tex. Feb. 8, 2007). AT&T also fails to identify any substantive difference between Texas's and California's ethical standards. Further, that the disqualified attorney was prior counsel for Uber's co-plaintiff only further disproves AT&T's argument that disqualification pursuant to a common legal interest can only apply in the joint defense context.

At bottom, AT&T and McKool Smith have no credible argument refuting that Headwater and ▮▮▮ shared a common legal interest. The transaction Headwater and ▮▮▮ were contemplating was the functional equivalent of being co-parties to litigation, where ▮▮▮ would participate in the assertion of Headwater patents. In fact, they were contemplating being co-parties in the very litigation that Headwater is now pursuing and in which McKool has effectively switched sides. And to erase any doubt, the parties expressly memorialized their "▮▮▮ ▮▮▮" in the ▮▮▮ NDA. Ex. 3 ¶ 7. This was not mere "boilerplate," as AT&T contends. Indeed, prior versions of the NDA did not contain a common interest section at all. Paragraph 7 was later inserted pursuant to the parties' discussions.

AT&T's reliance on the NDA's purported "circumspect language" stating that Headwater "▮▮▮" with ▮▮▮ (Opp. at 12) also fails. McKool does not dispute that its attorneys in fact received Headwater's confidential business and technical information pursuant to the ▮▮▮/Headwater discussions. The NDA expressly states that all such shared

2

materials, including "█████████████████████████████████████████████████ █████," are deemed "████████████████." Ex. 3 ¶ 7. The parties' communications also expressly acknowledge that their discussions and shared materials were "confidential █████ ██████████████████." Ex. 11. The "bounds and contours" of any applicable privilege are not at issue here. All that matters is that McKool Smith received Headwater's confidential information pursuant to McKool's representation of ████████ with whom Headwater shared a common legal interest.

Critically, McKool Smith admits that no less than four of its attorneys had access to Headwater's confidential information—one of whom (Mr. Kamprath) "remains at the firm," and another (Mr. Hess) who is currently counsel of record for AT&T in this matter. Opp. at 3. McKool attempts to downplay Mr. Hess's involvement by asserting that he worked "fewer than 30 hours on the project" and "and attended only a single meeting with a Headwater employee." *Id.* But AT&T fails to mention how much time the other McKool Smith attorneys working on the matter spent reviewing Headwater's materials, which included prepared legal and technical analyses, not just public patents. In any event, there is no "minimum hour" requirement to support disqualification. Nor is there any minimum requirement regarding amount of shared confidential documents or information. And Texas Disciplinary Rule 1.09(b) makes clear that confidential information provided to the firm is imputed to *all* members of the firm.

### B. AT&T Cannot Legitimately Dispute that the Prior ████████/Headwater Discussions Are Substantially Related to This Case

Contrary to AT&T's assertions, the relationship between the prior ████████/Headwater discussions regarding Headwater's patent enforcement and litigation strategy, and this litigation involving AT&T's infringement of Headwater's patents, are not merely "tangentially related." Opp. at 13. As set forth in detail in the motion, those discussions involved Headwater's

3

identification of █████████████████████████████ who are currently involved in litigation with Headwater (and with whom AT&T's counsel presumably has a joint-defense relationship), Headwater's infringement, validity, and damages theories, notice, willfulness, inventorship, conception, reduction to practice, third-party licenses, ████████████ ████████████, and Headwater's management structure and financials, among other issues. Headwater also provided a confidential work-product ████████████████████████ ███. All of these issues relate directly to this case. Indeed, at least one other defendant in the related cases (██████ has subpoenaed ████████ regarding the negotiations and materials shared with ████████ further confirming that the matters are substantially related. Ex. 20.

AT&T does not dispute any of the foregoing facts regarding the nature of the shared documents. Instead, it merely takes issue with amount of detail provided by Headwater. *Id.* But Headwater provided as much information as possible regarding the nature of the common interest materials without revealing specific privileged and confidential information that could give AT&T an unfair advantage in this case (not to mention waive the applicable privileges). AT&T's position that Headwater is required to provide it with unfettered access to the very privileged and confidential information that is the entire basis for this motion is absurd. As Headwater indicated several times in the motion, Headwater is willing to provide unredacted copies of any documents from the ██████ data to the Court for *in camera* review.

That ████████ and Headwater did not specifically discuss suing AT&T is inconsequential. Headwater shared confidential information relating directly to common litigation issues such as its infringement, validity, and damages theories—information that could be used to Headwater's disadvantage and/or the advantage of AT&T. *See* Comment 4B to Texas Disciplinary Rule 1.09; *Staton Techiya, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00413-JRG-RSP, 2022 WL

4

16964746, at *2 (E.D. Tex. Nov. 16, 2022) (to be substantially related, the subject matter "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved"); *Diva Limousine*, 2019 WL 144589, at *7.

Finally, the fact that the data log shows only one McKool Smith attorney purportedly viewed the ▓▓▓▓ "for less a minute" (Opp. at 13) is also irrelevant. There is no "five second rule" when it comes to attorney breaches of confidentiality and loyalty. AT&T also conveniently ignores that a McKool Smith paralegal (Melissa Kalka) downloaded every single document in the data room—including the ▓▓▓▓ and the document relating to AT&T—multiple times. *See* Ex. 10. Presumably, those documents were distributed to the attorneys working on the matter. Only McKool Smith has those records, and it chose not to disclose them. Nor did Mr. Hess deny that he accessed those documents.

### C. Headwater Applied the Correct Legal Standard—In the Fifth Circuit, Disqualification Is Mandatory Under These Circumstances

The law is clear—prior representation in a substantially related matter "*by itself requires* disqualification." *In re Am. Airlines, Inc.*, 972 F.2d 605, 619 (5th Cir. 1992); *see also* Texas Disciplinary Rule 1.09; ABA Model Rule 1.9(a). For example, in *Staton Techiya*, this Court granted disqualification after concluding that the matters at issue were substantially related, and did not evaluate any other factors. 2022 WL 16964746, at *2. The Court did not mention the "appearance of impropriety" at all. *See id.* The impropriety is inherent in the breach.

Regardless, contrary to AT&T's assertions, Headwater did address these concerns in Section IV.B of its motion. AT&T simply ignores these arguments. That McKool Smith purportedly complied with the NDA by not disclosing Headwater's materials to third parties, and its belated after-the-fact offer to wall off Mr. Hess—who remains counsel of record to this very day—cannot cure McKool Smith's conflict.

5

Dated:  February 16, 2024				Respectfully submitted,

							*/s/ Brian Ledahl*
							Marc Fenster
							CA State Bar No. 181067
							Email: mfenster@raklaw.com
							Reza Mirzaie
							CA State Bar No. 246953
							Email: rmirzaie@raklaw.com
							Brian Ledahl
							CA State Bar No. 186579
							Email: bledahl@raklaw.com
							Ben Wang
							CA State Bar No. 228712
							Email: bwang@raklaw.com
							Dale Chang
							CA State Bar No. 248657
							Email: dchang@raklaw.com
							Paul Kroeger
							CA State Bar No. 229074
							Email: pkroeger@raklaw.com
							Neil A. Rubin
							CA State Bar No. 250761
							Email: nrubin@raklaw.com
							Kristopher Davis
							CA State Bar No. 329627
							Email: kdavis@raklaw.com
							James S. Tsuei
							CA State Bar No. 285530
							Email: jtsuei@raklaw.com
							Philip Wang
							CA State Bar No. 262239
							Email: pwang@raklaw.com
							Amy Hayden
							CA State Bar No. 287026
							Email: ahayden@raklaw.com
							Jason M. Wietholter
							CA State Bar No. 337139
							Email: jwietholter@raklaw.com
							**RUSS AUGUST & KABAT**
							12424 Wilshire Blvd. 12th Floor
							Los Angeles, CA 90025
							Telephone: 310-826-7474

							*Attorneys for Plaintiff Headwater*
							*Research LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ *Brian Ledahl*
Brian Ledahl

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Brian Ledahl*
Brian Ledahl