# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **HEADWATER RESEARCH LLC,** | |
| Plaintiff, | Civil Action No. 2:23-cv-00397 |
| vs. | **LEAD CASE** |
| **AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,** | **JURY TRIAL** |
| Defendants. | |
| **HEADWATER RESEARCH LLC,** | |
| Plaintiff, | Civil Action No. 2:23-cv-00398 |
| vs. | **MEMBER CASE** |
| **AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,** | **JURY TRIAL** |
| Defendants. | |

## DEFENDANTS' MOTION TO FOCUS PATENT CLAIMS

**TABLE OF CONTENTS**

I. Background ..................................................................................................................... 2
II. Argument ........................................................................................................................ 5
 A. The Court should adopt AT&T's proposed schedule for narrowing claims to alleviate the significant and lopsided burdens on AT&T. .................................. 6
 B. Headwater's proposed narrowing schedule does nothing for the Court or AT&T. ................................................................................................................... 9
III. Conclusion .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allergan, Inc. v. Teva Pharms. USA*,
   No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) .................................5

*Antonious v. Spalding & Evenflo Cos.*,
   275 F.3d 1066 (Fed. Cir. 2002) ..............................................................................................6

*Cummins-Allison Corp. v. SBM Co.*,
   2009 WL 806753 (E.D. Tex. Mar. 19, 2009) .......................................................................10

*Fenster Family Patent Holding, Inc. v. Siemens Med. Solutions USA, Inc.*,
   2005 WL 2304190 (D. Del. Sept. 20, 2005) ..........................................................................6

*Havco Wood Prods., LLC v. Indus Hardwood Prods, Inc.*,
   2011 WL 5513214 (W.D. Wis. Nov. 10, 2011) .....................................................................6

*Headwater Research LLC v. AT&T Services Inc., et al*,
   Case No. 2:23-cv-00397 (E.D. Tex.) ......................................................................................8

*Headwater Research LLC v. Samsung Electronics Co., Ltd. et al*,
   Case No. 2:22-cv-00422 (E.D. Tex.) ......................................................................................9

*Headwater Research LLC v. T-Mobile US, Inc. et al*,
   Case No. 2:23-cv-00377 (E.D. Tex.) ......................................................................................8

*Headwater Research LLC v. T-Mobile US, Inc. et al*,
   Case No. 2:23-cv-00379 (E.D. Tex.) ......................................................................................8

*Headwater Research LLC v. Verizon Communications Inc., et al*,
   Case No. 2:23-cv-00352 (E.D. Tex.) ......................................................................................8

*In re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011) ..............................................................................................6

*Oasis Rsch., LLC v. Adrive, LLC*,
   No. 4:10-CV-00435, 2011 WL 7272473 (E.D. Tex. Sept. 13, 2011) .....................................5

*Round Rock Rsch., LLC v. Dell Inc.*,
   No. 4:11-CV-332, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012) .........................................5

*Select Comfort Corp. v. Gentherm, Inc.*,
   2014 WL 4976586 (D. Minn. Oct. 3, 2014) ...........................................................................6

*Stamps.com v. Endicia, Inc.*,
   437 F. App'x 897 ....................................................................................................................6

*TQ Delta, LLC v. CommScope Holding Company, Inc. et al*,
   Cause No. 2:21-cv-00197-JRG (E.D. Tex. May 2, 2022) ........................................................5

AT&T requests entry of a version of the Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs to help put this case into a manageable posture as fact discovery proceeds and before the *Markman* exchanges begin. Headwater is currently asserting **hundreds** of patent claims against **hundreds** of disparate products supplied by **10+** different AT&T vendors. All told, Headwater's 535-page infringement contentions assert **two hundred and eighty-one claims** across just four patents—two hundred and seventy-seven of which are dependent claims. For more than 200 of these claims, Headwater's infringement contentions do nothing besides parrot the claim language and then refer to the evidence cited with respect to other asserted claims.

Standing alone, Headwater's assertion of so many claims, with such little evidence, across so few patents, is unreasonable and overly burdensome to the Court and the parties. These issues are exacerbated by the fact that the asserted patents are uniquely unwieldy—*e.g.*, the claims of U.S. Patent No. 8,589,541 alone make up more than 8,000 words, while its specification spans over 125 columns, nearly seven of which are directed to the incorporation by reference of allegedly related patent applications and publications. *See* Dkt. 1, Ex. 1. (Headwater's Infringement Contentions Cover Document).[1] Worse still, Headwater compounds these problems by asserting its claims against hundreds of products of different types, including, phones, tablets, laptops, watches, and hotspots, from more than 10 of AT&T's vendors.

Headwater knows that its case is too broad and too burdensome. At the case outset, when AT&T told Headwater that the volume of claims it was asserting was not reasonable, and that steps need to be taken to get this case into a more manageable posture, Headwater *agreed* to AT&T's proposal and committed to discuss meaningful claim narrowing "after the new year." Ex. 3 (Davis December 18, 2023, email). Yet, when AT&T engaged with Headwater on the issue by proposing

---

[1] The docket number citations used herein are to Case No. 2:23-cv-00397 unless otherwise noted.

a version of this Court's Model Order, Headwater proposed a schedule where *no claim would be narrowed for six months*, and even then, Headwater would only narrow to 128 claims—*four times* the number of claims allowed under the Model Order. This is not reasonable, particularly when Headwater's infringement contentions reveal that it is citing the same evidence for nearly *all* of its asserted claims.

Because Headwater's proposal would fail to alleviate the significant burdens on both the parties and the Court, AT&T requests that the Court immediately require Headwater to limit its assertions to 32 claims across all patents, and no more than 10 claims from any individual patent, in accordance with the parameters of the Model Order. AT&T is also amenable to any other approach for phased reduction in claims that limits this case to a manageable number of claims to focus the resources of the Court and AT&T.

I.  BACKGROUND

Plaintiff Headwater Research LLC ("Headwater") and its apparent affiliate, Headwater Partners II LLC ("Headwater II"), are non-practicing entities that purport to own patents related to wireless communications. *See, e.g.,* Dkt. 1 (Complaint) at 8-10. Between its two patent-holding entities, Headwater has now asserted no fewer than twelve patent lawsuits against AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Corp. ("AT&T") and others in this District over the last sixteen months—each case implicating several asserted patents and a tremendous volume of asserted claims.[2]

On September 1, 2023, Headwater filed the two instant complaints accusing AT&T of infringing U.S. Patent Nos. 8,589,541 (the "'541 patent"), 8,924,543 (the "'543 patent"), 9,198,042

---

[2] For example, Headwater asserts the same four patents and a nearly identical set of almost three hundred claims against both Verizon and T-Mobile in its separate actions against those entities.

2

(the "'042 patent"), and 9,215,613 (the "'613 patent") (collectively, the "Asserted Patents"). *See* Dkt. 1. On November 2, 2023, the Court consolidated the two cases. *See* Dkt. 25. Later that month, Headwater served its infringement contentions, identifying 281 separate asserted claims across the four Asserted Patents—174 claims from the '541 patent, 68 claims from the '543 patent, 15 claims from the '042 patent, and 24 claims from the '613 patent. Ex. 1 (Headwater's Infringement Contentions Cover Document) at 2.

For each asserted claim, Headwater accuses some combination of more than 200 products (e.g., phones, tablets, laptops, watches, and hotspots) from multiple vendors. *Id*. at 2-9. For most of the asserted claims, Headwater's infringement charts simply reference other similar claims such that in substance Headwater's theories almost entirely overlap. *See, e.g.,* Ex. 2 (Headwater's Infringement Chart for the '541 Patent). However, the slight variations in each claim mean that AT&T must investigate every accused product for every claim asserted. Thus, each claim reduced would alleviate a non-trivial amount of work for AT&T and the Court.

AT&T has repeatedly initiated discussions with Headwater on the topic of reducing the number of asserted claims. Headwater agreed, on December 18, 2023, to discuss meaningfully narrowing the case "after the new year." Ex. 3 (Davis December 18, 2023, email). On January 12, 2024, AT&T wrote to Headwater to propose a plan for narrowing the case based on this Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs (the "Model Order") but did not receive a response. Ex. 4 (AT&T January 12, 2024, Correspondence). AT&T's proposed schedule would have had Headwater making a Preliminary Election of 32 claims 30 days after AT&T served its Invalidity Contentions, and a Final Election of 16 claims 28 days before the service of Expert Reports. AT&T's proposed schedule also included a corresponding limitation on Prior Art. On January 22, AT&T again inquired as to whether Headwater was amenable to the

3

proposed schedule. Ex. 5 (Churchman January 22, 2024, email). After receiving no response, AT&T reached out once again on January 25 requesting to meet and confer on the issue. Ex. 6 (Mathews January 25, 2024, email). The meeting occurred on January 29, but the parties were unable to come to an agreement, as Headwater's proposed solution was unreasonable.

Specifically, Headwater proposed the following process:[3]

- No later than 14 days after submission of the parties' Joint Claim Construction Statement, Headwater would serve its First Election of Asserted Claims, identifying no more than 128 total asserted claims across all patents. (**September 27, 2024**).

- No later than 14 days after Headwater's First Election, AT&T would serve its First Election of Prior Art, identifying no more than 64 total references across all patents.

- No later than 28 days before the service of opening expert reports, Headwater would serve its Second Election of Asserted Claims, identifying no more than 64 total asserted claims across all patents. (**December 18, 2024**)

- No later than 28 days after Headwater's Second Election, AT&T would serve its Second Election of Prior Art, identifying no more than 32 total references across all patents.

Ex. 7 (Davis February 5, 2024, email).

AT&T cannot accept Headwater's proposal because it does not include a meaningful reduction of claims, and it occurs far too late in the process to reduce any significant costs on the parties and the Court. In this case, the *Markman* hearing is set to occur unusually late in the schedule—*i.e.*, more than 90% of the way through the fact discovery window. Thus, postponing

---

[3] AT&T has added the bolded language, which applies Headwater's proposal to the corresponding dates in the Court's Docket Control Order, for clarity. *See* Dkt. 41.

case narrowing until dates keyed off this hearing would allow Headwater to assert 281 claims for another six months and put an enormous burden on AT&T in discovery. It would also allow Headwater to conceal the claims it intends to assert at trial and focus its resources while AT&T must conduct discovery on and address the entire breadth of these overlapping and interconnected claims. Moreover, Headwater proposes to keep 128 claims live through the claim construction process, only to drop 64 claims two weeks after the hearing. Preparing positions, conducting discovery, and drafting tentative constructions on terms for more than 100 claims, only to have Headwater abandon half of those claims shortly after the *Markman* hearing, would undeniably waste the resources of the Court and AT&T.

**II.     ARGUMENT**

This Court routinely grants requests to limit the number of claims in cases where Plaintiffs have likewise asserted an unreasonable number of overlapping claims. *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *1 (E.D. Tex. Jan. 26, 2017) (collecting cases); Order Focusing Patent Claims and Prior Art, *TQ Delta, LLC v. CommScope Holding Company, Inc. et al*, Cause No. 2:21-cv-00197-JRG (E.D. Tex. May 2, 2022); Order, *TQ Delta, LLC v. CommScope Holding Company, Inc. et al.*, Cause No. 2:21-cv-00197-JRG (E.D. Tex. June 2, 2022) (applying the Model Order to a case initially involving 128 claims and characterizing the model order as "the minimum threshold for narrowing"); Order Focusing Patent Claims and Prior Art to Reduce Costs, *Hy-Ko Products Company LLC v. The Hillman Group*, Cause No. 2:21-cv-00197-JRG (E.D. Tex. Dec. 9, 2021) (limiting plaintiff to 32 claims in a matter initially involving 67 claims). This Court frequently emphasizes the need to "limit the number of asserted claims in cases for patent infringement when the number of claims is so large as to make the case inefficient and unmanageable." *Oasis Rsch., LLC v. Adrive, LLC*, No. 4:10-CV-00435,

5

2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011); *Round Rock Rsch., LLC v. Dell Inc.*, No. 4:11-CV-332, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012) (same).

There is clear support from the Federal Circuit for this practice. "The Federal Circuit has held that district courts possess the authority and discretion to reasonably limit the number of claims asserted in patent infringement actions, subject to due process considerations." *Select Comfort Corp. v. Gentherm, Inc.*, 2014 WL 4976586 (D. Minn. Oct. 3, 2014) (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011)). The Federal Circuit has routinely enforced reducing the number of asserted claims early in the case, and to a lower number even than that which is requested by AT&T. *In re Katz*, 639 F.3d at 1311 (affirming District Court's reduction to 16 claims per defendant in order to narrow the dispute); *Stamps.com v. Endicia, Inc.*, 437 F. App'x 897, 902-3 (affirming District Court's reduction of claims to 15 total). A significant reduction in claims at this point is entirely "appropriate from the viewpoint of the typical patent litigation." *Fenster Family Patent Holding, Inc. v. Siemens Med. Solutions USA, Inc.*, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005); *Havco Wood Prods., LLC v. Indus Hardwood Prods, Inc.*, 2011 WL 5513214, at *6 (W.D. Wis. Nov. 10, 2011) (reducing 125 claims across 5 patents to 15).

    A.    **The Court should adopt AT&T's proposed schedule for narrowing claims to alleviate the significant and lopsided burdens on AT&T.**

As the Court knows, every day of litigating a case with 281 live claims imposes significant a tremendous, and here unnecessary, burden on AT&T. Litigating even a "single claim … may occasion the expenditure of hundreds or thousands of hours, as opposing counsel try to verify or refute the allegations and theories." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002) (internal quotation omitted). The burden is only increased by the over 200 products accused by Headwater.

6

AT&T thus proposes a schedule for limiting claims that allows the Court and AT&T to focus resources and argument on the claims that Headwater will assert at trial. AT&T requests that this Court enter a modified version of its Model Order and require Headwater to make a Preliminary Election of Asserted Claims, asserting no more than ten claims from each patent and not more than a total of 32 claims. AT&T further requests that Headwater be required to make a Final Election of Asserted Claims, identifying no more than five asserted claims per patent and no more than a total of 16 total claims, no later than 28 days before the service of Expert Reports.[4] AT&T's approach would reduce the excessive costs on AT&T in navigating discovery and embarking on the claim construction process for all of the nearly 300 asserted claims, a huge portion of which will be dropped before trial.

The Court should order Headwater to limit its claims now because waiting until the conclusion of claim construction discovery (as contemplated by the Court's Model Order) would not alleviate much of any burden for any party. As mentioned, the *Markman* hearing is set to occur very late in the case schedule—*i.e.*, more than 90% of the way through the fact discovery window.

Narrowing at this stage is especially appropriate given the lopsided way in which Headwater seems poised to litigate the case. For example, on January 12, 2024, AT&T served eighteen interrogatories on topics ranging from prior licenses to factual allegations made in Headwater's Complaints. Headwater failed to provide even a single meaningful response. Instead, Headwater repeatedly stated only that it would produce documents relevant to AT&T's requests on some undefined future date. Ex. 8 (Headwater's Objections and Responses to AT&T's First Set

---

[4] To be clear, AT&T does not seek any additional narrowing beyond the terms of the Model Order. AT&T is simply requesting that the first round of narrowing (including AT&T's own narrowing of prior art selections) occur sooner to avoid the unnecessary burden of investigating and litigating hundreds of claims. AT&T is also amenable to any other phased solution that makes the claims in this case manageable and proportional.

7

of Interrogatories). To date, Headwater has provided no supplement. Moreover, Headwater's Infringement Contentions accuse over 200 products, referencing overlapping evidence for most claims, and do not provide Defendants with sufficient information to understand the specific accused features and components and Headwater's theories for numerous limitations in each patent. For more than 200 of the Asserted Claims, Headwater's contentions make no unique allegations of infringement. AT&T is, therefore, in the dark as to whether Headwater believes these claims are simply duplicative of the first, or if not, how they are uniquely infringed.[5] Each of the asserted claims has a slightly different scope, which means that AT&T must defend against allegations of infringement for each claim without the guidance of an articulated infringement theory for each claim. Headwater's gamesmanship—seeking to inflict the maximum possible burden on AT&T at each opportunity, while at the same time failing to meet even the bare minimum of its own obligations—provides yet another reason why the Court should force Headwater to narrow its assertions at this stage of the case.

Finally, Headwater will not be prejudiced by this schedule because it is uniquely positioned to engage in claim narrowing at this stage. Headwater asserts the same claims and the same infringement theories on the same accused products against Verizon and T-Mobile,[6] and

---

[5] If the dependent claims are entirely duplicative, then Headwater suffers no prejudice by eliminating them from this case.

[6] *See* Dkt. 1 (Complaint), *Headwater Research LLC v. Verizon Communications Inc., et al*, Case No. 2:23-cv-00352 (E.D. Tex.); Dkt. 1 (Complaint), *Headwater Research LLC v. T-Mobile US, Inc. et al*, Case No. 2:23-cv-00377 (E.D. Tex.); Dkt. 1 (Complaint), *Headwater Research LLC v. T-Mobile US, Inc. et al*, Case No. 2:23-cv-00379 (E.D. Tex.); *Compare* Dkt. 1-6, 1-9 (Complaint Exs. 6, 9), *Headwater Research LLC v. Verizon Communications Inc., et al*, Case No. 2:23-cv-00352 (E.D. Tex.) *with* Dkt. 1-3, 1-4 (Complaint Exs. 3-4), *Headwater Research LLC v. AT&T Services Inc., et al*, Case No. 2:23-cv-00397 (E.D. Tex.) (advancing nearly identical evidence and infringement theories for the '541 and '613 patents against Verizon and AT&T).

8

Headwater's Verizon case is more than two months ahead of the case against AT&T.[7] Headwater also asserts similar patent claims against other related entities on even earlier schedules.[8] In each of these earlier assertions, Headwater asserts overlapping claims against a significant subset of the very same products at issue in this case against AT&T (e.g., Apple and Android phones sold by Verizon). Thus, Headwater already knows or should know from these other cases which claims it will bring to trial here. Headwater has also now had the benefit of AT&T's invalidity contentions for more than two months, and Verizon's invalidity contentions for nearly four months, providing yet another reason why Headwater should already be able to make an informed decision as to which claims it wants to keep in this case.

### B. Headwater's proposed narrowing schedule does nothing for the Court or AT&T.

Headwater's proposed solution is no solution at all. This Court's Model Order calls for an initial limitation to 32 claims (exactly one fourth of the claims proposed by Headwater) at the end of claim construction discovery. Headwater's proposal, by contrast, permits Headwater to retain 128 claims through the entire claim construction process. Under Headwater's proposal, then, AT&T would have to prepare briefing and articulate positions on claim terms *for 128 claims* while Headwater can prioritize only the claims it wishes to assert at trial. This timeline is much too late

---

[7] *See* Dkt. 42 (Docket Control Order), *Headwater Research LLC v. Verizon Communications Inc., et al,* Case No. 2:23-cv-00352 (E.D. Tex.)

[8] *See* Dkt. 42 (Second Amended Complaint), *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al*, Case No. 2:22-cv-00422 (E.D. Tex.); *compare* Ex. 9 (U.S. Patent No. 9,143,976) at Claims 1, 4 and 6 *with* Ex. 10 (the '613 patent) at Claim 1 (including overlapping claim limitations on WWAN and WLAN modems, foreground application classification, user interfaces, and network type classification); *compare* Ex. 11 (the '541 patent) at Claim 1 *with* Ex. 12 (U.S. Patent No. 11,405,224) at Claim 3 (including overlapping claim elements directed to managing service usage activity based on a foreground/background classification of the application's activity).

9

to reduce the burden on AT&T and on third parties with products at issue since AT&T would still be forced to conduct extensive discovery and prepare expert opinions on a huge number of claims that Headwater will ultimately drop.

Furthermore, the Court will bear the burden of considering that briefing and preparing for the hearing, only to have Headwater decide, *two weeks later*, to drop half of those claims—instantly mooting what could be a significant number of claim term disputes. This proposal appears to be designed specifically to waste the resources of the Court and AT&T.

Finally, Headwater's proposal would improperly hide from AT&T which patent claims are most likely to be asserted at trial. *Cummins-Allison Corp. v. SBM Co.*, 2009 WL 806753, at *2 (E.D. Tex. Mar. 19, 2009) (explaining that by asserting 116 claims, plaintiff "engaged in a game of 'hide the ball' to divert Defendant from the actual claims Plaintiff will assert at trial"). Especially given Headwater's overlapping assertions in other cases, Headwater likely already knows which claims it will assert at trial. At the very least, Headwater should be able to identify its best claims long before the proposed narrowing date in September.

### III. CONCLUSION

Headwater will present only a minute fraction of its 281 asserted claims at trial. Its continued assertion of all these claims is, therefore, unduly burdensome and unreasonable. Headwater's hide-the-ball strategy is also unfair, and it wastes the resources of both AT&T and the Court. Headwater has access to all the information it needs to make an informed claim reduction decision today, and so it will suffer no prejudice from an immediate reduction in claims. Accordingly, AT&T respectfully requests that the Court either order Headwater to drop to 32 claims immediately, or to initiate any other phased reduction the Court deems appropriate.

Dated: April 11, 2024

Respectfully submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@mckoolsmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Hess
Texas State Bar No.
khess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Kaylee E. Hoffner
Texas State Bar No. 24127036
khoffner@McKoolSmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**AT&T CORP., AT&T MOBILITY LLC, AND AT&T SERVICES INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 11, 2024.

*/s/ Nicholas Mathews*
Nicholas Mathews

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for Defendants conferred with counsel for Plaintiff regarding this Motion. Counsel for Plaintiff indicated that they oppose the relief sought herein.

*/s/ Nicholas Mathews*
Nicholas Mathews
