# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Civil Action No. 2:23-cv-00397-JRG-RSP (Lead Case) |
| vs. | **JURY TRIAL DEMANDED** |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | |
| Defendants. | |
| HEADWATER RESEARCH LLC, | Civil Action No. 2:23-cv-00398-JRG-RSP (Member Case) |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | |
| Defendants. | |

**PLAINTIFF HEADWATER RESEARCH LLC'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-18)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Headwater Research LLC ("Headwater") responds to Defendants AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Corp.'s (collectively, "Defendants" or "AT&T") First Set of Interrogatories (the "Requests") as follows:

Headwater's search for information is ongoing. Headwater reserves the right to rely on facts, documents, or other evidence that may develop or come to Headwater's attention at a later time. Headwater's responses are based on information presently known to Headwater and are set forth without prejudice to Headwater's right to assert additional objections and/or supplementary responses should Headwater discover additional documents, information or grounds for

objections. Headwater reserves the right to supplement or amend its responses to the Requests at any time prior to the trial in this action.

Specific objections to each Request are made on an individual basis in Headwater's responses below. In addition to the specific objections, Headwater makes certain general objections (the "General Objections") to the Requests. These General Objections are hereby incorporated by reference into the specific response made to each separate Request. For particular emphasis, Headwater has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below. Headwater's response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion in any response below of any specific objection to a specific Request is neither intended as, nor shall in any way be deemed, waiver of any General Objection or of any other specific objection made.

## PRELIMINARY STATEMENT

The following responses, while based on diligent investigation by Headwater, are necessarily supported only by those facts and writings presently and specifically known and readily available. Headwater has not completed their investigation of all facts related to the subject matter of this action or discovery. Headwater expressly reserves their right (a) to object on any ground to the Requests; (b) to revise, correct, supplement or clarify any responses and answers at any later date; or (c) to produce at any stage of the proceedings, including at the hearing, evidence of facts or information that Headwater may later recall or discover; and nothing herein should be construed as a waiver thereof. By providing responsive information, Headwater does not concede that any such information is admissible. Further, Headwater does not waive any objection, whether or not asserted here, to the use or admissibility of such information and

documents during these proceedings, including objections as to competence, authenticity, relevance, materiality, and admissibility.

Moreover, no incidental or implied admissions are intended by the answers below. The fact that Headwater has answered or objected to all or part of a Request should not be construed as an admission that Headwater accepts or admits the existence of any purported facts set forth or assumed by such Request or that Headwater has waived any part of any objection to the Request.

## **GENERAL OBJECTIONS**

The following objections apply to and are incorporated into each and every one of the following answers and objections, and failure to repeat an objection in an answer to a specific Request shall not be deemed a waiver of these general objections:

1.      Headwater objects to these Requests to the extent that they Request the disclosure of information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, mediation privilege, or any other privilege or immunity. Headwater hereby asserts all such applicable privileges and protections, and will not produce privileged and protected information in response to these Requests. Unless explicitly stated, any production of privileged or protected information is inadvertent and should not be construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or doctrine.

2.      Headwater objects to the Requests, including your Definitions and Instructions, to the extent they attempt to impose any obligations on Headwater beyond and/or inconsistent with those set forth in the District's local rules, the Court's rules and orders, and the schedule issued in this case.

3.      Headwater objects to the Requests to the extent that they seek information that is

not within the present possession, custody or control of Headwater. Headwater will use reasonable diligence to locate information that are within its possession, custody and control.

4.      Headwater objects to these Requests to the extent that they seek information or documents already in the possession of or more readily available to you, in the public domain, or equally available to you as they are to Headwater.

5.      Headwater objects to the Requests to the extent that they call for the premature disclosure of expert discovery, such as undisclosed expert opinions or work product.

6.      Headwater objects to these Requests to the extent that they assume facts not in evidence.

7.      Headwater objects to the Definitions and Instructions as unduly burdensome. Headwater will comply with its obligations pursuant to the Federal Rules of Civil Procedure and applicable local rules, if any.

8.      Headwater objects to the Requests to the extent that they call for a legal conclusion.

9.      Headwater objects to the Requests to the extent that they are not limited in temporal scope.

10.     Headwater objects to these Requests to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to Headwater.

11.     To the extent these Requests seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), Headwater objects to these Requests as premature and improper discovery of expert opinion.

12.     Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), Headwater states that it

will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Requests. However, Headwater reserves the right to supplement its responses as additional information about other potentially responsive information from other sources that are not reasonably accessible becomes known.

13.     Headwater objects to the Requests to the extent they seek "all" information in relation to a topic; such Requests are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

14.     Headwater further objects to the Requests to the extent they are compound and contain multiple subparts.

15.     By responding to your Requests, Headwater does not waive any objection that may be applicable to: (a) the use, for any purpose, by you of any information provided; (b) the admissibility, relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

16.     Headwater objects to the definitions of "you," "Headwater," and "your" as vague, ambiguous, overbroad, unduly burdensome, and/or seeking documents that are not proportional to the needs of the case because of its inclusion of... In responding to these Requests, Headwater understands these terms refer to the plaintiff in this action, Headwater Research LLC.

17.     Headwater objects to the definition of the term "Prior Art" as overbroad and unduly burdensome. Headwater will interpret the term using its legal, common and ordinary meaning.

18.     Headwater objects to your Instructions as overbroad, unduly burdensome and

5

calling for a legal conclusion. Headwater will provide responses and produce documents,

subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure,

the rules of this District and any court orders.

## OBJECTION AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each Asserted Claim of each Patent-in-Suit identify the priority date to which You contend the Asserted Claim is entitled and the foundation therefor, including an identification of the earliest-filed patent application that You contend the claim is entitled to claim priority to and on an element-by-element basis the portions of that application's specification (by column and line number and/or figure) that support each element of the Asserted Claim.

### RESPONSE TO INTERROGATORY NO. 1

Headwater objects to this Interrogatory to the extent it seeks information that is protected

by the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly

burdensome. Headwater further objects to this Interrogatory to the extent that it seeks

information in Defendants' possession, custody or control, or that is equally accessible to

Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession,

custody, and control. Headwater further objects to this Interrogatory as premature and calling for

improper discovery of expert opinion. Headwater further objects to this Interrogatory as

requiring the determination of predicate legal conclusions. Headwater further objects to this

Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it

intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Headwater further objects to this Interrogatory as compound and containing multiple subparts.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including the provisional applications to which the Asserted Patents claim priority. Each of the asserted claims of the Asserted Patents are supported by adequate written description in those applications. Further, AT&T has not identified to Headwater any basis to contend that any of the Asserted Patents are not entitled to any particular priority date. To the extent AT&T articulates any such contention, Headwater reserves its right to supplement this response as permitted by the Court's rules, procedures, and the schedule in this case.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 2:

For each of the Asserted Claims on a claim-by-claim basis, describe and provide corroborating evidence for the circumstances of and claimed conception and reduction to practice, including the specific date of such conception, the specific date of actual or constructive reduction to practice, all acts Headwater contends represent diligence from conception to first and actual reduction to practice and diligence from conception to constructive reduction to practice and any Persons with knowledge of the conception and reduction to practice. For clarity, the description should include (on a claim-by-claim basis) an identification of all Documents and things evidencing and Persons knowledgeable about conception, reduction to practice (including a claim chart identifying each passage or excerpt that teaches each element of each asserted claim), and diligence.

## RESPONSE TO INTERROGATORY NO. 2

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to this Interrogatory as compound and containing multiple subparts.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including the provisional applications to which the Asserted Patents claim priority. Each of the asserted claims of the Asserted Patents are supported by adequate written description in those applications. Further, AT&T has not identified to Headwater any basis to contend that any of the Asserted Patents are not entitled to any particular priority date. To the extent AT&T articulates any such contention, Headwater reserves its right to supplement this response as permitted by the Court's rules, procedures, and the schedule in this case.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**<u>INTERROGATORY NO. 3:</u>**

For each Asserted Claim, state when, where, by whom, and under what terms the alleged invention, in whole or in part, was first publicly disclosed, demonstrated, used, sold, given away, or offered for sale by an inventor or any other Person. For clarity, this includes (on a claim-by-claim basis) an identification of all Documents and things evidencing and Persons knowledgeable about each such demonstration, use, disclosure, sale, gift, or offer for sale.

## RESPONSE TO INTERROGATORY NO. 3

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 4:

For each Asserted Claim, describe any secondary considerations (also known as objective indicia) relating to the alleged non-obviousness of the claimed subject matter, including without limitation (i) any alleged long felt but unfulfilled need, failure of others, commercial success, commercial acquiescence, licensing, professional approval, lack of contemporaneous invention, copying, or laudatory statements by others, and (ii) any alleged nexus to the claimed subject matter for the same. For clarity, this includes (on a claim-by-claim basis) an identification of all Documents and things evidencing and Persons knowledgeable about any such secondary

considerations.

**RESPONSE TO INTERROGATORY NO. 4**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co*., 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from the following Headwater has or will produce, including

HW397-00000001-HW397-00006975. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 5:**

For each Patent-in-Suit, (i) identify any and all products or systems manufactured, sold, or used by any Person that has embodied, practiced, fallen within the scope of, or used any Asserted Claim, including but not limited to any product identified in Your Patent Rule 3-1(f) disclosure and Your reference to the "software and services" that "and implemented Headwater's technology" in Paragraph 14 of Your complaint; (ii) all products or systems marked with the number of the Patent-in-Suit; and (iii) all efforts You have taken to ensure that all products and systems identified in (i) are marked with the number of the Patent-in-Suit.

**RESPONSE TO INTERROGATORY NO. 5**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

The ItsOn software may incorporate or reflect the asserted claims of the Asserted Patents. The ItsOn application included a link to http://www.itsoninc.com/patent-notices, which provided notice of Headwater's patents.

Headwater is not aware of any unmarked products that practice the patents-in-suit sold in the United States.  Headwater has engaged in reasonable efforts to mark articles which may practice its issued patents, including, for example, requiring its licensee, ItsOn, to mark ItsOn articles the patent numbers of Headwater's issued patents which are practiced by said articles.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 6:**

State the date and provide a detailed description of all facts and circumstances relating to how You contend AT&T first became aware of each Patent-in-Suit and was provided with notice of the alleged infringement. If You contend that You provided actual notice to AT&T before filing the Complaints in this Action, Your answer should include an identification of all Documents and things evidencing and Persons knowledgeable about such actual notice.

**RESPONSE TO INTERROGATORY NO. 6**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to

Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 7:**

Provide a detailed description of all facts and circumstances, all related documents, and the identification of all persons involved in the alleged meeting referenced in Paragraphs 22-27 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this

13

Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 8:**

State the relationship, formal or informal, between ItsOn Inc., and Headwater. For clarity, this includes, but is not limited to, any shared financial or ownership interests in the Patents-in-Suit; assignment, license, or conveyances of any interest in each Patent-in-Suit between the entities; and any other agreements between the entities.

**RESPONSE TO INTERROGATORY NO. 8**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: In 2008, Dr. Raleigh founded ItsOn Inc., which licensed Headwater's intellectual property and implemented Headwater's technology into software and services that expanded cellular service plan offerings and improved device and data management capabilities. Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Headwater also incorporates by reference its responses to Interrogatory No. 9.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 9:

For each Patent-in-Suit, provide a detailed description of all facts and circumstances relating to ownership of any interest (at any time) in the Patents-in-Suit. For clarity, this includes an identification of all Persons You are aware of who (at any time) had any interest in each Patent-in-Suit, including any financial interest in any recovery therefrom; an identification of each assignment, license, or conveyance (of any kind and at any time) of any interest in each Patent-in-Suit; a detailed description of all facts and circumstances relating to each assignment, license, or conveyance (of any kind and at any time) of any interest in each Patent-in-Suit; an identification of all predecessors-in-interest; and an identification and detailed description of all Documents and things evidencing and Persons knowledgeable about any alleged basis of ownership in each Patent-in-Suit by You.

## RESPONSE TO INTERROGATORY NO. 9

Headwater objects to this Interrogatory to the extent it seeks information that is protected

by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including the asserted patents and the publicly available USPTO assignment histories of the asserted patents and patents/applications to which they claim priority. In addition, Headwater is wholly owned by Headwater Innovations LLC, Russ August & Kabat PC has a financial interest in the outcome of this litigation. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 10:**

For each Patent-in-Suit, identify and describe in detail all Agreements or offers to make an Agreement between Headwater and/or any third party relating to any Patent-in-Suit, including all

licenses, cross licenses, covenants-not-to-sue, settlements, stand-stills, supply agreements, or other agreements conferring any rights or obligations concerning or relating to any of the Patents-in-Suit including by identifying (i) the date and parties to each agreement, (ii) the dates on which negotiations began and ended, (ii) all Persons involved with negotiations or the decision to negotiate, (iii) all Documents exchanged during negotiations, (iv) the terms of each agreement, including all proposed financial terms (v) and Documentation or agreements supporting the proposed financial terms, including any royalty or royalty rate, (vi) when Headwater first became aware of the agreement, and (vii) the Person(s) most knowledgeable about each agreement.

## RESPONSE TO INTERROGATORY NO. 10

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as compound and containing multiple subparts. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including: HW379-00000001-HW379-00006975. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Headwater incorporates its infringement contentions.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 11:

For each Asserted Claim and each Accused Product, state the complete factual and legal basis for any contention that AT&T indirectly infringes under 35 U.S.C. §§ 271(b)-(c) by knowingly and intentionally inducing or contributing to direct infringement. For clarity, this includes an identification of each activity You contend supports indirect infringement and the identity of the Person performing each such activity; an identification of all Persons with knowledge of and Documents relating to such activity; and an identification and detailed description of all Documents and things evidencing and Persons knowledgeable about why the Accused Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.

## RESPONSE TO INTERROGATORY NO. 11

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

18

Defendants have knowingly and intentionally induced and contributed to infringement of the '541 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). For example, Defendants have had knowledge of or were willfully blind to the '541 patent and the infringing nature of the Accused Instrumentalities at least because the ItsOn software included a patent marking notice which listed the '541 patent and patents in the same family as the '541 patent. Similarly, Defendants have had knowledge of or were willfully blind to the '541 patent and the infringing nature of the Accused Instrumentalities at least because of communications by and among ItsOn, Headwater, and AT&T discussing ItsOn's and Headwater's intellectual property, including pending patent applications (such as the application which led to the issuance of the '541 patent) and issued patents (including the '541 patent), during the 2009-2011 timeframe.  Additionally, on information and belief AT&T has cited this specification in at least one other AT&T patent, which issued after the '541 patent.

Despite this knowledge of the '541 patent, Defendants have continued to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '541 patent. These acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education, and instructions to its customers; and providing the Accused Instrumentalities to customers. Defendants have done so knowing and intending that their customers would commit these infringing acts. Defendants have also continued to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '541 patent, thereby specifically intending for and inducing their customers to infringe the '541 patent through the customers' normal and customary use of the Accused Instrumentalities.

Defendants have also knowingly and intentionally induced and contributed to

infringement of the '543 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). For example, Defendants have had knowledge of or were willfully blind to the '543 patent and the infringing nature of the Accused Instrumentalities at least because the ItsOn software included a patent marking notice which listed the '543 patent and patents in the same family as the '543 patent. Similarly, Defendants have had knowledge of or were willfully blind to the '543 patent and the infringing nature of the Accused Instrumentalities at least because of communications by and among ItsOn, Headwater, and AT&T discussing ItsOn's and Headwater's intellectual property, including pending patent applications (such as the application which led to the issuance of the '543 patent) during the 2009-2011 timeframe. Additionally, on information and belief, AT&T has cited this specification in at least one patent which issued after the '543 patent was published and granted.

Despite this knowledge of the '543 patent, Defendants have continued to actively encourage and instruct their customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '543 patent. These acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education, and instructions to its customers; and providing the Accused Instrumentalities to customers. Defendants have done so knowing and intending that their customers will commit these infringing acts. Defendants have also continued to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '543 patent, thereby specifically intending for and inducing their customers to infringe the '543 patent through the customers' normal and customary use of the Accused Instrumentalities.

Defendants have also knowingly and intentionally induced and contributed to infringement of the '042 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). For example,

Defendants have had knowledge or were willfully blind of the '042 patent and the infringing nature of the Accused Instrumentalities at least because the ItsOn software included a patent marking notice which listed patents in the same family as the '042 patent. Similarly, Defendants have had knowledge or were willfully blind of the '042 patent and the infringing nature of the Accused Instrumentalities at least because of communications by and among ItsOn, Headwater, and AT&T discussing ItsOn's and Headwater's intellectual property, including pending patent applications (such as the application which led to the issuance of the '042 patent) during the 2009-2011 timeframe. Additionally, on information and belief, AT&T has cited this specification in at least one other AT&T patent, which issued after the '042 patent was issued.

Despite this knowledge of the '042 patent, Defendants have continued to actively encourage and instruct their customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '042 patent. These acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education, and instructions to its customers; and providing the Accused Instrumentalities to customers. Defendants have done so knowing and intending that their customers will commit these infringing acts. Defendants have also continued to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '042 patent, thereby specifically intending for and inducing their customers to infringe the '042 patent through the customers' normal and customary use of the Accused Instrumentalities.

Defendants have also knowingly and intentionally induced and contributed to infringement of the '613 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). For example, Defendants have had knowledge of or were willfully blind to the '613 patent and the infringing nature of the Accused Instrumentalities at least because the ItsOn software included a patent

marking notice which listed patents in the same family as the '613 patent. Similarly, Defendants have had knowledge of or were willfully blind to the '613 patent and the infringing nature of the Accused Instrumentalities at least because of communications by and among ItsOn, Headwater, and AT&T discussing ItsOn's and Headwater's intellectual property, including pending patent applications (such as the application which led to the issuance of the '613 patent) during the 2009-2011 timeframe. Additionally, on information and belief, AT&T has cited this specification in at least one other AT&T patent, which issued after the '613 patent.

Despite this knowledge of the '613 patent, Defendants have continued to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '613 patent. These acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education, and instructions to its customers; and providing the Accused Instrumentalities to customers. Defendants have done so knowing and intending that their customers would commit these infringing acts. Defendants have also continued to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '613 patent, thereby specifically intending for and inducing their customers to infringe the '613 patent through the customers' normal and customary use of the Accused Instrumentalities.

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has or will produce. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control. Headwater incorporates its infringement contentions.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 12:**

For each Patent-in-Suit, identify any validity or invalidity analysis(-es), any enforceability or unenforceability analysis(-es), and infringement or noninfringement analysis(-es), and analysis(-es) or statement(s) related to patent value (or lack thereof) that You are aware of. For clarity, this includes any such analysis(-es), Document(s), or statement(s) brought to Your attention by a third party, and a description of the circumstances under which You acquired this knowledge.

**RESPONSE TO INTERROGATORY NO. 12**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co.*, 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2*

*Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including the asserted patents, the publicly available prosecution histories of the asserted patents, and invalidity contentions produced by Verizon and T-Mobile, who are also accused of infringing the asserted patents (non-confidential copies of which will be produced). Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 13:**

For each Patent-in-Suit, state the complete factual and legal bases for any Headwater claim for injunctive relief, enhanced damages, monetary damages, or any other relief against AT&T, including, without limitation: (a) an identification of each damages theory You contend should be used in the damages calculation (e.g., reasonable royalty, lost profits, etc.); (b) the specific inputs that You contend should be used under each such theory in the damages calculation (e.g., for each Accused Product, the royalty rate on net sales, and the alleged royalty base, including whether You contend that the entire market rule applies); (c) the incremental value You contend each Patent-in-Suit contributes to each Accused Product; (d) the date(s) on which You contend damages should begin and the factual bases supporting such dates; (e) the amount of damages attributable to each Accused Product; and (f) an identification of all Documents and things on which such calculations are based.

**RESPONSE TO INTERROGATORY NO. 13**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks

information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co*., 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has or will produce, including the Complaint filed in this action, Headwater's infringement contentions, and documents produced at: HW397-00000001-HW397-00006975. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 14:**

For each Patent-in-Suit, describe in detail Headwater's method of calculating damages, including but not limited to the identification of any applicable hypothetical negotiation dates; the smallest saleable patent-practicing unit for each Asserted Claim; whether or not Headwater contends the entire market value rule is applicable and, if so, the justification for applying it; any applicable royalty rate and royalty base; the availability or non-availability of non-infringing alternatives; any licenses on which Headwater may rely; all facts on which Headwater will rely to apportion the value of the patented features of the Accused Products from any unpatented features; all facts on which Headwater will rely to determine any incremental value that Headwater contends the subject matter claimed in the Patents-in-Suit adds to the Accused Products; and all other facts on which Headwater will rely as relevant to calculating damages for the alleged use of the Asserted Claims, and identify all documents or things that refer or relate to the subject matter of this interrogatory.

**RESPONSE TO INTERROGATORY NO. 14**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet

commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co.*, 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has or will produce, including the Complaint filed in this action, Headwater's infringement contentions, and documents produced at: HW397-00000001-HW397-00006975. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 15:

For each Accused Product, state whether Headwater contends that any of the alleged inventions of the Patents-in-Suit drives the sales of or demand for that Accused Product and describe the legal and factual basis for that contention, including identification of the alleged invention of the Patents-in-Suit, all documents that support Your contention, and all witnesses with knowledge relevant to such facts and/or documents.

## RESPONSE TO INTERROGATORY NO. 15

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to

Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co*., 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Headwater contends that the alleged inventions of the Patents-in-Suit drive sales of and demand for the Accused Products. Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from the following Headwater has produced or will produce, including Headwater's Complaint, infringement contentions, and documents produced at HW397-00000001-HW397-00006975. Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control. Headwater also incorporates by reference its responses to Interrogatory No. 4.

Discovery in this case is ongoing, and Headwater reserves the right to amend or

supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 16:**

For each Accused Product, describe in detail Headwater's monetary valuation of each of the allegedly infringing features of the Accused Product, including but not limited to providing the valuation and the full and complete basis for the valuation, identifying any assessments, analyses, studies, forecasts, plans, reports, valuations, projections, evaluations, expectations, presentations, proposals, or discussions of the actual or projected monetary value of each of the allegedly infringing features; and identify all documents and things related to such valuation.

**RESPONSE TO INTERROGATORY NO. 16**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including HW397-00000001-HW397-00006975.

Discovery in this case is ongoing, and Headwater reserves the right to amend or

29

supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 17:**

For each Accused Product, describe the circumstances under which Headwater first became aware of the Accused Product's alleged infringement, including but not limited to the date(s) upon which Headwater first became aware of the Accused Product; the date upon which Headwater first became aware that the Accused Product allegedly infringed any claim of the Patents-in-Suit; any investigations, reverse engineering, analyses, tests, or studies done on the Accused Product by or on behalf of Headwater with respect to possible infringement of any claim of the Patents-in-Suit, including without limitation the date, procedures, and results of such analyses, tests, or studies; and an identification of all persons involved in any such analyses, tests, or studies and any documents or things that refer or relate to the subject matter of this interrogatory.

**RESPONSE TO INTERROGATORY NO. 17**

Headwater objects to this Interrogatory to the extent it seeks information that is protected

by the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly

burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks

information in Defendants' possession, custody or control, or that is equally accessible to

Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession,

custody, and control. Headwater further objects to this Interrogatory as premature and calling for

improper discovery of expert opinion. Headwater further objects to this Interrogatory as

requiring the determination of predicate legal conclusions. Headwater further objects to this

Interrogatory as compound and containing multiple subparts. Headwater further objects to this

Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it

intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this

interrogatory may be ascertained from documents Headwater has produced or will produce.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 18:**

With the exception of Defendants' Invalidity Contentions in this action, explain in detail the facts and circumstances concerning any instance in which any person, whether or not a party to this action, has contended (orally, in writing, or otherwise), that a Patent-in-Suit or any Asserted Claim is unpatentable, invalid, or unenforceable, including an identification of the person(s) who made such contention and a description of the contention; and identify all documents and things related to such contention(s).

**RESPONSE TO INTERROGATORY NO. 18**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce,

including the asserted patents, the publicly available prosecution histories of the asserted patents, and invalidity contentions produced by Verizon and T-Mobile, who are also accused of infringing the asserted patents (non-confidential copies of which will be produced). Responsive information may also be ascertained from documents and information in AT&T's possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

Dated:   February 12, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on  February 12, 2024 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

/s/ Marc Fenster
Marc Fenster