# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | Case No. 2:23-cv-00397-JRG-RSP |
| Plaintiff, | **LEAD CASE** |
| v. | |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | **JURY TRIAL DEMANDED** |
| Defendants. | |
| HEADWATER RESEARCH LLC, | Case No. 2:23-cv-00398-JRG-RSP |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | |
| Defendants. | |

### PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' MOTION TO FOCUS PATENT CLAIMS

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................. 1

II.   BACKGROUND ................................................................................................................. 1

III.  ARGUMENT ....................................................................................................................... 3

IV.   CONCLUSION ................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharms. USA*,
  No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ........................... 4, 5, 6

*CogniPower LLC v. Samsung Electronics Co., Ltd.*,
  No. 2:23-CV-00160-JRG Dkt. 62 (E.D. Tex. Oct. 6, 2023) ..................................................... 4

*Hy-Ko Products Co. LLC v. The Hillman Group, Inc.*,
  No. 2:21-cv-00197-JRG, Dkt. 61 (E.D. Tex. Dec. 9, 2021) ..................................................... 6

*In re Katz*,
  639 F.3d 1303 (Fed. Cir. 2011) ............................................................................................. 1, 4

*Intellectual Ventures II LLC v. FedEx Corp.*,
  No. 2:16-CV-00980-JRG, Dkt. 206 (E.D Tex. Dec. 22, 2017) ................................................ 5

*TQ Delta, LLC v. CommScope Holding Company, Inc.*,
  No. 2:21-cv-00310-JRG, Dkt. 128 (E.D. Tex. May 2, 2022) ................................................... 6

## I.    INTRODUCTION

AT&T's motion to focus patent claims is premature and should be denied. AT&T requests the Court to "immediately require Headwater to limit its assertions to 32 claims across all patents, and no more than 10 claims from any individual patent, in accordance with the parameters of the Model Order." Mot. at 2. But the Court's Model Order does not require a reduction until "the date set for completion of claim construction discovery," which in this case is several months away in October 2024. The trial is more than a year away in June 2025. Forcing Headwater to drastically reduce the number of asserted claims so early in the case, where little discovery has occurred and where Headwater has not had sufficient opportunity to determine which of its asserted claims will be impacted by AT&T's non-infringement and invalidity positions, is highly prejudicial to Headwater's patent rights and contrary to Federal Circuit law, which mandates that "claim reduction should not be ordered 'too early in the discovery process.'" *In re Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011).

While Headwater is certainly amenable to reducing the number of asserted claims and prior art in this case—and proposed such a mutual reduction to AT&T months ago—AT&T's request is unreasonable given the stage of the case. The motion should be denied.

## II.    BACKGROUND

Headwater filed the complaints in these consolidated cases in September 2023. There are four total asserted patents, each of which generally relate to wireless communications technology. The complaints identify the accused AT&T products as mobile electronic devices, including mobile phones and tablets, as well as well as cellular networks, servers, and services. -397 case, Dkt. 1 ¶ 15; -398 case, Dkt. 1 ¶ 15.

On November 20, 2023, Headwater served its preliminary infringement contentions identifying the asserted claims and accused instrumentalities. Dkt. 53-2. Headwater identified 281 claims across the four asserted patents (averaging approximately 70 claims per patent). *Id.* And while Headwater specifically identified several different models of accused instrumentalities, they all fall into the same general categories of mobile phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology. *See id.* AT&T served invalidity contentions on February 2, 2024.

AT&T first initiated conversation regarding Headwater narrowing its asserted claims in December 2023. Given the nascent stage of the case, Headwater simply informed AT&T that it would "*start the case narrowing conversation* early next year [2024]." Dkt. 53-4 (emphasis added). On January 12, 2024, AT&T sent a proposal whereby Headwater would narrow its claims to "no more than ten claims from each patent and not more than a total of 32 claims, 30 days after AT&T serves its Initial Invalidity Contentions." Dkt. 53-5 at 1. Under AT&T's proposal, Headwater would serve a final election of asserted claims "no more than five asserted claims per patent … and no more than a total of 16 claims no later than 28 days before the service of expert reports." *Id.* at 1.

Headwater responded soon thereafter with a counterproposal, offering a multi-stage mutual narrowing process with the first milestone being Headwater narrowing to no more than 128 total claims by 14 days after submission of the Joint Claim Construction Statement (i.e., by September 27, 2024). Dkt. 53-8. In other words, Headwater's proposed compromise offered a reduction in the number of asserted claims by over 50% (from 281 to 128, across all four asserted patents) to be made nearly six weeks before the November 6, 2024 deadline for AT&T's responsive claim

construction brief. Notably, AT&T did not respond to Headwater's proposed compromise, with a counter-offer or otherwise, before filing its motion.

Headwater was and continues to be amenable to narrowing the asserted claims in this case before the DCO's built-in deadline for claim narrowing and as part of the natural narrowing of claims and defenses over time. But AT&T's proposal was premature and unreasonable relative to the stage of the case. At that point, the Court had only recently entered a docket control order, and parties had conducted almost no discovery. The same remains true today. Neither party has even noticed any depositions. Claim construction is several months away. The parties are not due to exchange proposed claim terms until August 2, 2024; the deadline to complete claim construction discovery is October 7, 2024; and the Markman hearing is scheduled for December 6, 2024. Dkt. 41.

The fact discovery deadline is January 10, 2025. Opening expert reports are due on January 15, 2025. Dispositive motions are due in February 2025. And the jury trial is set for June 2, 2025—more than a year from now. *Id.* Again, Headwater remains amenable to significantly narrowing its case well before the DCO's built-in deadline for claim narrowing (such as in accordance with its counterproposal outlined on page 4 of AT&T's motion), but not under the extreme schedule proposed by AT&T.

## III.   ARGUMENT

AT&T's proposal for the narrowing of asserted patent claims in this case is premature and should be denied. While the Court is within its discretion to limit the number of claims to be tried in this case, the Federal Circuit has made clear that "*claim reduction should not be ordered 'too early in the discovery process'* because doing so would deny the patentee 'the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in

3

light of the defendants' accused products and proposed defenses.'" *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017) (quoting *In re Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011)) (emphasis added). "A court must exercise the authority to order a reduction in the number of asserted claims with care not to prejudice the patentee, particularly in light of the fact that each of the claims of a patent embodies a property right." *Id.*

For example, in *CogniPower LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-CV-00160-JRG, Samsung filed a Motion for Entry of a Claim Focusing Order requesting that the Court enter its Model Patent Order "due to the expansive nature of the case," wherein plaintiff asserted 193 claims across five patents. *CogniPower*, Dkt. 62 at 1 (E.D. Tex. Oct. 6, 2023). The Court denied the motion as "premature" because Samsung had "not yet produced adequate discovery" to allow plaintiff the "opportunity to determine which of its 193 asserted claims may raise separate issues of infringement and invalidity." *Id.* at 1–2.

The same reasoning applies here. It is far too early in the case to require Headwater to narrow its claims as drastically as AT&T proposes. There is still nine months of fact discovery left. Claim construction discovery closes in October, and the Markman hearing is on December 6, 2024—more than seven months away. While it is true that, unlike in *CogniPower*, AT&T has served its invalidity contentions, there still has not been sufficient discovery to allow Headwater to determine which of its asserted claims will be impacted by AT&T's noninfringement and invalidity positions. AT&T's demand that Headwater "drop to 32 claims immediately" (Mot. at 10) is unreasonable and would severely prejudice Headwater's patent rights. The Court's Model Order does not even contemplate such drastic narrowing so early in the case. Under the Model Order, the patentee is to narrow its case to no more than 32 claims "[b]y the date set for completion

of claim construction discovery." Model Order Focusing Patent Claims and Prior Art ¶ 2. The claim construction discovery deadline is still nearly six months away.

AT&T attempts to justify this departure from the Court's Model Order by arguing that "the *Markman* hearing is set to occur very late in the case schedule—*i.e.*, more than 90% of the way through the fact discovery window." Mot. at 7. This makes no sense. Contrary to AT&T's suggestions, there is nothing unusual about the schedule in this case. The Court's DCO adopts the schedule that was jointly proposed by *both parties* and tracks closely with the Court's Sample Docket Control Order for Patent Cases.[1] Dkt. 38-1, Dkt. 41. The Model Order Focusing Patent Claims and Prior Art is also consistent with the Federal Circuit's mandate that "claim reduction should not be ordered too early in the discovery process." *Katz*, 639 F.3d at 1309. Thus, AT&T's assertion that it is entitled to claim reduction early in the fact discovery period is contrary to law. Indeed, in *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, the Court denied the defendants' Motion for Entry of a Model Order Focusing Patent Claims at an even later stage of the case, after claim construction was already complete and fact discovery was "essentially closed." *Intellectual Ventures*, Dkt. 206 at 3 (E.D. Tex. Dec. 22, 2017). Though the case "span[ned] five patents, numerous claims, and at least two-dozen products," the Court explained that "[b]oth of these events will only accelerate the natural narrowing of claims that occurs at this stage of the trial process." *Id.* Accordingly, Headwater should not be forced to drop its property rights in its patent claims before it has had an opportunity conduct a sufficient investigation into those claims.

None of the cases cited by AT&T support its proposal. For example, in *Allergan*, the Court *denied* the defendants' Motion to Limit the Number of Asserted Patent Claims and approved the

---

[1]https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Patent%20Model%20Docket%20Control%20Order_Updated.docx.

*plaintiff's* proposal to reduce the number of asserted claims to 25 one week after receiving the defendants' *final* non-infringement and invalidity contentions, and to 15 asserted claims within two weeks of the close of expert discovery. *Allergan*, 2017 WL 373462, at *1. The Court's order also came after claim construction was already completed.[2] AT&T seeks a similar reduction much earlier in the case, well before claim construction has even begun. In *TQ Delta*, the Court ordered claim narrowing after the claim construction proceedings had begun. *TQ Delta, LLC v. CommScope Holding Company, Inc.*, No. 2:21-cv-00310-JRG, Dkt. 128 (E.D. Tex. May 2, 2022). In *Hy-Ko*, the Court granted the defendant's motion to implement the Court's Model Order Focusing Patent Claims and Prior Art, which required plaintiff to reduce to no more than 32 claims "[b]y the date set for completion of claim construction discovery." *Hy-Ko Products Co. LLC v. The Hillman Group, Inc.*, No. 2:21-cv-00197-JRG, Dkt. 61 (E.D. Tex. Dec. 9, 2021). And the *Oasis* and *Round Rock* cases were both decided by Judge Mazzant and in conjunction with orders granting the plaintiffs' Motion to Compel Non-Infringement Contentions from Defendants. AT&T's cited cases are thus easily distinguishable.

AT&T also complains about purported deficiencies in Headwater's interrogatory responses and infringement contentions, which purportedly "do not provide Defendants with sufficient information to understand the specific accused features and components and Headwater's theories for numerous limitations in each patent." Mot. at 7–8. Headwater disagrees and believes that its responses and contentions comply with all applicable rules. But to the extent that AT&T truly believes that the Headwater's responses and contentions are deficient and is unable to understand Headwater's infringement theories, the proper course of action would be to meet and confer and

---

[2] In *Allergan*, the Court issued its claim construction order on December 13, 2016 (Dkt. 214), and the order regarding the reduction of patent claims on January 26, 2017.

then ultimately file a motion to compel—not force Headwater to drop nearly 90% of asserted claims at the outset of discovery.

AT&T's assertion that discovery will be unduly burdensome due to the high number of asserted claims and accused products also fails. AT&T readily admits that "[f]or most of the asserted claims, Headwater's infringement charts simply reference other similar claims such that in substance Headwater's theories almost entirely overlap," and that "[f]or more than 200 of the Asserted Claims, Headwater's contentions make no unique allegations of infringement." Mot. at 3, 8. In other words, discovery will overlap for more than 70% of the asserted claims. AT&T also fails to mention that the vast majority of accused products are simply variations of the same phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology. For example, some of the accused products include the iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, etc. The discovery for these lines of products will also overlap significantly. And regardless, dropping the number of asserted claims will have little if any impact on the number of accused products that the parties will have to investigate in discovery.

Finally, AT&T's assertion that "that the asserted patents are uniquely unwieldy—*e.g.*, the claims of U.S. Patent No. 8,589,541 alone make up more than 8,000 words, while its specification spans over 125 columns, nearly seven of which are directed to the incorporation by reference of allegedly related patent applications and publications" (Mot. at 1) is nonsensical. AT&T fails to explain how the number of words and columns in the specification bears any relation to the number of asserted claims—because they do not.

To be clear, Headwater has every intention of significantly reducing the number of asserted claims as the case progresses, including before claim construction and opening expert reports are

7

due. And while Headwater remains amenable to continuing its discussions with AT&T regarding a meaningful reduction in asserted claims and prior art, AT&T's current proposal is unreasonable and premature given the current stage of the case. The fact that Headwater has filed similar claims against similar products in other cases is inconsequential. Those cases are similarly situated, as the parties have conducted little discovery and claim construction likewise has not begun.[3]

## IV.   CONCLUSION

For the foregoing reasons, AT&T's motion should be denied. If the Court is inclined to order case narrowing at this time, Headwater respectfully requests that its counterproposal offered to AT&T in February 2024 (*see* Dkt. 53-8) be ordered, rather than AT&T's request.

Dated:  April 25, 2024                          Respectfully submitted,

                                                 */s/ Marc Fenster*
                                                 Marc Fenster
                                                 CA State Bar No. 181067
                                                 Email: mfenster@raklaw.com
                                                 Reza Mirzaie
                                                 CA State Bar No. 246953
                                                 Email: rmirzaie@raklaw.com
                                                 Brian Ledahl
                                                 CA State Bar No. 186579
                                                 Email: bledahl@raklaw.com
                                                 Ben Wang
                                                 CA State Bar No. 228712
                                                 Email: bwang@raklaw.com
                                                 Dale Chang
                                                 CA State Bar No. 248657
                                                 Email: dchang@raklaw.com
                                                 Paul Kroeger
                                                 CA State Bar No. 229074
                                                 Email: pkroeger@raklaw.com
                                                 Neil A. Rubin
                                                 CA State Bar No. 250761

---

[3] For example, in Case No. 23-cv-00352, the claim construction hearing is set for November 19, 2024—less than three weeks before the claim construction hearing in this case. The claim construction hearing in the T-Mobile cases is not much earlier on November 1, 2024.

Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff Headwater
Research LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Marc Fenster*
Marc Fenster