# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **HEADWATER RESEARCH LLC,** | Civil Action No. 2:23-cv-00397 |
| Plaintiff, | LEAD CASE |
| vs. | JURY TRIAL |
| **AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,** | |
| Defendants. | |
| **HEADWATER RESEARCH LLC,** | Civil Action No. 2:23-cv-00398 |
| Plaintiff, | MEMBER CASE |
| vs. | JURY TRIAL |
| **AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,** | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO FOCUS PATENT CLAIMS**

**TABLE OF CONTENTS**

I.   AT&T'S MOTION IS NOT PREMATURE AND PLAINTIFF WOULD NOT BE PREJUDICED BY CLAIM NARROWING AT THIS STAGE ..........................................1
II.  AT&T'S MOTION IS CONSISTENT WITH THE COURT'S MODEL ORDER ............3
III. THE CASES CITED BY PLAINTIFF SUPPORT CLAIM NARROWING......................4
IV.  CONCLUSION................................................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allergan, Inc. v. Teva Pharms. USA*,
   No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ...............................2, 4

*CogniPower LLC v. Samsung Electronics Co., Ltd.*,
   No. 2:23-CV-00160-JRG, Dkt. 62 (E.D. Tex. Oct. 6, 2023) ..............................................4

*Hy-Ko Products Co. LLC v. The Hillman Group, Inc.*,
   No. 2:21-cv-00197-JRG, Dkt. 61 (E.D. Tex. Dec. 9, 2021) ...............................................5

*In re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011) ..........................................................................................2, 4

*Intellectual Ventures II LLC v. FedEx Corp.*,
   No. 2:16-CV-00980-JRG, 2017 WL 65591693 (E.D. Tex. Dec. 22, 2017) ........................4

*Oasis Rsch., LLC v. Adrive, LLC*,
   No. 4:10-CV-00435, 2011 WL 7272473 (E.D. Tex. Sept. 13, 2011) .................................5

*Round Rock Rsch., LLC v. Dell Inc.*,
   No. 4:11-CV-332, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012) ......................................5

*TQ Delta, LLC v. CommScope Holding Company, Inc.*,
   No. 2:21-cv-00310-JRG, Dkt. 128 (E.D. Tex. May 2, 2022) .............................................5

Headwater is asserting 281 claims against more than 200 products, and shows no willingness to reduce claims *at all* for another 5 months. This will generate a huge amount of work over the next few months for the parties and the Court addressing redundant claims. Indeed, 98% (*i.e.*, 277) of the asserted claims are *dependent* claims, which are of no use to Headwater beyond the independent claims unless needed to avoid prior art. But, AT&T served its invalidity contentions 3 months ago. Headwater has everything that it needs to evaluate the prior art and identify a reasonable subset of dependent claims to maintain for validity purposes. So there is no reasonable explanation for keeping *all* 277 dependent claims alive at this stage of the case.

Moreover, despite Headwater's claims that this motion is "premature," AT&T has been more than patient on claim reduction. AT&T first raised the issue during the exchange of case management orders back in 2023, before ultimately accepting Headwater's proposal to revisit claim reduction "after the new year." In the new year, AT&T tried to engage with Headwater on a reasonable plan for claim narrowing, but was met with an absolute refusal to narrow *any* claims until 5 months from now, just 3 months before the close of fact discovery. That is simply too late to do any good. The time is now—after a full disclosure of invalidity positions—to streamline this case from an unwieldy 281 claims to something more manageable.

I.  **AT&T'S MOTION IS NOT PREMATURE AND PLAINTIFF WOULD NOT BE PREJUDICED BY CLAIM NARROWING AT THIS STAGE**

AT&T's narrowing request is not "premature" (Opp. at 3) and is timed to ensure that the Court and the parties focus resources and argument on the claims (from among the hundreds Headwater is currently asserting) that Headwater is most likely to bring to trial. AT&T's proposal merely seeks to reduce the claims and prior art[1] to a reasonable, manageable number to ensure that the Court's and parties' resources are not wasted.

---

[1] AT&T would agree to narrow its asserted prior art references as part of any case narrowing order.

1

Contrary to Headwater's statement that Federal Circuit law "mandates" that "claim reduction should not be ordered 'too early in the discovery process,'" Opp. at 1 (citing *In re Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011)), the Federal Circuit has sanctioned claim reduction *far earlier* than where the current case stands. *See*, *e.g.*, *In re Katz*, 639 F.3d at 1309-11 (affirming court's reduction of claims prior to *any* discovery and *any* disclosure of prior art references). While Headwater is correct that "the Court's Model Order does not require a reduction until 'the date set for completion of claim construction discovery,'" Opp. at 1, AT&T's request is not premature given the exceedingly large number of asserted claims and accused products in this case, coupled with the fact that *Markman* is scheduled at the very end of a long fact discovery period.

Headwater's arguments on timing also ignore the fact that Headwater asserts *the same patent claims* against, largely, the *same accused products* in a case against Verizon that was filed more than 9 months ago. Mot. at 8-9. That Headwater has allegedly dragged its feet in discovery there (Opp. at 8) is of no moment here, is Headwater's own choice, and it only further proves the point that Headwater simply does not need to continue asserting so many claims against AT&T.

Finally, Headwater's claim that it would somehow be prejudiced by claim narrowing at this stage, Opp. at 3-4, is undermined by its admission that "discovery will overlap for more than 70% of the claims." Opp. at 7. As a result, narrowing now will not "deny the patentee the 'opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses'" because Headwater already has AT&T's invalidity theories. *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017) (quoting *In re Katz*, 639 F.3d at 1309). The only prejudiced party is AT&T, which is currently in the dark about which of the *281* asserted claims will be included in the small handful that Headwater will eventually take to trial.

## II. AT&T'S MOTION IS CONSISTENT WITH THE COURT'S MODEL ORDER

Headwater next argues that AT&T's request to narrow is "extreme." Opp. at 3. Far from being "extreme," AT&T's request is consistent with the Court's Model Order. The Model Order specifically encourages claim narrowing "based on case-specific factors such as commonality among asserted patents, the number and diversity of accused products, the complexity of the technology, the complexity of the patent claims, and the complexity and number of other issues in the case that will be presented to the judge and/or jury." Model Order, 1. Here, there is significant commonality among the asserted patents and claims as evidenced by the large number of dependent claims and a huge number of different accused products across 10+ different vendors, which makes this case ripe for claim narrowing. And while the Model Order does not typically require a reduction until "the date set for completion of claim construction discovery," *id.*, the Court's Model Order is merely a *model* that can and should be crafted to fit the specifics of a given case. And here, the *Markman* hearing is set to occur very late in the schedule, i.e., more than 90% of the way through the fact discovery window. Thus, the Court should order Headwater to limit its claims now because waiting until the conclusion of claim construction discovery would cause the parties and the Court to waste valuable resources litigating hundreds of claims—nearly all of which will be dropped—right up to the precipice of expert reports.

Headwater claims that AT&T's argument regarding the timing of the *Markman* hearing and claim reduction "makes no sense," Opp. at 5, but Headwater simply cannot dispute that valuable resources will be wasted by the Court and parties if claim reduction does not occur until the date set for completion of claim construction discovery. Just the *Markman* process alone will be wasteful and unmanageable because both parties will be required to identify proposed claim terms across hundreds of claims, even though Headwater admits that in substance its claims are largely overlapping. Opp. at 7. Further, claim narrowing at this stage is not "contrary to law," Opp.

3

at 5, as the Federal Circuit has endorsed claim narrowing early in cases, including earlier in the discovery process than this case. *See In re Katz*, 639 F.3d at 1309-11.

### III.   THE CASES CITED BY PLAINTIFF SUPPORT CLAIM NARROWING

Headwater cites several cases that actually support granting AT&T's claim narrowing request. Headwater cites the Court's denial of a claim narrowing request in *CogniPower LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-CV-00160-JRG, Dkt. 62 at 1 (E.D. Tex. Oct. 6, 2023) and argues that "there still has not been sufficient discovery to allow Headwater to determine which of its asserted claims will be impacted by AT&T's noninfringement and invalidity positions." Opp. at 4. But *CogniPower* involved almost 100 fewer asserted claims than this case, and the Defendant there had not served invalidity contentions and had received an extension on serving contentions prior to its narrowing request. *CogniPower*, Dkt. 62 at 1-2. By contrast, Headwater has now had AT&T's invalidity contentions for 3 months.

Headwater also relies on *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 6559169 (E.D. Tex. Dec. 22, 2017). Opp. at 5. But that case involved significantly fewer asserted claims and the claim narrowing request occurred at a much later stage in the litigation, when the parties were seeking to narrow in preparation for trial. *Intellectual Ventures II*, 2017 WL 6559169, at *1. Further, the Court specifically stated that "the Model Order may, in appropriate circumstances, provide useful guideposts at the outset of litigation in reducing claims," *id.* at *2, which supports AT&T's request in this case.

The *Allergan* case cited by Headwater, Opp. at 6, also supports AT&T, as the Plaintiff, at the Court's urging, *did* reduce the number of asserted claims at the outset of the case. *Allergan*, 2017 WL 373462, at *1. While the Court ultimately denied a later claim narrowing request, the number of asserted claims in that case was significantly less than the number of asserted claims in this case. *Id.* at *1-2. Further, the Court noted that "Courts in this district, in appropriate

4

circumstances, have required patentees to reduce the number of asserted claims, both before and after the issuance of the Order Focusing Patent Claims." *Id.* at *1.

Headwater also states that in *TQ Delta, LLC v. CommScope Holding Company, Inc.*, No. 2:21-cv-00310-JRG, Dkt. 128 (E.D. Tex. May 2, 2022), the Court "ordered claim narrowing after the claim construction proceedings had begun." Opp. at 6. But the Court in that case actually granted Defendants' request to enter the Model Order. *TQ Delta*, Dkt. 128 at 1. Simply because the Court entered the order after the claim construction process does not mean that the Court should wait to enter the order in this case, especially given the large number of overlapping (and mostly dependent) claims here. Headwater's citation to *Hy-Ko Products Co. LLC v. The Hillman Group, Inc.*, No. 2:21-cv-00197-JRG, Dkt. 61 (E.D. Tex. Dec. 9, 2021), Opp. at 6, is similarly unavailing, as the Court simply entered the Model Order and did not address claim narrowing issues related to the assertion of hundreds of claims. *Hy-Ko*, Dkt. 61 at 1.

Finally, Headwater points out that the *Oasis* and *Round Rock* cases were decided by a different judge in conjunction with motions to compel, Opp. at 6. But these facts do not impact this Court's ability to "limit the number of asserted claims in cases for patent infringement when the number of claims is so large as to make the case inefficient and unmanageable." *Oasis Rsch., LLC v. Adrive, LLC*, No. 4:10-CV-00435, 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011); *Round Rock Rsch., LLC v. Dell Inc.*, No. 4:11-CV-332, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012) (same). Consistent with this practice, the Court should require Headwater to limit the number of asserted claims now.

## IV.   CONCLUSION

AT&T respectfully requests that the Court either order Headwater to drop to 32 claims immediately or initiate any other phased reduction the Court deems appropriate.

5

Dated: May 3, 2024

Respectfully submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@mckoolsmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Hess
Texas State Bar No.
khess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**AT&T CORP., AT&T MOBILITY LLC, AND AT&T SERVICES INC.**

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 3, 2024.

/s/ *Nicholas Mathews*
Nicholas Mathews
