# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., <br><br> Defendants. | Case No. 2:23-cv-00397-JRG-RSP <br><br> **LEAD CASE** <br><br> **JURY TRIAL DEMANDED** |
| HEADWATER RESEARCH LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., <br><br> Defendants. | Case No. 2:23-cv-00398-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO FOCUS PATENT CLAIMS**

I.      **AT&T's Proposal Is Premature**

According to AT&T, its motion is not premature because "Headwater has everything that it needs to evaluate the prior art and identify a reasonable subset of dependent claims to maintain for validity purposes." Reply at 1. Not so. Headwater has not had sufficient opportunity to thoroughly investigate and take discovery on AT&T's invalidity contentions and the asserted prior art. In addition, invalidity is not the only consideration in determining whether claim reduction is appropriate. Headwater is also entitled to a sufficient opportunity to investigate the accused products and AT&T's noninfringement positions. There is no dispute that Headwater has had no such opportunity. Discovery has only just begun, and to date AT&T has provided little information about the accused products and its noninfringement theories.

AT&T's assertion that "the Federal Circuit has sanctioned claim reduction far earlier than where the current case stands," citing to *Katz* (Reply at 2), is misleading. *Katz* involved 25 different actions and 1,975 patent claims from 31 patents against 165 defendants in 50 groups of related corporate entities. *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1309 (Fed. Cir. 2011). The plaintiff in that case "did not question the need to limit the number of claims in order to make the case manageable." *Id.* Further, the district court's order regarding claim reduction included a proviso that permitted plaintiff to later add new claims if they raised issues of infringement/validity that were not duplicative of previously selected claims. *Id.* The issues before the Federal Circuit did not concern the timing and extent of the claim reduction, but rather whether the district court's claim selection procedure was sufficient to protect plaintiff's due process rights with respect to the unasserted claims. *Id.* at 1311, 1313 n.9. The facts of *Katz* are thus easily distinguishable. But the Federal Circuit's statement that claim reduction should not be

1

ordered too early in the discovery process still stands. *Id.* at 1313 n.9; *see also Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017).

AT&T also complains about the "exceedingly large number of asserted claims and accused products in this case." Reply at 2. But AT&T still fails to set forth any persuasive justification for an *immediate* reduction from 281 to 32 claims, where the Court's Model Order does not contemplate any such reduction until after claim construction discovery is complete. AT&T apparently agrees that "discovery will overlap for more than 70% of the claims," showing that the assertion of additional claims does not have nearly the discovery burden impact AT&T suggests. Reply at 2. AT&T also has no response to Headwater's assertions that discovery for the accused products will also overlap significantly, and that claim reduction will not affect the number of accused products in any event. Thus, there can be no legitimate dispute that forcing Headwater to immediately cut nearly 90% of its claims at this early stage would severely prejudice Headwater's patent rights, with little if any reduction in AT&T's discovery burden.

AT&T's continued reliance on the Verizon and T-Mobile cases remains unavailing. Those cases were filed just a few weeks before this case and are no more advanced than this case. Headwater is not "dragg[ing] its feet in discovery." Reply at 2. There are still seven months of fact discovery left in the Verizon case (No. 23-cv-352), for instance. And regardless, discovery in those cases will not provide any insight into *AT&T's* noninfringement positions for *this* case.

AT&T complains that it is "currently in the dark about which of the 281 asserted claims will be included in the small handful that Headwater will eventually take to trial." Reply at 2. But there is no authority supporting that AT&T is entitled to this information at this early stage, and it is customary for patent litigants' claims and defenses to narrow over time as discovery and claim construction progress.

2

## II. AT&T's Proposal Is Unduly Prejudicial and Inconsistent with the Court's Model Order

AT&T's assertion that its claim reduction proposal is "consistent with the Court's Model Order" (Reply at 3) is simply not true. AT&T seeks an immediate reduction to 32 asserted claims, whereas the first phase for reduction set forth in the Model Order occurs at the close of claim construction discovery, which is not for another five months. AT&T attempts to justify this marked departure by pointing to the "case-specific factors" outlined in footnote 1 of the Model Order. But those factors are aimed toward further reduction of the *number* of asserted claims—not accelerating the *timing* of claim reduction. *See* Model Order at 1 n.1 ("The parties are encouraged to discuss limits lower than those set forth in this Model Order based on case-specific factors…"). Nothing in the Model Order supports an immediate reduction to 32 total claims across four patents before substantive fact discovery. In addition, the Model Order specifically mandates that any "proposed modifications" to its terms must be submitted "by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures." AT&T's request to modify the Model Order is therefore untimely.

AT&T fails to show that case-specific factors support its proposal, in any event. AT&T generally alleges that "there is significant commonality among the asserted patents and claims as evidenced by the large number of dependent claims and a huge number of different accused products across 10+ different vendors." Reply at 3. This is insufficient. There are four distinct patents with hundreds of claims. The mere existence of dependent claims says little about the "commonality among asserted *patents*." And as explained in Headwater's opposition, the vast majority of accused products are simply variations of the same phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology (e.g., iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, etc.).

3

AT&T does not dispute this fact. Nor does AT&T present any argument or evidence regarding the other factors relating to the complexity of the technology, the complexity of the patent claims, and the complexity and number of other issues.

AT&T continues to assert that "the *Markman* hearing is set to occur very late in the schedule" (Reply at 3), but does not dispute that the DCO was jointly proposed by *both parties* and closely tracks the Court's Sample DCO for patent cases. In other words, the schedule in this case is consistent with the timing for claim reduction contemplated by the Court's Model Order. While AT&T asserts that "valuable resources will be wasted … if claim reduction does not occur until the date set for completion of claim construction discovery" (Reply at 3), the Model Order purposely allows for full claim construction discovery prior to claim reduction. Under Headwater's proposal, Headwater would narrow from 281 to 128 claims across all four asserted patents slightly earlier, and nearly six weeks before the deadline for AT&T's responsive claim construction brief. AT&T still has not responded to this proposal.

### III.   AT&T's Cases Do Not Support Its Proposal

AT&T attempts to distinguish *CogniPower* on the ground that the case involved fewer patent claims and the defendant had not yet served its invalidity contentions. But as the Court's Model Order makes clear, claim narrowing involves more than just looking at the total number of asserted claims. There are several considerations, including the complexity of the technology and patent claims. AT&T has made no showing regarding these factors. In addition, as explained in *CogniPower*, the patentee is entitled the opportunity to investigate both the defendant's invalidity *and noninfringement* positions prior to claim reduction. *CogniPower LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-CV-00160-JRG, Dkt. 62 at 1–2 (E.D. Tex. Oct. 6, 2023). Moreover, AT&T ignores that although *CogniPower* involved 193 asserted claims, Headwater has already offered to

4

narrow its assertions to 128 claims, nearly six weeks before AT&T's claim construction brief is due. Again, AT&T never responded to that proposal.

For *Intellectual Ventures*, AT&T asserts that the case "involved significantly fewer asserted claims and the claim narrowing request occurred at a much later stage in the litigation." Reply at 4. This again fails. Indeed, as explained by the Court, the Model Order is typically implemented at the "outset of litigation," and "the Model Order itself contemplates being submitted 'by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures.'" *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, Dkt. 206 at 2–3 (E.D. Tex. Dec. 22, 2017). Absent entry of the Model Order, the claims will narrow naturally as fact discovery and claim construction progresses. *Id.* at 3. Contrary to AT&T's suggestions, the Court did not say that claim reduction is appropriate at the outset of litigation—just that entry of the Model Order (which, again, provides for the first phase of claim reduction after claim construction discovery) typically occurs at the outset.

The remaining cases in AT&T's reply (at pp. 4–5) are distinguishable for the reasons set forth in Headwater's opposition. While it may be true that those cases support claim narrowing as a general matter, none support the accelerated schedule proposed by AT&T.

AT&T's motion should be denied.

| | |
|---|---|
| Dated: May 10, 2024 | Respectfully submitted, |

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff Headwater Research LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Marc Fenster*
Marc Fenster