# Exhibit A

(Order Denying Motion to
Compel in Samsung -422 Case)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CASE NO. 2:22-CV-00422-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

On April 24, 2024, the Court held a hearing on the parties' discovery motions at Dkt. Nos. 88, 96, 99, 100, 113, 116, 136, and 137 and Samsung's Motion to Compel Regarding Krista Jacobsen filed in the related proceeding 2:24-mc-0003. At the hearing, the Court made various rulings on the above listed motions and carried several issues. This order addresses those carried issues and memorializes the Court's rulings provided orally at the hearing.

**Samsung's Motion to Compel Regarding Krista Jacobsen. (2:24-mc-0003.)** For the reasons provided orally, the Court **ORDERED** counsel for Ms. Jacobsen to amend the privilege log to expressly indicate that a withheld document represents a "communication," and to the author and recipient. The Court otherwise **DENIED** Samsung's motion.

**Samsung's Motion to Compel Production of Documents Regarding Headwater's Patent Portfolio Sale Negotiations With Third Parties (Dkt. No. 88.)** For the reasons provided orally, the Court **ORDERED** Headwater to produce documents related to Headwater's valuation of the proposed InterDigital deal or to provide a sworn declaration that no such documents exist, within one week of the hearing. The Court carried the issue whether

1

there was common legal interest to support a finding of an exception to waiver of privilege as to the communications between Headwater and InterDigital regarding the proposed InterDigital deal.

The Court now finds that a sufficient common legal interest exists between Headwater and InterDigital and otherwise **DENIES** Samsung's motion. Headwater claims it had a common interest with InterDigital, as a potential acquirer, in the validity and enforceability of Headwater's patents. (Dkt. No. 120 at 11-12.) Samsung contends the contract between InterDigital and Headwater only provides for a one-way common interest. (Dkt. No. 123 at 2.) The Court finds that here InterDigital as a potential acquirer of Headwater's patents for the purpose of asserting them, has a common interest with Headwater as to the validity and enforceability of the patents. *See Autobytel, Inc. v. Dealix Corp.*, 455 F.Sup. 2d 569 at 576 (2006) (Davis, J.) (finding an acquirer and target "had a natural and common interest in consulting about a potential infringement suit because the suit might impact the merger of the companies.") Further, the contractual provision cited by Samsung specifically provides it "is not intended to, and is not understood to, void, waive or compromise in any respect any applicable privilege…" (Dkt. No. 120 at 12.) Applying this provision to limit a privilege would be improper.

**Samsung's Motion to Compel Withheld Responsive ESI (Dkt. No. 96.)** At the hearing the parties **agreed** Headwater will not withhold as irrelevant any documents generated by the keyword search that fall within the following categories:

1. Documents concerning the ItsOn technology referenced in Headwater's Complaint

2. Documents concerning ItsOn's relationship with Samsung

3. Documents discussing valuations of Headwater Patents

4.  Documents concerning the accused features in Headwater's infringement contentions

5.  Documents concerning Sprint and patent marking obligations

6.  Documents concerning Qualcomm

7.  Emails about ItsOn and Headwater patents, and

8.  Emails about problems with ItsOn software (which Headwater contends to have practiced the asserted patents).

**Headwater's Motion to Compel Analysis of Battery Savings Benefits (Dkt. No. 99.)** The Parties represented this motion had been resolved by the parties further meet and confer and is therefore **MOOT**.

**Samsung's Motion to Compel Production of Documents Withheld under Improper Assertion of Privilege, Work Product, and Common Interest and for Headwater to Cure its Deficient Privilege Log (Dkt. No. 100.)** The parties represented this motion relates to three different sets of communications 1) with InterDigital; 2) with ItsOn; 3) with Verizon. At the hearing, the Court carried these disputes to review the claims of common interest privilege.

The Court **DENIES** Samsung's motion as to communications with InterDigital, finding common interest as provided above.

The Court **DENIES** Samsung's motion as to communications with ItsOn. Headwater points to a license agreement between itself and ItsOn as well as a close relationship where Headwater provided "consulting services to develop and implement a product development strategy" for ItsOn. (Dkt. No. 120 at 13.) Indeed, at the Hearing the parties agreed that ItsOn and Headwater shared many of the same employees, board members, and office space and on

occasion certain individuals would do Headwater business from ItsOn email addresses inadvertently. Samsung contends this does not disclose a particular legal interest and does not address when such an interest existed as the relationship soured sometime broadly around 2017. (Dkt. No. 123 at 3-4.) While a mere non-exclusive license generally is insufficient to establish a common legal interest between arms-length entities, the Court finds there is substantially more here. Headwater and ItsOn are not arms-length entities, rather they are the opposite. As such, the Court finds that Headwater and ItsOn had a common legal interest in at least issues regarding the patents subject to the license agreements, such that the communications at issue did not waive privilege.

The Court **DENIES** Samsung's motion as to communications with Verizon. Headwater contends that Verizon was a board member of both Headwater and ItsOn and thus is not a third party that might waive privilege. (Dkt. No. 120 at 10.) Samsung argues there is no evidence substantiating Verizon's presence of Headwater's board, only ItsOn's and thus Headwater's contention is unsupportable. (Dkt. No. 123 at 5.) At the Hearing, Headwater pointed the Court to Dkt. No. 134-2 at 4 as demonstrating Verizon's presence on Headwater's board. That document is a "Schedule of Exceptions" that includes a section titled "Obligation to Related Parties" that references an "Observer Rights Letter … by and between the Company [(Headwater)] and Verizon Investments, Inc." (Dkt. No. 134-2 at 4.) While this record is limited, the Court finds it is sufficient to support Headwater's claim of privilege extending to Verizon's presence on its Board.

**Headwater's Motion to Compel Battery Testing Evidence (Dkt. No. 113.)** The Parties represented this motion had been resolved by the parties further meet and confer, and is therefore **MOOT**.

**Samsung's Motion to Compel Re-Production of Clawed Back Document and to Order that Headwater Waived Privilege as to its Pre-Suit Communications with Counsel re Suing Samsung. (Dkt. No 116.)** Prior to the hearing, the Parties resolved the clawed-back document issue. Further, for the reasons stated at the hearing, the Court **DENIES** the remainder of Samsung's motion.

**Samsung's Motion to compel Documents, Discovery Responses (Dkt. No. 136)** At the hearing, Samsung requested Headwater be required to provide narrative responses to interrogatories Nos. 18-21, 28, 30-32, and 38-39. For the reasons provided orally at the hearing, the Court **GRANTED** Samsung's motion as to interrogatories nos. 18, 20, 21, and 39, **DENIED** Samsung's motion as to interrogatories nos. 31-32 and 38, and **ORDERED** Headwater supplement its response to interrogatory no. 19 with pin cites to the deposition testimony. Samsung withdrew the motion as to interrogatory no. 30.

Further, the Court carried Samsung's motion as to interrogatory no. 28 as it related to Headwater's claim of privilege under a common interest theory with InterDigital. The Court now **DENIES** the Motion as to interrogatory no. 28, finding there is a common interest as explained above.

**Samsung's Motion to Compel re Late Produced Redacted Document (Dkt. No. 137.)** The Court carried this motion as to Headwater's claim of privilege under a common interest theory with InterDigital. The Court now **DENIES** the Motion, finding there is a common interest as explained above.

**SIGNED this 25th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

5