IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,<br><br>Defendants. | Civil Action No.  2:23-cv-00397<br><br>LEAD CASE<br><br>JURY TRIAL |
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,<br><br>Defendants. | Civil Action No.  2:23-cv-00398<br><br>MEMBER CASE<br><br>JURY TRIAL |

**JOINT PROPOSED MOTION TO FOCUS
ASSERTED PATENT CLAIMS AND PRIOR ART**

Plaintiff Headwater Partners II LLC ("Headwater") and Defendants AT&T Services, Inc., AT&T Mobility LLC and AT&T Corp. (collectively, "AT&T") (all together, the "Parties"), hereby jointly request that the Court enter the proposed Motion to Focus Asserted Patent Claims and Prior Art.

Pursuant to the Court's Order in *Headwater Research LLC, v. Verizon Communications, Inc. et al*, 2-23-cv-00352 (Dkt No. 68) focusing the number of patent claims and prior art, the Parties have agreed to abide by the same terms in the above-captioned cases. Accordingly, the Parties request that the Court Order as follows:

1

1.  This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure[1].

2.  By the date set for the Plaintiff to serve its opening claim construction brief pursuant to P.R. 4-5(a), Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. Not later than 14 days after service of the Preliminary Election of Asserted Claims, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[2]

3.  No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, Defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references.[3] For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

4.  Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[2] This final election of Asserted Claims is separate from and in addition to the patent claimant's final pre-trial election of Asserted Claims as required by the Docket Control Order, which is set to occur 10 days before jury selection. (Dkt. No. 41 at 1.)

[3] This final election of Asserted Prior Art is separate from and in addition to the patent claimant's final pre-trial election of Asserted Prior Art as required by the Docket Control Order, which is set to occur 7 days before jury selection. (Dkt. No. 41 at 1.)

agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[4]

In light of the Parties' agreement to adopt the aforementioned claim reduction terms, the Parties further agree that AT&T's Motion to Focus Patent Claims (Dkt No. 53) shall be moot in the event the Court enters this joint proposed order.

Dated: May 31, 2024

| | |
|---|---|
| */s/ Nicholas Mathews*<br>Nicholas Mathews<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com<br>Texas State Bar No. 24078867<br>Erik Fountain<br>efountain@McKoolSmith.com<br>Texas State Bar No. 24097701<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>**ATTORNEYS FOR AT&T SERVICES, INC., AT&T MOBILITY LLC AND AT&T CORP.** | */s/ Marc Fenster*<br>Marc Fenster<br>CA State Bar No. 181067<br>Email: mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Email: rmirzaie@raklaw.com<br>Brian Ledahl<br>CA State Bar No. 186579<br>Email: bledahl@raklaw.com<br>Ben Wang<br>CA State Bar No. 228712<br>Email: bwang@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>Email: dchang@raklaw.com<br>Paul Kroeger<br>CA State Bar No. 229074<br>Email: pkroeger@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Email: nrubin@raklaw.com<br>Kristopher Davis<br>CA State Bar No. 329627<br>Email: kdavis@raklaw.com<br>James S. Tsuei |

---

[4] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139 Email:
jwietholter@raklaw.com James
N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor Los
Angeles, CA 90025 Telephone: 310-
826-7474

*Attorneys for Plaintiff Headwater Partners II LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 31, 2024, a copy of the foregoing was served electronically through the U.S. District Court, Eastern District of Texas ECF system to all counsel of record whom are Filing Users of the Court's Electronic Filing System.

*/s/ Nicholas Matthews*
Nicholas Matthews

## **CERTIFICATE OF CONFERNECE**

I certify that the Parties have met and conferred in compliance with Local Rule CV 7(h) regarding this Motion, and this Motion is agreed.

*/s/ Nicholas Matthews*
Nicholas Matthews
