# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **HEADWATER RESEARCH LLC,** | |
| Plaintiff, | Civil Action No. 2:23-cv-00397 |
| vs. | LEAD CASE |
| **AT&T INC., AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,** | JURY TRIAL |
| Defendants. | |
| **HEADWATER RESEARCH LLC,** | |
| Plaintiff, | Civil Action No. 2:23-cv-00398 |
| vs. | |
| **AT&T INC., AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,** | JURY TRIAL |
| Defendants. | |

**AT&T'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. NO. 57)**

Defendants AT&T Services, Inc., AT&T Mobility, LLC and AT&T Corp. (collectively, "AT&T") submit this brief response to Plaintiff's Notice of Supplemental Authority regarding the pending Motion to Disqualify McKool Smith.

Plaintiffs' notice identifies the Court's recent order, *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 22-CV-00422-JRG-RSP, Dkt. 198 to argue that the Motion to Disqualify should be granted. While that order does address the degree to which Headwater and Interdigital may have shared a common legal interest, it is distinguishable for several key reasons. First, that order addressed a motion to compel, not a motion to disqualify. The legal standards, burden, and practical ramifications for these two motions are markedly distinct. In the Fifth Circuit, disqualification is "an extreme remedy that will not be imposed lightly." *Duncan v. Merrill Lynch Pierce, Fenner & Smith*, 646 F.2d 1020, 1025 n. 6 (5th Cir. 1981). Trial courts must consider disqualification motions "with meticulous deference to the litigant's rights." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995). Courts in the Eastern District of Texas subject motions to disqualify to "an ***exacting*** standard both to protect a party's right to counsel of choice as well as to discourage the use of such as a dilatory trial tactic." *Biote Med., LLC v. Jacobsen*, 2020 WL 2813201, at *2 (E.D. Tex. May 29, 2020).

Second, the order suggests that rather than challenging the existence of a common interest privilege, Samsung errantly conceded that there was at least a "one-way common interest"). *Id*. Of course, neither Samsung nor its counsel had access to the various sealed declarations filed in this case that demonstrate that Headwater and Interdigital were in fact counterparties in negotiations and were not contemplating any sort of joint litigation. *See*, e.g., Dkt. No. 47-5 ¶¶ 5, 6; Dkt. No. 47-4 ¶ 3. In contrast, AT&T has directly challenged the existence of any common interest between

1

the parties in view of controlling Fifth Circuit authority not analyzed in the Court's order. *See* Dkt. No. 47, at 9-12 (citing *In re Sata Fe Intern. Corp.*, 272 F.3d 705 (5th Cir. 2001)).

Third, even if the Court were to conclude that some degree of common interest privilege applied to some communications between Headwater and Interdigital, the Motion to Disqualify should still be denied because Headwater has failed to demonstrate that the purportedly privileged communications were substantially related to its assertion against AT&T. Nor could it since even Headwater concedes that it never even discussed suing AT&T with Interdigital. *See* Dkt. No. 51, at 5.

In sum, the Court's recent order in the *Samsung* case on a different evidentiary record and legal standard is not controlling—much less dispositive—of the pending Motion to Disqualify, which should be denied for the reasons set forth in AT&T's prior briefs. Dkt. Nos. 47, 51.

Dated: June 11, 2024.

**MCKOOL SMITH, P.C.**

/s/ *Nicholas Mathews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Erik Fountain
efountain@McKoolSmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin P. Hess
Texas State Bar No. 24087717
khess@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8749
Telecopier: (512) 692-8744

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**ATTORNEYS FOR AT&T CORP., AT&T INC., AT&T MOBILITY LLC, AND AT&T SERVICES INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 11, 2024.

/s/ *Nicholas Mathews*
Nicholas Mathews
