# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **HEADWATER RESEARCH LLC,**  Plaintiff,  vs.  **AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,**  Defendants. | Civil Action No.  2:23-cv-00397  LEAD CASE  JURY TRIAL |
| **HEADWATER RESEARCH LLC,**  Plaintiff,  vs.  **AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP.,**  Defendants. | Civil Action No.  2:23-cv-00398  MEMBER CASE  JURY TRIAL |

**DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF**
***INTER PARTES* REVIEW AND MANUFACTURER CASES**

Plaintiff Headwater Research LLC ("Headwater") is currently in the midst of a highly aggressive patent litigation campaign against several telecommunication device manufacturers and wireless carriers. Here, Headwater accuses AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Corp., (collectively "AT&T" or "Defendants) of infringing patent claims from four patents asserted across two cases. Headwater has additionally filed at least 10 other still-pending lawsuits against a variety of parties alleging infringement of dozens of related patents. The technologies in the cases are highly related. For example, in one of its several cases against Samsung, Headwater has accused Samsung's products of infringing certain patents related to data management applications, while Headwater here accuses AT&T of infringing nearly identical patents for selling the same Samsung phones that use the same data management applications. Headwater's overlapping case against Samsung it very likely to go to trial before the end of this year.

In addition to the many related actions pending in this District, AT&T, joined by other wireless network service providers facing parallel accusations of infringement, has initiated *inter partes* review proceedings against each asserted claim. Institution decisions are due in October 2024, December 2024, and January 2025—months before these cases are scheduled for trial.

Based on essentially the same operative facts, Cellco Partnership d/b/a Verizon Wireless ("Verizon") requested stay of a related case centered on the same four patents at issue here. *See* Case No. 2:23-cv-00352, Dkt. No. 93 (the "Verizon Motion").[1] AT&T likewise moves this Court to stay its cases pending institution decisions of the IPRs, at which point the parties may request a status conference to determine whether a new schedule in light of the pending IPR proceedings and/or the related litigation is in order. AT&T expressly incorporates the Verizon Motion and related briefing in support of this motion to stay herein.

---

[1] T-Mobile USA, Inc. and Sprint Corp. ("T-Mobile") moved for stay of its related cases with a nearly identical motion filed on the same date. *See* Case No. 2:23-cv-00379, Dkt. No. 93.

1

I.  **BACKGROUND**

The same facts recited in the Verizon Motion are true here. *See* Verizon Motion at 3-5.

Specifically, over the last two years, Headwater has filed a series of patent infringement suits against various device manufacturers and network carriers in this Court. The patents asserted in many of these cases are related—they are in the same patent family and are closely related by language and subject matter. 2:23-cv-00352 (E.D. Tex.) Dkt. No. 93-1. For example, Headwater filed its first case against Samsung in October 2022. *See Headwater Research LLC v. Samsung Elecs. Co.*, No.2:22-cv-00422-JRG-RSP (E.D. Tex.) ("*Samsung I*"). Trial in *Samsung I* was originally scheduled for August of 2024, but this date was continued and trial has not yet been reset. Later, on July 28, 2023, Headwater filed a complaint against Verizon, alleging infringement of four patents, i.e., U.S. Patent Nos. 8,589,541; 8,924,543; 9,198,042; 9,215,613 (the "Asserted Patents"). *See Headwater Research LLC v. Cellco Partnership D/B/A Verizon Wireless*, Case No. 2:23-cv-00352, Dkt. No. 1 ("*Verizon I*"). Then, in September 2023, over a year after filing its first suit against Samsung, Headwater filed these cases against AT&T (and T-Mobile) on the same four patents at issue in *Verizon I*. Headwater currently asserts 32 claims[2] from the four Asserted Patents against the same 200+ accused products at issue in *Verizon I*. Dkt. No. 53, at 3, 8.

Later, AT&T joined other network service providers in filing IPRs challenging the Asserted Patents on April 19, 2024, June 7, 2024, and June 20, 2024. *See* IPR2024-00809, IPR2024-00945, IPR2024-00944, IPR2024-00943, IPR2024-00942, IPR2024-01042, IPR2024-01041. The dates for institution are set for October 2024, December 2024, and January 2025. AT&T and the other network service providers filed three separate petitions related to the '541

---

[2] Headwater originally asserted infringement of 281 claims. In the period between Verizon's filing of the Verizon Motion and AT&T's filing of the instant Motion, Headwater has narrowed to 32 claims in compliance with a prior order from the Court. Dkt. No. 61.

Patent, for which Headwater originally asserted all 174 claims, and maintains assertion of 10 claims. Headwater filed a preliminary response to *only one* of those petitions. *See* IPR2024-00944, IPR2024-00943, IPR2024-00942. In its response to the '541 petition—which focused on the only two remaining dependent claims—Headwater argued against institution in part because AT&T had not moved to stay this litigation. *See* IPR2024-00944, Paper 10. Headwater reiterated this argument in its preliminary response to the petition against the '613 Patent. *See* IPR2024-00945, Paper 9. Headwater then made the argument for a third time in its preliminary sur-reply on the '042 patent proceedings. *See* IPR2024-00809, Paper 10.

The AT&T cases at issue here have not yet proceeded through the claim construction process, and fact discovery will remain open for another three months. Dkt. No. 41. Trial is currently scheduled for June 2, 2025—more than seven months away. *Id.*; *see also* Verizon Motion at 14-15.

## II.    ARGUMENT

AT&T expressly incorporates by reference the Verizon Motion. If the Court elects to grant Verizon's Motion, AT&T requests that the Court likewise grant this motion and stay these matters.

### A.    Legal Standard

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts consider the following three factors when determining whether a stay of litigation is justified: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues; (3) whether discovery is complete and whether a trial date has been set." *Veraseal LLC v. Costco Wholesale Corp.*, 2018 WL 4524122, at *1 (E.D. Tex. May 17, 2018) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356

3

F. Supp. 2d 660, 662 (E.D. Tex. 2005)). As articulated in the Verizon Motion, each of these factors weighs in favor of granting a stay in these cases. Verizon Motion, at 6-15.

### B.  Staying the Cases will Simplify the Issues in This Matter

Staying the cases at this point in the schedule will simplify the issues in two ways: allowing the parties and the Court to see which (if any) claims survive IPRs, and allowing the parties and Court to address whether any portion of these cases is resolved by the outcome of any manufacturer lawsuits (including *Samsung I*).

First, Defendants have asserted multiple grounds of unpatentability for all Asserted Patents in the IPRs collectively filed by the network service providers involved in this and related litigation. Resolution of the IPRs may cause some, or potentially all, of the litigation to "end altogether." *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). *AGIS Software Dev. LLC v. Google LLC*, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) ("In light of the increased probability the asserted claims will change in scope, or be dropped or canceled altogether, the Court finds that upon considering the totality of circumstances in this case at this time, a stay is warranted.") At worst, staying the case pending resolution of the IPR review will narrow the scope of the claims at issue. For the reasons articulated in the Verizon Motion, the institution of prior Samsung IPRs challenging related patents on identical prior art indicates that institution here is likely such that a stay will likely simplify the issues. Verizon Motion, at 7-8.

Second, resolution of the Samsung cases would likewise simplify or eliminate several of the issues in these cases, justifying a stay. As articulated in the Verizon Motion, Headwater has accused 248 products that AT&T sells of infringement—including Samsung devices. Yet as noted above, Headwater is independently pursuing lawsuits against Samsung on *nearly identical*

*functionality* asserting *closely related patents*.[3] Verizon Motion, at 2, 10. Assuming that Headwater is victorious at trial against Samsung later this year, staying these cases will simplify issues through principles of patent exhaustion and implied license and would prevent Headwater from seeking double-recovery from AT&T for the sale of Samsung products. As articulated in the Verizon Motion, the doctrines of claim preclusion and claim splitting would further bar attempts to seek recovery from AT&T after resolution of *Samsung I. Id.*, at 10-13. Even if Headwater loses its claims against Samsung, a stay will simplify the issues because the *Kessler* doctrine would likely prohibit Headwater from pursing the same claims against Samsung's customer AT&T. *In re PersonalWeb Techs. LLC*, 85 F.4th 1148, 1155 (Fed. Cir. 2023). Regardless of outcome, staying these cases while *Samsung I* is resolved will simplify the issues for the parties and the court in this litigation. *See also*, Verizon Motion, at 10-13.

      C.      **The Stage of the Case Favors a Stay**

In these AT&T cases, claim construction briefing has yet to commence, much less is claim construction determined. The close of fact discovery is months away. The exchange of expert reports is even farther in the future. The status of these cases—i.e., before the "most burdensome" part—favors a stay. *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019) ("[T]he most burdensome part of the case, for both the parties and the court, is the period immediately before, during, and after trial."). Staying the case at this point will save the parties significant resources on issues that may eventually be mooted by an IPR decision. *See also* Verizon Motion at 13-14.

---

[3] While the patents asserted against Samsung are not identical to the Asserted Patents in these cases, they are part of the same patent family and have the same subject matter. Furthermore, there is significant overlap in the technology claimed across all patents. Preclusion can thus apply. *See, e.g.*, *XY, LLC v. Trans Ova Genetics, LC*, 968 F.3d 1323, 1333 (Fed. Cir. 2020) (applying claim preclusion where asserted claims were "essentially the same" as previously asserted claims).

### D.     Headwater Will Not Suffer Prejudice

As articulated in the Verizon Motion, Headwater will not suffer undue prejudice if the Court stays the case. Verizon Motion, at 14-15. This matter is earlier in its schedule than the Verizon case, so Headwater's potential prejudice is even more limited than in that matter. Especially compelling is Headwater's own agreement to stay its lawsuit against Motorola based on the filing of IPR petitions. *See* Case No. 5:23-cv-04496 (N.D. Cal.), Dkt. 71, 72. Headwater's actions indicate that it does not view a stay under these circumstances to be prejudicial. *See also*, Verizon Motion at 14-15.

### III.    CONCLUSION

For the foregoing reasons, and the additional reasons articulated in the Verizon Motion, AT&T respectfully asks the Court to stay these cases pending institution decisions of the co-pending IPRs, at which point the parties may request a status conference to determine whether a new schedule in light of the pending IPR proceedings and/or the related litigation is in order. To the extent the Court denies the present motion, AT&T would request leave to refile after institution of the pending IPRs.

| | |
|---|---|
| Dated: October 16, 2024 | Respectfully submitted,<br><br>/s/ *Nicholas Mathews*<br>Nicholas Mathews (Lead Counsel)<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com<br>Erik B. Fountain<br>Texas State Bar No. 24097701<br>efountain@mckoolsmith.com<br>Alexander J. Chern<br>Texas State Bar No. 24109718<br>achern@McKoolSmith.com<br>Clare Churchman<br>Texas State Bar No. 24132041<br>cchurchman@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Kevin Hess<br>Texas State Bar No.<br>khess@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8752<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>ddacus@dacusfirm.com<br>**THE DACUS FIRM, PC**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Telephone: (903)705-1117<br>Facsimile: (903) 581-2543<br><br>**AT&T CORP., AT&T MOBILITY LLC, AND AT&T SERVICES INC.** |

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 16, 2024.

/s/ *Nicholas Mathews*
Nicholas Mathews

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for Defendants conferred with counsel for Plaintiff regarding this Motion. Counsel for Plaintiff indicated that they oppose the relief sought herein.

/s/ *Nicholas Mathews*
Nicholas Mathews