# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **HEADWATER RESEARCH LLC,** | |
| Plaintiff, | Civil Action No. 2:23-cv-00397 |
| vs. | LEAD CASE |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | JURY TRIAL |
| Defendants. | |
| **HEADWATER RESEARCH LLC,** | |
| Plaintiff, | Civil Action No. 2:23-cv-00398 |
| vs. | MEMBER CASE |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | JURY TRIAL |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW AND MANUFACTURER CASES**

There are specific, concrete reasons why a stay is appropriate in this case at this juncture. The benefits of a stay are far from speculative – postponing resolution of this case until institution decisions are made, and the related manufacturer cases are resolved, will unavoidably narrow the issues. Moreover, a unique combination of factors sets this litigation apart. Headwater's Response does not rebut these reasons or address the unique context of this case. And several of Headwater's arguments, properly understood, support a stay. This Court should grand AT&T's Motion.

I.   **RESOLUTION OF THE AT&T IPRS WILL SIMPLIFY THE ISSUES IN THIS CASE.**

As explained in AT&T's Motion, AT&T has filed IPRs (in cooperation with other carriers involved in related litigation with Headwater) challenging every asserted claim of every asserted patent in this case. Mot. at 2-3. The first IPR has already instituted. The remaining IPRs – whether instituted or not – will inevitably simplify the issues in this case.

*First*, institution of the remaining IPRs is likely, as indicated by recent institution on related patents based on overlapping prior art. As argued in AT&T's Motion, the prior institution of the Samsung IPR (challenging the '544 Patent, which is related to the '541 and '613 Patents asserted here) strongly indicates that institution will come for the two related patents asserted in this case. Headwater argues in response that Defendants have failed to account for key differences between the Asserted Patents and the '544 Patent, but Headwater has not identified any of those differences or explained why the alleged differences make institution any less likely. All three patents are closely related and have significantly overlapping claim language. In fact, if anything, the difference between the '544 Patent and the Asserted Patents supports Defendants' position that institution is likely. The '544 Patent includes one limitation not in the Asserted Patents, meaning that the Asserted Patents almost completely overlap in subject matter but are slightly broader in claim language than the '544 Patent. Prior art that invalidates the narrower claims of the '544

1

Patent will also invalidate the broader claims in the related patents asserted in this case. This difference (the only apparent difference, since Headwater has not identified others) supports AT&T's position, not Headwater's.

Headwater also argues that there are minor differences in the prior art asserted in the various IPRs. However, Headwater does not (1) explain why differences in secondary references make institution less likely, or (2) address the core assertion that an institution decision is likely to be consistent across all patents because the patents are closely related, have overlapping claim language, and face challenges based on the same core prior art references.

The recent institution of the '042 IPR at issue here also indicates that further case narrowing is highly inevitable. Headwater argues in response that AT&T did not meet its burden to show that institution of the '042 IPR is likely, Resp. at 7, but institution on that patent *already occurred* on October 23, long before Headwater filed its response. IPR2024-00809, Paper 11. Institution of the '042 IPR means that validity issues a stay *will* streamline the issues before the Court for at least one patent. And the likely institution of the '541 and '613 IPRs (as indicated by institution of the Samsung IPR), means that a stay is likely to streamline issues for at least two others.

***Second***, even if the remaining IPRs are *not* instituted, staying this case until after a decision on institution will simplify the issues. Headwater has adopted a consistent practice of abandoning claims or dropping patents to avoid either institution or a Final Written Decision. In *Samsung I*, Headwater voluntarily abandoned 48 claims in a bid to avoid institution and dropped entire patents from the district court proceeding to attempt to moot the IPRs. Verizon Motion at 3-5. Therefore, if any of the other IPRs are *not* instituted, this decision will likely be due to Headwater's own actions in abandoning claims or dismissing patents from this litigation. This too will simplify the issues before this Court.

***Third***, even partial resolution of the outstanding IPRs will simplify this case. The four patents in this case cover discrete technologies and accuse different functions of each product. For example, Headwater charts the '042 Patent against features including, attach requests, bearer resource allocation requests, and other 3GPP technologies, in its infringement contentions. Ex. 1. There is no other patent in this case that Headwater claims covers these specific technologies. Therefore, staying this case to allow for resolution of only the '042 IPR may still simplify the issues before this Court, potentially eliminating entire technologies or products from the case.

II.   **RESOLUTION OF THE MANUFACTURER CASES WILL SIMPLIFY ISSUES IN THIS CASE.**

Staying this case until the manufacturer cases reach final judgment will also simplify the issues. AT&T's motion articulated several doctrines that may impact infringement and damages in this litigation. Mot. at 4-5. Headwater's primary response is that the applicability of these doctrines is "speculative" and that AT&T has not met its burden to demonstrate that the doctrines apply. Resp. at 7; 8 n.4. But Headwater misstates the standard. In the context of a motion to stay, the only question is whether the doctrines are "likely" to simplify the issue. *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). AT&T has met this burden.

***First***, Headwater entirely ignores the doctrines of patent exhaustion and implied license. These doctrines are likely implicated given Samsung's supplier/manufacturer relationship with AT&T. Mot. at 5; Verizon Motion at 10-13.

***Second***, claim preclusion may apply across the various cases, and would simplify the issues by barring (at least) some portion of the claim. Headwater contends that claim preclusion requires "identity of the parties," but ignores the cases identified in the incorporated Verizon Motion that show that strict identicality of parties is not required. Verizon Motion at 12; *see also* Federal Practice and Procedure § 4463 (discussing exceptions to traditional mutuality requirement).

3

***Third***, the fact that claim preclusion, issue preclusion, and the *Kessler* doctrine (doctrines that Headwater concedes would simplify this case if applicable) all require a final judgment further supports staying this litigation. Headwater's argument that these doctrines require a final judgment does not weigh against staying the case. Headwater is correct on the law but misses the point – it would be wasteful to litigate this case while *Samsung I* proceeds to final judgment, only to narrow this case on the eve of trial. This is exactly why AT&T requests a stay – a delay in this case would allow the parties to assess the impact of these doctrines, which issues have been resolved, and how to proceed in a sensible and resource-conscious manner. *Motorola Mobility, Inc. v. TiVo, Inc.*, No. 5:11-cv-53, 2011 WL 13196554, at *4 (E.D. Tex. July 6, 2011) (granting a motion to stay pending resolution of an earlier filed case where "[d]ecisions made…will likely streamline or simplify certain issues" in the later case); *Global Equity Management (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) (same).

***Fourth***, contrary to Headwater's characterization, many of the doctrines identified in AT&T's motion can apply because the manufacturer and carrier cases present "essentially the same" issues. Headwater concedes that the patents do not need to be literally the same for the various identified doctrines to apply. The patents need only be related, especially when the patents have overlapping claim language. Opp. at 8 (quoting *XY, LLC v. Trans Ova Genetics, LC.*, 968 F.3d 1323, 1333 (Fed. Cir. 2020)). Headwater does not identify *any* difference between the patents, nor does Headwater dispute that there is complete overlap in products as to the Samsung devices accused across the cases. While Headwater is correct that other devices are accused in this litigation, resolution of litigation regarding any subset of the accused devices will unavoidably simplify the issues in the case.

At bottom, the thrust of Headwater's argument seems to be that resolution of the

4

manufacturer case will not resolve every issue (like willfulness) in this case. But AT&T does not need to show that a stay would dispose of the entire case. Instead, the inquiry is whether a stay is "likely" to simplify the issues. *NFC Tech. LLC*, 2015 WL 1069111, at *1; *Veraseal LLC v. Costco Wholesale Corp.*, 2018 WL 4524122, at *1 (E.D. Tex. May 17, 2018). AT&T has met that burden.

### III.   THE REMAINING FACTORS FAVOR STAY

*First*, the stage of the case favors a stay. Headwater does not dispute that no fact depositions have occurred in this case, and that expert discovery, pre-trial, and trial are all months away. Additionally, the claim construction hearing has not yet occurred, and briefing is still in very early stages. The status of these cases—i.e., before the "most burdensome" part—favors a stay. *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019).

*Second*, Headwater will not be prejudiced by a stay. Headwater alleges that it learned of AT&T's supposed use of Headwater's technology *over a decade* ago. Dkt. No. 1, ¶¶ 27-29. Yet Headwater waited until last year to file suit against AT&T. *Id*. Headwater did not treat this litigation as urgent, and cannot now claim prejudice due to a delay that is a fraction of the duration that Headwater *chose* to wait. Additionally, Headwater agreed to a stay in a related case against Motorola pending institution decisions for other related patents. *See* Case No. 5:23-cv-04496 (N.D. Cal.), Dkt. 71, 72. Headwater argues that stays are routinely granted in the Northern District of California, but this too supports AT&T's point – if Headwater could identify unique prejudice caused by delay, it would have raised and litigated those issues. Headwater failed to do so, instead reiterating only generic reasons why it would be prejudiced.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to stay should be granted.

Dated: November 7, 2024

Respectfully submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@mckoolsmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Hess
Texas State Bar No.
khess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**AT&T CORP., AT&T MOBILITY LLC, AND AT&T SERVICES INC.**

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 7, 2024.

/s/ *Nicholas Mathews*
Nicholas Mathews