IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AT&T INC., AT&T SERVICES, INC., § <br> AT&T MOBILITY, LLC, and AT&T § <br> CORP., § <br> § <br> *Defendants*. § | Case No. 2:23-cv-00397-JRG-RSP |

# ORDER

The Court held a hearing in the above-captioned case on February 5, 2025, regarding motions to compel by Defendants AT&T Services, Inc., AT&T mobility, LLC, and AT&T Corp. (**Dkt. No. 94; Dkt. No. 95**), and Plaintiff Headwater Research LLC (**Dkt. No. 96**). After consideration of both parties' arguments in their briefs and at the hearing, the Court hereby **ORDERS** the following:

**I.  Defendants' Motion to Compel Production of Documents, Supplemental Interrogatory Responses, and Amended Privilege Log (Dkt. No. 94)**

The Motion is **GRANTED** as to (1) documents produced to other defendants, along the lines agreed to in Dkt. No. 74, by February 7, 2025, and (2) by February 7, 2025, Plaintiff is to produce all patent valuation documents from 2018 to 2022, or confirm in writing that it has already done so; and to produce the power point presentation by Mr. Harris that was referenced in the deposition of Jennifer Smith. The motion is **DENIED** as to ownership documents.

II. **Defendants' Motion to Compel Supplemental Interrogatory Responses (Dkt. No. 95)**

The Motion is **GRANTED** to the extent that by February 7, 2025, Plaintiff is to supplement the answers to Interrogatories 26 & 27 regarding the facts supporting Plaintiff's contention that Defendants had pre-suit notice of infringement of Plaintiff's patents, as well as which patents Defendants had notice of, and the dates by which Defendants had notice of said patents.

The motion is **DENIED** as to Interrogatories 20 & 21.

III. **Plaintiff's Motion to Compel Relevant Usage Data (Dkt. No. 96)**

The Motion is **GRANTED** to the extent that by February 14, 2025, Defendants are to provide, or confirm it does not exist, the data regarding how many units of the accused products were sold by Defendants as opposed to provided by the customers as BYOD devices. Furthermore, by the same date Defendants shall supplement their written discovery responses to state whether they will rely on the usage data discussed at the hearing.

**SIGNED this 7th day of February, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE