Exhibit 5

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | Case No. 2:23-cv-00352-JRG-RSP |
| v. | |
| VERIZON COMMUNICATIONS, INC., ET AL., | |
| *Defendants.* | |

## NOTICE OF SUBPOENA TO MOTOROLA MOBILITY LLC

Please take notice that, pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Plaintiff Headwater Research LLC ("Headwater") will serve the attached subpoenas on Motorola Mobility LLC ("Motorola"). *See* Exhibit 1. The subpoenas require a deposition on the topics in Exhibit A and the production of the documents specified in Exhibit B. The deposition is to be held at the time and place set forth in the subpoena or at another location and time to be arranged. The complaint in the above-captioned case has been included as Attachment A and the Protective Order has been included as Attachment B.

Dated: May 21, 2024

_/s/ Neil A. Rubin_
Marc A. Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian D. Ledahl
CA State Bar No. 186579
Benjamin T. Wang
CA State Bar No. 228712
Dale Chang
CA State Bar No. 248657
Paul A. Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip X. Wang
CA State Bar No. 262239
Amy E. Hayden
CA State Bar No. 287026
Jason Wiethotler
CA State Bar No. 337139
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: bledahl@raklaw.com
Email: bwang@raklaw.com
Email: dchang@raklaw.com
Email: pkroeger@raklaw.com
Email: nrubin@raklaw.com
Email: kdavis@raklaw.com
Email: jtsuei@raklaw.com
Email: pwang@raklaw.com
Email: ahayden@raklaw.com
Email: jwietholter@raklaw.com

Robert Christopher Bunt
TX State Bar No. 00787165
PARKER BUNT & AINSWORTH
100 E Ferguson
Tyler, TX  75702
Telephone: 903-531-3535
Email: rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF, HEADWATER RESEARCH LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 21, 2024, all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via electronic mail.


                                                    */s/ Neil A. Rubin*
                                                    Neil A. Rubin

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Texas

| | | |
|---|---|---|
| Headwater Research LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:23-cv-00352-JRG-RSP |
| Verizon Communications, Inc., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Motorola Mobility LLC
            c/o C T Corporation System, 208 So LaSalle St, Suite 814, Chicago IL 60604-1101
                          *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:          See Exhibit A

| Place: Veritext, 1 N. Franklin Suite 3000 Chicago, Illinois 60606 alternatively, remote video conference (or a mutually agreeable place) | Date and Time: 06/21/2024 9:00 am |
|---|---|

        The deposition will be recorded by this method:     audio, audiovisual, and/or stenographic means

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        05/21/2024

                    *CLERK OF COURT*
                                                        OR
                                                                /s/ Neil A. Rubin
        _____                _____
            *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
 Headwater Research LLC
_____ , who issues or requests this subpoena, are:
Neil A. Rubin, nrubin@raklaw.com, 310-826-7474, Russ August & Kabat, 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    2:23-cv-00352-JRG-RSP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Headwater Research LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  2:23-cv-00352-JRG-RSP |
| Verizon Communications, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Motorola Mobility LLC
c/o C T Corporation System, 208 So LaSalle St, Suite 814, Chicago IL 60604-1101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit B

| Place: Veritext, 1 N. Franklin Suite 3000 Chicago, Illinois 60606 (or a mutually agreeable place) | Date and Time: 06/21/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/21/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Neil A. Rubin |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

Neil A. Rubin, nrubin@raklaw.com, 310-826-7474, 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:23-cv-00352-JRG-RSP

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A – TOPICS FOR TESTIMONY

## Definitions

1.     The term "document" includes "originals" and "duplicates" and has the same meaning as the terms "writings and recordings" and "photographs" as defined in Rules 1001(1) and (2) of the Federal Rules of Evidence, whether or not claimed to be privileged against discovery on any ground. Any document that contains any comment, notation, addition, deletion, insertion, or marking of any kind, which is not part of another document, is a separate document.

2.     The terms "original" and "duplicate" are defined in Rules 1001(3) and (4) of the Federal Rules of Evidence, as follows: "Original" means the writing itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original." A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photographs, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques, that accurately reproduces the original.

3.     The term "communication" refers to and includes any contact whatsoever and any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, facsimile, electronic mail, Internet communication, social media message, electronic message, SMS or MMS message, tape recording, digital recording, discussion,

face-to-face meeting, conference, or meeting of any kind (whether in person, by telephone, Internet phone or videoconference, or in any other form).

4.      The terms "relate," "relates to," "related to" or "relating to" shall mean all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of, or in connection with.

5.      The term "evidence" means testimony, writings, material objects, or other things presented to the senses that could be offered to prove the existence or nonexistence of a fact.

6.      The terms "you" and "your" mean the responding party, including any of its present and former agents, officers, directors, employees, affiliates, investigators, trustees, consultants, advisors, accountants, attorneys and all other persons or entities acting or purporting to act on its behalf or on behalf of its predecessors, subsidiaries, parents, affiliates and successors.

7.      The terms "person" or "persons" mean and include natural persons, corporations, companies, limited liability companies, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities or any other cognizable entities.

8.      The term "Carrier" refers to any entity which provides telecommunications services within the United States, including but not limited to Verizon Communications Inc. (dba "Verizon" and "Verizon Wireless"), T-Mobile US, Inc. (dba "T-Mobile"), AT&T Inc., Sprint LLC (fdb "Sprint"), and United States Cellular Corp. (dba "U.S. Cellular").

9.      The term "Accused Product(s)" refers to all of your phones, tablets, wearables, and devices used, sold, offered for sale, or imported between 2017 and the present comprising Android

software (e.g., Android Operating System Platform) including but not limited to the following: Droid Maxx, Droid Maxx 2, Droid Mini, Droid Turbo, Droid Turbo 2, Droid X (2nd Gen), Edge 2022, edge 5G UW, Edge+, Edge+ 5G UW, moto e (5th Gen), moto e5 play, moto e plus (5th Gen), Moto e6, moto force z droid, moto g play (2021), Moto g power (2021), moto g power (2022), moto g pure, Moto g stylus 5G (2021), Moto g stylus 5G (2022), moto g6, moto g7 power, REVVL 2, REVVL 2 Plus, REVVL 5G, moto e 6th gen, REVVL V+ 5G, razr 5G, REVVL 6 PRO 5G, Stylus 5G, moto g7 power, Moto X (2nd Gen), Moto Z Force Droid, Moto Z Play Droid, moto z2 force edition, Moto Z2 Play, moto z3, moto z4, one 5G UW, one 5G UW ace, Razr (2020), REVVLRY,  one 5G, REVVL 4, moto g 5G (2022), REVVL 6 5G, G6 Play (6th Gen), REVVL 4+, moto tab, razr+, and moto g stylus 5G (2023), including all versions, revisions, and variations of the foregoing.

10.     The term "Network Access Control Functionality" refers to functionality relating to foreground applications, background applications, sleeping applications and functionality that monitors, blocks, allows, defers, or controls network access or network data communications in any way, including but not limited to features that control network access for an application based upon whether it is in the foreground or background or that control network access based upon Carrier-defined lists or policies, and including but not limited to the Data Saver, Battery Saver, Doze Mode, App Standby, and Battery usage controls (including Samsung's Device Care) features.

**Topics for Deposition**

1.     Your organizational and corporate structure, and all departments, teams, or groups responsible for the development, engineering, and operation of the Accused Products, including the identity of each predecessor, successor, division, subsidiary, parent, partnership, joint venture,

affiliate, and related business entity, whether organized under the laws of the United States or another sovereign, and whether that organizational structure has changed over the past two years.

2.    The identity of each Accused Product, including the product's name, internal and external model and version number(s), development names, project names, software build IDs, and any other designation or nomenclature used to identify the Accused Products and their features.

3.    The dates of first sale and commercial usage of each Accused Product, including for each product name, internal and external model and version number, development name, project name, software build ID, and any other designation or nomenclature used to identify the Accused Products.

4.    The research, design, development, features, performance, function, operation, and use of each Accused Product.

5.    The types and locations of documents generated in the design and development of the Accused Products, including the custodians of any such documents and the identity of all persons involved in the design and development of the Accused Products and their features.

6.    Source code for each of the Accused Products, including the design, architecture, authorship, revision control, development, compilation/synthesis/building, deployment, testing, performance, and operation of such source code, wherever that source code may be stored or executed, including, without limitation, information regarding the current and prior versions of source code for Network Access Control Functionality.

7.    Any similarities and/or differences between or across each Accused Product, including but not limited to components, component suppliers, technical specifications, performance, and/or source code.

8.      For each Accused Product, each integration, enhancement, fix, change, addition, deletion, update, or modification to the operating system or user interface for the Accused Products and related to Network Access Control Functionality.

9.      The benefits and/or advantages of any Accused Product, including but not limited to the benefits and/or advantages of any Network Access Control Functionality.

10.     The identity and source of each component in each Accused Product, including the component's name, internal and external model and version number(s), development names, project names, software build IDs, and any other designation or nomenclature.

11.     The searches performed by You to meet Your obligations in responding to subpoenas in this action, including the identity of persons who performed the search(es), the types of media and systems searched, any key words used to cull materials, and the locations searched.

12.     The source, location, chain of custody, and authenticity of documents produced by You in this litigation.

13.     Communications and information exchanged between You and any Carrier regarding the design, development, features, performance, function, operation, use, and testing of any hardware or software components of the Accused Products, including of any Network Access Control Functionality.

## EXHIBIT B – DOCUMENTS FOR PRODUCTION

### Definitions

1.      The term "document" includes "originals" and "duplicates" and has the same meaning as the terms "writings and recordings" and "photographs" as defined in Rules 1001(1) and (2) of the Federal Rules of Evidence, whether or not claimed to be privileged against discovery on any ground. Any document that contains any comment, notation, addition, deletion, insertion, or marking of any kind, which is not part of another document, is a separate document.

2.      The terms "original" and "duplicate" are defined in Rules 1001(3) and (4) of the Federal Rules of Evidence, as follows: "Original" means the writing itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original." A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photographs, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques, that accurately reproduces the original.

3.      The term "communication" refers to and includes any contact whatsoever and any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes without limitation any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, facsimile, electronic mail, Internet communication, social media message, electronic message, SMS or MMS message, tape recording, digital recording, discussion,

1

face-to-face meeting, conference, or meeting of any kind (whether in person, by telephone, Internet phone or videoconference, or in any other form).

4.    The terms "relate," "relates to," "related to" or "relating to" shall mean all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of, or in connection with.

5.    The term "evidence" means testimony, writings, material objects, or other things presented to the senses that could be offered to prove the existence or nonexistence of a fact.

6.    The terms "you" and "your" mean the responding party, including any of its present and former agents, officers, directors, employees, affiliates, investigators, trustees, consultants, advisors, accountants, attorneys and all other persons or entities acting or purporting to act on its behalf or on behalf of its predecessors, subsidiaries, parents, affiliates and successors.

7.    The terms "person" or "persons" mean and include natural persons, corporations, companies, limited liability companies, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities or any other cognizable entities.

8.    The term "Carrier" refers to any entity which provides telecommunications services within the United States, including but not limited to Verizon Communications Inc. (dba "Verizon" and "Verizon Wireless"), T-Mobile US, Inc. (dba "T-Mobile"), AT&T Inc., Sprint LLC (fdb "Sprint"), and United States Cellular Corp. (dba "U.S. Cellular").

9.    The term "Accused Product(s)" refers to all of your phones, tablets, wearables, and devices used, sold, offered for sale, or imported between 2017 and the present comprising Android

software (e.g., Android Operating System Platform) including but not limited to the following: Droid Maxx, Droid Maxx 2, Droid Mini, Droid Turbo, Droid Turbo 2, Droid X (2nd Gen), Edge 2022, edge 5G UW, Edge+, Edge+ 5G UW, moto e (5th Gen), moto e5 play, moto e plus (5th Gen), Moto e6, moto force z droid, moto g play (2021), Moto g power (2021), moto g power (2022), moto g pure, Moto g stylus 5G (2021), Moto g stylus 5G (2022), moto g6, moto g7 power, REVVL 2, REVVL 2 Plus, REVVL 5G, moto e 6th gen, REVVL V+ 5G, razr 5G, REVVL 6 PRO 5G, Stylus 5G, moto g7 power, Moto X (2nd Gen), Moto Z Force Droid, Moto Z Play Droid, moto z2 force edition, Moto Z2 Play, moto z3, moto z4, one 5G UW, one 5G UW ace, Razr (2020), REVVLRY,  one 5G, REVVL 4, moto g 5G (2022), REVVL 6 5G, G6 Play (6th Gen), REVVL 4+, moto tab, razr+, and moto g stylus 5G (2023), including all versions, revisions, and variations of the foregoing.

10.    The term "Network Access Control Functionality" refers to functionality relating to foreground applications, background applications, sleeping applications and functionality that monitors, blocks, allows, defers, or controls network access or network data communications in any way, including but not limited to features that control network access for an application based upon whether it is in the foreground or background or that control network access based upon Carrier-defined lists or policies, and including but not limited to the Data Saver, Battery Saver, Doze Mode, App Standby, and Battery usage controls (including Samsung's Device Care) features.

**Documents Requested**

1.    Produce all documents and things relating to the naming convention, designation, branding, labeling, or other identification of the Accused Products and/or features or components of the Accused Products, including but not limited to the format and meaning of internal and external names, numbers, product names, product numbers, and/or other identifiers.

2.      Produce documents and things sufficient to identify each business entity that is or has been involved in the creation, research, design, development, and/or manufacture of the Accused Products.

3.      For each Accused Product, produce documents sufficient to identify and describe each version, including any differences between each version of the Accused Products.

4.      Produce all source code for the Accused Products that relates to Network Access Control Functionality.

5.      Produce all documents and things relating to each integration, enhancement, fix, change, addition, deletion, update, or modification to the operating system or user interface for the Accused Products and related to Network Access Control Functionality.

6.      Produce all documents and things relating to the origination, conception, creation, formation, or development of functionalities in the Accused Products relating to Network Access Control Functionality.

7.      Produce all documents and things relating to Carrier-provided requirements, prerequisites, proposals, and expectations to add, develop, implement, include, or otherwise support in any of the Accused Products functionality related to Network Access Control Functionality.

8.      Produce all documents and things relating to the benefits and/or advantages of any Accused Product, including but not limited to the benefits and/or advantages of any Network Access Control Functionality.