# Exhibit J

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-CV-00379-JRG-RSP |
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-CV-00377-JRG-RSP |

## **DEFENDANTS' NOTICE OF SUBPOENA TO QUALCOMM, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rules 30, 34, and 45 of the Federal Rules of Civil Procedure, Defendants T-Mobile USA, Inc. and Sprint Corp. (collectively, "Defendants") have caused or will cause the attached subpoena to be served on Qualcomm, Inc. ("Qualcomm").

Please take further notice that Defendants will require Qualcomm to produce the documents, tangible things, and items set out in Attachment A to the subpoena commanding production of documents, a copy of which is attached hereto. The documents, tangible things, and items shall be produced at the place, date, and time specified in the subpoena or another place, date, and time agreed to by the parties.

Dated: September 13, 2024

/s/ *Katherine Q. Dominguez*

Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4015

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

Andrew Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: (650) 849-5300

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, the foregoing was served to plaintiff's counsel of record via email.

*/s/ Charlie Sim*
Charlie Sim

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Headwater Research LLC </br> *Plaintiff* </br> v. </br> T-Mobile US, Inc. and Sprint Corp. </br> *Defendant* | Civil Action No. 23-cv-00379 and -00377 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Qualcomm Incorporated c/o The Pretice-Hall Corporation System
251 Little Falls Drive, Wilmington, DE, 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Gibson, Dunn & Crutcher LLP </br> 333 S. Grand Ave., Los Angeles, CA 90071 | Date and Time: </br> 10/14/2024 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/13/2024

| *CLERK OF COURT* | OR | Katherine Q. Dominguez |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* T-Mobile US, Inc. and Sprint Corp. , who issues or requests this subpoena, are:

Katherine Q. Dominguez, Gibson Dunn & Crutcher LLP Tel: (212) 351-2338 Email: kdominguez@gibsondunn.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-00379 and -00377

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]    [Save As...]    [Add Attachment]    [Reset]

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

The following definitions and instructions apply.

## DEFINITIONS

1. "You," "Your," and "Qualcomm" mean Qualcomm Inc., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all Qualcomm affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with Qualcomm and all predecessors and successors in interest to such entities.

2. "Headwater" means Headwater Research, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all Headwater affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with Headwater and all predecessors and successors in interest to such entities.

3. "Actions" means the above-captioned proceedings in the United States District Court for the Eastern District of Texas.

4. "Asserted Patents" means United States Patent Nos. 8,589,541 ("the '541 patent"), 8,924,543 ("the '543 patent"), 9,198,042 ("the '042 patent"), and 9,215,613 ("the '613 patent").

5. "Named Inventor" means any individual who is listed as an inventor on the Asserted Patents, or any Counterpart thereof.

6. "Document" and "Documents" shall be interpreted in their broadest possible sense and, at a minimum, shall by synonymous in meaning and equal in scope to usage of the term in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including any medium in which information is stored, by Rule 1001 of the Federal Rules of Evidence, including without limitation Electronically Stored Information. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

7. "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

8. "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

9. "Third Party" means a Person or an Entity other than Qualcomm.

10. "Communication" means any transmission of information, including drafts.

11. "And" shall be treated as a synonym for "or" and vice versa. "Any" and "each" shall be understood to include one another and "all" whenever necessary to expand the scope of the request. The words "all," "every," "any," and "each" shall include each other whenever possible to expand the scope of the request.

12. In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of each topic all information that might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean

each and every.

## INSTRUCTIONS

1. Accompanying any document production, you shall provide a written declaration from the custodian or other qualified person certifying that the respective document production identified by Bates range, was: (A) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) kept in the course of the regularly conducted activity; and (C) made by the regularly conducted activity as a regular practice.

2. These requests shall apply to all items (e.g., documents or things) in your possession, custody, or control and/or the possession, custody, or control of any of your employees, agents, corporations, parent or subsidiary corporations, and/or divisions or affiliates.

3. If no documents are responsive to a particular request, state that no responsive documents exist.

4. If You claim that a Request for Production is over-broad or unduly burdensome, please respond to that portion of the Request for Production to which You do not object and specifically state why You claim the Request for Production is over-broad or unduly burdensome.

5. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.

6. A copy of the Stipulated Protective Order entered in this case is included herewith. Thus, pursuant to the Protective Order adopted by the Court in this case, if You deem any document or information produced to be confidential, designate the document pursuant to the Protective Order.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to determine the dates of employment of Gregory Raleigh at Qualcomm, including but not limited to information identifying the start and termination dates of Gregory Raleigh.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and things reflecting the employment of Gregory Raleigh by You, including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements between You and Gregory Raleigh.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify which of Your employees were Gregory Raleigh's supervisors while employed by You, including but not limited to information identifying each of Gregory Raleigh's supervisors during his employment to whom Gregory Raleigh directed requests to implement his ideas, creations, inventions, projects, and expenditures to, and whether said supervisors are still employed by You.

**REQUEST FOR PRODUCTION NO. 4:**

All documents reflecting any requests by Gregory Raleigh while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 5:**

All documents, communications, and things reflecting any investigation, determination, inquiry, belief, opinion, or position as to whether the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.) was related to Your business, products, intellectual property, or services in the 2008 to 2010 timeframe.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Gregory Raleigh to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to determine the various dates of employment of Alireza Raissinia at Qualcomm, including but not limited to information identifying any start and termination dates of Alireza Raissinia relating to at least his two separate time periods as a Qualcomm employee.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, communications, and things reflecting the employment of Alireza Raissinia by You, including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements

between You and Alireza Raissinia, including relating to his time as a Qualcomm employee ending in 2009.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify which of Your employees were Alireza Raissinia's supervisors while employed by You before Alireza Raissinia left Qualcomm in 2009, including but not limited to information identifying each of Alireza Raissinia's supervisors during his employment to whom Alireza Raissinia directed requests to and/or suggestions for implementing his ideas, creations, inventions, projects, and expenditures, and whether said supervisors are still employed by You.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting any requests by Alireza Raissinia while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 11:**

All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Alireza Raissinia to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

9

**REQUEST FOR PRODUCTION NO. 12:**

All documents, communications, and things relating to or corresponding with the conception, reduction to practice, and filing of US Patent No. 8,856,798 and European Patent No. 2215873B1, to which Qualcomm is the assignee.

**REQUEST FOR PRODUCTION NO. 13:**

A declaration by You that authenticates all the documents produced in response to this subpoena.