# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:22-CV-00422-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTIONS *IN LIMINE*

At the Pretrial Conference in the above-captioned case on July 2, 2024, the Court considered motions *in limine* filed by Plaintiff Headwater Research LLC, ("Headwater"), (Dkt. No. 310) and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., ("Samsung"), (Dkt. No. 312). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

A. **Headwater's Motions *in Limine* (Dkt. No. 310)**

1. <u>Plaintiff's MIL No. 1</u>: To preclude evidence or argument, including hearsay statements, regarding the operation of non-party software applications for which no contemporaneous source code of equivalent information was produced during discovery.

This motion *in limine* is **DENIED**.

2. Plaintiff's MIL No. 2: To preclude the parties from introducing or referring to IPR statements, testimony of experts not testifying at trial or related inventor testimony for purposes of arguing the plain meaning of a claim term.

This motion *in limine* is **GRANTED-IN-PART** as to reference and introduction of IPR statements (including the Patent Owner's Preliminary Response), and **DENIED** as to other testimony, the Court will consider those issues under Plaintiff's separate *Daubert* Motion as presented therein.

3. Plaintiff's MIL No. 3: To preclude evidence or argument regarding any alleged failure to marking products (1) not identified by name and model number in Samsung's Answer, or (2) prior to the issuance of an Asserted Patent.

This motion *in limine* is **DENIED** as not an appropriate subject for a motion *in limine*.

4. Plaintiff's MIL No. 4: To preclude evidence or argument about dropped claims and issues, including regarding dropped accused features or damages calculations that have been dropped or withdrawn prior to trial, including the amount of any damages figure not being argued by either party as an appropriate reasonable royalty.

This motion *in limine* is **CARRIED** as to non-infringing alternatives to be addressed in Plaintiff's motion to strike and **DENIED** as to the corrected damages figures. The Court notes that Samsung has agreed that it will not contend that Headwater's choice to drop infringement claims against certain features supports a claim that those features are non-infringing alternatives.

5. Plaintiff's MIL No. 5: To preclude evidence or argument regarding any alleged breach of ethical or fiduciary duties, allegations of improper shifting of funds, embezzlement, threats, or violations of Bar rules, including in the context of determining an appropriate damages amount.

This motion *in limine* is **GRANTED** as the Court finds that any probative value is minimal and the risk of unfair prejudice and jury confusion is substantial.

### B. Samsung's Motions *in Limine* (Dkt. Nos. 312)

1. <u>Defendant's MIL No. 1</u>: Exclude evidence and argument that employees or corporate representatives lack knowledge that is outside of personal knowledge or 30(b)(6) topics.

This motion *in limine* is **GRANTED-AS-MODIFIED**, Plaintiff shall not present evidence, testimony, or argument that Samsung's fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic.

2. <u>Defendant's MIL No. 2</u>: Exclude testimony, argument, or suggestion that Headwater made Samsung aware of specific asserted patents prior to this lawsuit.

This motion *in limine* is **withdrawn**. The parties are to file a stipulation on the record governing the agreement underlying the withdrawal of the motion.

3. <u>Defendant's MIL No. 3</u>: Exclude evidence, reference to expert opinions by other experts that served an expert report if testimony not yet presented/in evidence at trial.

This motion *in limine* is **CARRIED**.

4. <u>Defendant's MIL No. 4</u>: Exclude evidence, argument, reference to copying the ItsOn Solution, including reliance on Samsung's Roaming Reduction functionality.

This motion *in limine* is **CARRIED** to consider in connection with the motion for sanctions.

5. <u>Defendant's MIL No. 5</u>: Headwater should be precluded from evidence or argument relating to unproduced documents identified after the discovery cutoff.

3

This motion *in limine* is **withdrawn**.

**SIGNED this 7th day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE