# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

The Court held a Pretrial Conference in the above-captioned case on December 16, 2024, regarding motions *in limine* filed by Plaintiff Headwater Research LLC), (Dkt. No. 240) and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (Dkt. No. 242). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

**A. Headwater's Motions *in Limine* (Dkt. No. 240)**

1. <u>Plaintiff's MIL No. 1</u>: Preclude evidence or argument previously barred by this Court

This motion *in limine* is **AGREED**. "Samsung stipulates to the following: Samsung stipulates to not present evidence or argument regarding any alleged breach of ethical or fiduciary duties, allegations of improper shifting of funds, embezzlement, threats, or violations of Bar rules, including in the context of determining an appropriate damages amount. Samsung further

stipulates (1) not to introduce testimony, evidence, or argument regarding the amount of offers from Qualcomm or Fortress, and (2) not to offer speculation as to why the InterDigital Letter of Intent was not consummated.[1] Dkt.No. 299.

2. <u>Plaintiff's MIL No. 2</u>: Preclude evidence or argument regarding the success or failure of ItsOn and the ItsOn software, where both parties agree that ItsOn software does not practice any asserted patent in this case

This motion *in limine* is **DENIED.**

3. <u>Plaintiff's MIL No. 3</u>: Exclude improper character evidence and argument disparaging Dr. Gregory Raleigh's personality and demeanor and Headwater's status as a non-practicing entity

This motion *in limine* is **GRANTED** with respect to the portions of Dr. Modlin's testimony that are identified by the Plaintiff in its motion, as well as the subject matter of that testimony to the extent it disparages Headwater's corporate culture.

4. <u>Plaintiff's MIL No. 4</u>: Exclude evidence or argument regarding an expert's prior work for, retention by, or affiliation with trial counsel.

This motion *in limine* is **GRANTED** so as to exclude reference to the specifics of Plaintiff's expert witness's relationship with Plaintiff's law firm, but not the mere fact that he has testified in other cases handled by Plaintiff's law firm.

5. <u>Plaintiff's MIL No. 5</u>: Exclude references to Dr. Groehn's data entry error in Headwater I.

This motion *in limine* is **GRANTED** since **the Court** finds that the error did not impact his analysis in this case.

---

[1] Samsung understands this stipulation to permit full discussion and use of other evidence relating to the InterDigital Letter of Intent.

### B.     Samsung's Motions *in Limine* (Dkt. No. 242)

1. <u>Defendant's MIL No. 1</u>: Exclude evidence and argument that employees or corporate representatives lack knowledge that is outside of personal knowledge or 30(b)(6) topics

This motion *in limine* is **AGREED**. "[T]he parties stipulate to the following: A party shall not present evidence, testimony, or argument that another party's fact witness has not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witness was designated on such topics or if a given witness gives testimony at trial regarding those topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic." Dkt. No. 299.

2. <u>Defendant's MIL No. 2</u>: Exclude evidence, argument, or suggestion of copying the ItsOn solution by Samsung

This motion *in limine* is **GRANTED** based on the agreement that "Headwater does not contend that Samsung copied any Headwater patent or any Headwater or ItsOn product."

3. <u>Defendant's MIL No. 3</u>: Exclude testimony, argument, or suggestion that the mobile industry adopted any asserted patent.

This motion *in limine* is **GRANTED BY AGREEMENT** (see Dkt. No. 359 at 111).

4. <u>Defendant's MIL No. 4</u>: Exclude evidence, argument, or reference to pre-suit discussions between (1) Samsung or Google, and (2) Dr. Raleigh/Headwater/ItsOn

This motion *in limine* is **GRANTED BY AGREEMENT** (see Dkt. No. 359 at 112).

5. <u>Defendant's MIL No. 5</u>: Exclude evidence, argument, or references to any agreements between Samsung and Google, and related litigation.

This motion *in limine* is **DENIED,** in that the Court has determined that the Mobile Application Distribution Agreement ("MADA") and the Revenue Sharing Agreement ("RSA") are, in relevant parts, admissible. No mention of the indemnification provisions of any agreements between Google and Samsung shall be discussed before the jury. However, the jury should be instructed or informed that "Google has a financial interest in the outcome of this case through its relationship with Samsung", in view of the fact that a Google employee, Mr. Hansen, is expected to be a primary fact witness for Samsung.

**SIGNED this 28th day of March, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE