# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC | § | |
| | § | |
| v. | § | CASE NO. 2:23-cv-00397-JRG-RSP |
| | § | |
| AT&T SERVICES, INC., AT&T | § | |
| MOBILITY, LLC, and AT&T CORP. | § | |

**Pretrial Conference**
**MAG. JUDGE ROY PAYNE PRESIDING**
June 26, 2025

**OPEN:** 9:00 a.m.  **ADJOURN:** 3:34 p.m.

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFF: | See attached. |
| ATTORNEYS FOR DEFENDANTS: | See attached. |
| LAW CLERK: | Greg Saltz |
| COURT REPORTER: | Chris Bickham |
| COURTROOM DEPUTY: | Wendy Asbel |

Court opened. Case called. Andrea Fair introduced co-counsel and announced ready. Deron Dacus introduced co-counsel and announced ready.

This case is no longer on July 7 jury docket. The Court anticipates a new trial date soon. Paul Kroeger and Nick Mathews agreed that the trial should follow the two other Headwater cases (2:23-cv-00352 and 2:23-cv-00379) currently on the trial list ahead of this one.

The parties will have 30 minutes for opening statements and 40 minutes per side for closing arguments. The Court will allow 11 hours of evidence per side. The parties will have 30 minutes per side for *voir dire*. Eight jurors will be seated. The parties will have four peremptory challenges per side to be exercised in a blind simultaneous fashion.

The jury will report at 8:30 daily. Lunch is supplied to the jury, which means the lunch break will be held to 40-45 minutes. Typically, the jury will be excused around 6:00 p.m., depending upon a stopping point with a particular witness.

The Court will be in chambers at 7:30 a.m. each morning. If the parties, after a meet and confer, are unable to resolve a dispute, the Court will be there for that purpose. The parties shall email the

law clerk assigned to the case by 10:00 p.m. that night and by 7:00 a.m., the parties are directed to jointly prepare a 3-ring binder to chambers that should include a copy of what is at issue with a short narrative from each side so as to prepare Judge Gilstrap to take those matters up at 7:30 a.m. with counsel.

It is the Court's practice to hold all Rule 50A motions until the close of all evidence. Counsel should continue to confer regarding jury instructions to come up with a final set. The Court suggested that the parties consider the recent *Optis* opinion out of the Federal Circuit about the form of the verdict form.

It is the Court's practice not to refer to witnesses and others by their first name alone. This is important to keep the record clear. The Court has a standing order on sealing the courtroom and parts of the transcript. If you are going to request that in this case because of confidential information, read the standing order.

The Court addressed juror questionnaires. Andrea Fair confirmed that both parties have submitted their questionnaires to Ms. Clendenning. The parties will check with Ms. Clendenning on when to pick up the juror questionnaires given the trial date will be starting on a Thursday. At the same time, counsel should also plan to deliver to chambers the jury notebooks. Counsel should review Judge Gilstrap's standing order on the use of jury information.

Counsel will receive an email as we get closer to the trial date about the manner in which the Court needs to get copies of the expert reports.

The Court then discussed today's agenda. The parties had no issues to add so the Court moved on to issues to be resolved in the pretrial order. First, the issues regarding stipulations. Mr. Kroeger stated that the parties have agreed to withdraw all of their unagreed to proposals.

The Court addressed the matter regarding sequestering fact witnesses and mentioned the parties will need to raise this with the Court before the first witness is called. The Court then discussed the handling of deposition erratas. Mr. Kroeger stated that the parties have agreed to bring the matter up during the deposition designation process.

The Court then addressed the issue of the footnote on page 18 of the pretrial order regarding preadmitted exhibits with particular witnesses. Mr. Mathew confirmed that it is withdrawn. The issues were resolved and the pretrial order was adopted.

The Court moved on to objections to witnesses. Mr. Kroeger responded on behalf of Plaintiff. Mr. Mathews responded regarding an issue with missing videos to depositions. Mr. Kroeger agreed to produce the videos by Thursday of next week.

The Court heard arguments on the parties' motions *in limine*. Mr. Kroeger argued for Plaintiff. Mr. Mathews, Erik Fountain, and Clare Churchman argued for Defendants. The Court made rulings.

After the break, Mr. Mathews requested that Dkt. Nos. 127 and 131 regarding Dr. Wesel be added to the agenda if time permits. The Court then continued hearing arguments on the parties' motions *in limine*.

The Court moved on to the issues regarding exhibits, with 7 numbered buckets for the Plaintiff's objections and 8 numbered buckets for the Defendants' objections. Mr. Mathew, Ms. Churchman, Sean O'Leary, and Kevin Hess argued for the Defendants. Mr. Kroeger argued for Plaintiff. The Court made rulings.

After the break, the Court continued hearing arguments on the parties' exhibits. Mr. Kroeger argued for Plaintiff. Ms. Churchman, Mr. O'Leary, Mr. Fountain, and Mr. Mathews argued for Defendants. The Court made rulings.

Next, Mr. Kroeger addressed an issue regarding first day deposition designations. The Court proposed that as soon as this case is set back on a jury trial date, we will set down another pretrial hearing and take up whatever has not been completed today. The parties agreed.

The Court instructed the parties to exchange final exhibit lists that reflect the outcome of the arguments today as well as any other negotiations you may have ongoing, and to do so in compliance with Judge Gilstrap's Standing Order, and we can take those up in advance or at the next hearing.

The Court heard issues on Plaintiff's Motion to Disqualify McKool Smith as Counsel for Defendants (Dkt. No. 44). Andrea Fair argued for Plaintiff. The Court directed Plaintiff to file allegedly confidential documents that have a substantial relation to the instant litigation which McKool Smith had access to in regard to the Motion with the Court. The Court instructed Plaintiff to file the documents *in camera* if necessary. Mr. Fountain argued for Defendants.

After the break, the Court continued hearing argument on Plaintiff's Motion to Disqualify McKool Smith as Counsel for Defendants. Ms. Fair argued for Plaintiff. Mr. Fountain responded.

Next, Mr. Hess argued Defendants' Daubert Motion No. 1 and Motion to Strike the Opinions of Dr. Richard D. Wesel (Dkt. No. 131). Mr. Kroeger responded.

Once a trial date is set, the Court will schedule a time to come back and finish up the remaining issues.

The hearing was adjourned.