# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> AT&T INC., et al, § <br> § <br> § <br> § <br> Defendants. § <br> § | Civil Action No. 2:23-cv-00397-JRG-RSP <br> (Lead Case) |

## ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on June 26, 2025, and addressed the motions *in limine* filed by Plaintiff Headwater Research LLC (Dkt. No. 214) and Defendants AT&T Inc., AT&T Services, Inc., AT&T Mobility, LLC, AT&T Corp. (Dkt. No. 213). This Order summarizes and memorializes the Court's rulings and reasons at the hearing, including additional instructions given to the parties, and also gives the Court's rulings on the motions resolved on the briefing. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

  A. **Headwater's Motions *in Limine* (Dkt. No. 214)**

   1. Plaintiff's **MIL No. 1**: Exclude Evidence or Argument Previously Barred by this Court in the Headwater -422 and -103 Cases Regarding (1) Alleged Embezzlement, (2) Amounts of Unconsummated Offers from Qualcomm and Fortress, and (3) Plaintiff's Expert Witnesses' Relationships with Plaintiff's Law Firm.

This motion *in limine* is **GRANTED** by agreement of the parties as to argument or evidence of alleged embezzlement including that by Mr. Johnson

Further, the motion is **GRANTED** as to "the amounts of unconsummated offers from Qualcomm and Fortress" in view of the agreement by the parties.

Further, the motion is **GRANTED** with respect to Richard Wesel's employment by AT&T; he may, however, reference that he worked for Bell Labs, but not that Bell Labs is related to AT&T.

Further, the motion is **GRANTED** by agreement of the parties with respect to Jim Bergman's employment by McKool Smith.

Finally, the motion is **GRANTED** by agreement of the parties with respect to Zagin Abatchev's employment by Russ, August, and Kabat.

2. Plaintiff's **MIL No. 2**: Exclude from Evidence the Non-Binding InterDigital Letter of Intent (LOI) and Exclude All Evidence or Argument Regarding It, Including Offering or Implying Any Speculation About Why the LOI Was Not Consummated.

This motion *in limine* is **GRANTED** only to the extent that the parties are prohibited from offering speculation as to why the LOI was not consummated.

3. Plaintiff's **MIL No. 3**: Exclude Reference, Testimony, Evidence, Cross Examination, or Argument Regarding *Other* Headwater Patents Asserted in *Other* Litigations to Avoid Jury Confusion Regarding the Patents Asserted Here.

This motion *in limine* is **GRANTED** with respect to prior testimony that was expressly directed to claim limitations no longer asserted in this case. To be clear, the Parties may use prior testimony referring to products that appeared in prior litigations,

provided the testimony is not in relation to a limitation that is not found within one or more of the presently asserted claims.

Nothing in this Order precludes the introduction of evidence or argument with respect to prior art.

4. Plaintiff's **MIL No. 4**: The Court Has Already Ruled Three Times that Offers to Invest in Headwater and/or ItsOn Are Irrelevant, and Should Again Exclude Evidence and Argument Regarding These Equity Offers in This Case.

This motion *in limine* is **GRANTED** to the extent that evidence regarding the 2018 investment letter by Headwater to Verizon is excluded.

5. Plaintiff's **MIL No. 5**: Exclude Evidence or Argument Regarding Alleged Spoliation or Failure to Preserve Documents or ESI by Headwater or ItsOn.

This motion *in limine* is **GRANTED.** However, the parties may explain that certain pieces of evidence are no longer available after the liquidation of ItsOn in 2018, but may not comment on whether the evidence should have been preserved or by whom, unless leave is granted by the Court.

B. **AT&T's Motions *in Limine* (Dkt. No. 213)**

1. Defendants' **MIL No. 1**: Exclude Evidence, Argument, Testimony, or Opinions Related to Large Revenue or Purchase Numbers.

This motion *in limine* is **GRANTED** by agreement of the parties.

2. Defendants' **MIL No. 2**: Exclude Evidence, Argument, Testimony, or Opinion that ItsOn's Products or Services Practiced or Embodied Headwater's Patents.

This motion *in limine* is **DENIED**.

3

3. Defendants' **MIL No. 3**: Exclude Testimony, Argument, Reference, or Suggestion that AT&T Ever Disclosed Any ItsOn Proprietary Information to any of Apple, Samsung, or Google.

This motion *in limine* is **GRANTED** as to testimony, argument, reference, or suggestion that AT&T disclosed any ItsOn proprietary information to Apple, Samsung, and Google.

The motion is otherwise **DENIED**.

4. Defendants' **MIL No. 4**: Exclude Evidence, Argument, Reference, or Suggestion that AT&T or Its Vendors Ever Copied the ItsOn Solution.

This motion *in limine* is **CARRIED** to be addressed in connection with the Motion for Summary Judgment addressing, *inter alia*, Copying (Dkt. No. 126).

5. Defendants' **MIL No. 5**: Exclude Evidence, Testimony, Reference, or Suggestion Regarding Headwater's or ItsOn's Pre-Suit Communications and Interactions with AT&T.

This motion *in limine* is **CARRIED** to be addressed in connection with the Motion for Summary Judgment addressing, *inter alia*, Pre-Suit Willful Infringement (Dkt. No. 126).

SIGNED this 29th day of June, 2025.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4