# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| § | CIVIL ACTION NO. 2:23-CV-397-JRG-RSP |
| AT&T INC., AT&T SERVICES, INC., § | (LEAD CASE) |
| AT&T MOBILITY, LLC, and AT&T § | |
| CORP., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Sanctions Under Federal Rule of Civil Procedure 37(e)(1), filed by the AT&T Defendants. **Dkt. No. 118**.

A substantively identical motion[1] was filed in a parallel litigation: *Headwater Research LLC v. Verizon Communications Inc., et al*, 2:23-cv-00352-JRG-RSP. *See* Dkt. No. 164 in 2:23-cv-00352.

For the reasons discussed in the Court's ruling on the parallel motion (Dkt. No. 299 in 2:23-cv-00352), the instant Motion is also **DENIED**.

**SIGNED this 3rd day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] The two motions are materially identical with respect to, inter alia, whether Plaintiff had a duty to preserve. *See* Dkt. No. 164 in -352 case at 4-7; *compare* Dkt. No. 118 in -397 case at 4-7. Because the Court has already determined under these facts that Plaintiff did not have such a duty (*See* Dkt. No. 299 in -352 case at 3-4), any subsequent differences in the motions with respect to (for example) prejudice to Defendants are irrelevant given that the prerequisite element of duty has not been met.