IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § AT&T INC., AT&T SERVICES, INC., § AT&T MOBILITY, LLC, and AT&T § CORP., § § *Defendants*. § | CIVIL ACTION NO. 2:23-CV-397-JRG-RSP (LEAD CASE) |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment on AT&T's First, Fifth, Seventh, and Eleventh Affirmative Defenses, filed by Plaintiff Headwater Research LLC. **Dkt. No. 120**. For the reasons discussed below, the Motion should be **GRANTED** as to inequitable conduct, and otherwise **DENIED**.

### I. BACKGROUND

On September 1, 2023, Plaintiff Headwater Research LLC filed suit against Defendants, asserting that they infringe two of its patents: U.S. Patent Nos. 8,589,541; and 9,215,613. Dkt. No.1 at 1.

On April 2, 2025, Plaintiff filed the instant Motion for Summary Judgment, alleging that Defendants have failed to adduce evidence sufficient to create a genuine issue of material fact for their affirmative defenses of Failure to State a Claim; License and Exhaustion; Equitable Bars; and Patent Ownership. *See* Dkt. No. 120 at 1.

### II. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. ANALYSIS

#### A. Failure to State a Claim

In the Motion, Plaintiff asserts that failure to state a claim is not an affirmative defense and, therefore, it is entitled to summary judgment. Dkt. No. 120 at 5.

In response, Defendants represent that they are not pursuing their first affirmative defense of failure to state a claim beyond the two motions already filed on this issue: Defendants' Motion to Dismiss for Lack of Standing (Dkt. No. 129), and Defendants' Motion for Judgment on the Pleadings Under Rule 12(c) that the Asserted Claims Are Invalid Under 35 U.S.C. § 101 (Dkt. No. 130). Dkt. No. 152 at 1 n.1.

Accordingly, the Motion as to failure to state a claim should be **DENIED AS MOOT**.

### B. License and Exhaustion

Defendants represent that they are no longer pursuing their license and exhaustion defenses. Dkt. No. 152 at 1 n.1.

Accordingly, the Motion as to license and exhaustion should be **DENIED AS MOOT**.

### C. Equitable Bars

#### 1. Waiver and Estoppel

In the Motion, Plaintiff asserts that there is no evidence of any kind to support a defense of equitable estoppel or waiver. Dkt No. 120 at 7-8.

Equitable estoppel requires three elements: "(1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *High Point SARL v. Sprint Nextel Corp.*, 817 F.3d 1325, 1330 (Fed. Cir. 2016) (citations omitted). "Misleading conduct occurs when the alleged infringer is aware of the patentee or its patents, and knows or can reasonably infer that the patentee has known of the allegedly infringing activities for some time. If the record indicates silence alone, mere silence must be accompanied by some *other* factor which indicates that the silence was sufficiently misleading as to amount to

bad faith." *Id.* The effect of equitable estoppel is "a license to use the invention that extends throughout the life of the patent." *Id.* at 1331.

Waiver also requires three elements: "(1) an existing right, benefit, or advantage, (2) knowledge, actual or constructive, of its existence, and (3) actual intent to relinquish the right, which can be inferred from conduct. *Monumental Life Ins. Co. v. Hayes-Jenkins*, 403 F.3d 304, 313 (5th Cir. 2005). Such conduct can include "silence or inaction, [if it occurs] for so long a period as to show an intention to yield the known right." *Mars, Inc. v. TruRX LLC*, 2016 WL 4034789, at *6 (E.D. Tex. Mar. 1, 2016) (citing *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)). Unlike equitable estoppel, license, and acquiescence, waiver does not require reliance and instead "results as a legal consequence from the unilateral act of the party against whom it operates." *Monumental Life*, 403 F.3d at 313. Although waiver is ordinarily a question of fact, when the facts and circumstances are admitted or clearly established, the question becomes one of law." *Id.*

In the patent infringement context, waiver usually occurs "when a party with full knowledge of material facts, either intentionally relinquishes its rights to enforce the patents, or engages in conduct so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished." *JumpSport, Inc. v. Academy, Ltd.*, 2018 WL 10124888, at *4 (E.D. Tex. Sept. 6, 2018) (internal citations omitted).

In their response, Defendants allege that, with respect to the first two elements for waiver, Plaintiff's rights came into being when the '541 Patent issued on November 19, 2013, and the '613 Patent issued on December 15, 2015. Dkt. No. 152 at 2-3 (citing Dkt. No. 1-1; Dkt. No. 1-2). As to the third element, Defendants contend that because (1) all of the accused features began being introduced years before the patents were issued and were all on the market by 2016 (*id.* at 3, citing

4

Dkt. No. 152-2); and because (2) Plaintiff "was on notice of the accused features and could have investigated and filed suit at any time after receiving its patent rights," but that it chose to not do so for so long, shows that there is, at minimum, a genuine dispute of material fact as to whether there was silence or inaction, for so long a period as to show an intention to yield the known right. *See id.* at 3-4. Defendants also argue that "Headwater's conduct seeking new business opportunities over the course of several years after its rights allegedly accrued" further reenforces this. *Id.* at 4 (citing *Sycamore IP Holdings LLC v. AT & T Corp.*, 294 F. Supp. 3d 620, 654 (E.D. Tex. 2018), *aff'd sub nom. Sycamore IP Holdings LLC v. AT&T Corp.*, 773 F. App'x 624 (Fed. Cir. 2019)).

Plaintiff, in turn, argues that "AT&T has not identified any communication from Plaintiff to Defendant that can possibly form the basis of these defenses." Dkt. No. 120 at 9. Plaintiff also argues in its reply that (1) "almost all of AT&T's facts opposing summary judgment of waiver should be stricken for failure to disclose as required by Rule 26"; and that (2) "AT&T presents no evidence of when Headwater became aware of its infringement. Instead, it claims only 'constructive knowledge' based on when the patents issued and when the accused features were introduced in the accused products," but that, "AT&T comes forward with no evidence as to the date of Headwater's *actual knowledge* as is required to avoid summary judgment on this defense." Dkt. No. 172 at 3-4 (emphasis added by Court) (citing *Hosey v. Interstate Commerce Comm'n*, 1997 U.S. App. LEXIS 34247, *6-7 (Fed. Cir. Dec. 8, 1997)).

In their sur-reply, Defendants argue that actual knowledge is not required—constructive knowledge is sufficient—and that the case Plaintiff cites, *Hosey*, does not stand for Plaintiff's asserted proposition. Dkt. No. 194 at 2 (citing *Hosey*, 132 F.3d 53).

The Court agrees with Defendants that there is sufficient evidence in the record to create a

genuine dispute of material fact here. Based on Defendants' arguments, the Court cannot say that this is a situation where "the facts and circumstances are admitted or clearly established." *Monumental Life*, 403 F.3d at 313. Thus, there remain questions of fact to be resolved.

With respect to Plaintiff's argument regarding AT&T not having identified any communication, as discussed above, this is not dispositive as intent can also be shown through silence and inaction. As to Plaintiff's argument regarding striking Defendants' evidence, this was not something Plaintiff raised in its initial motion and is, therefore, waived. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief . . . ."). Finally, Plaintiff's argument regarding Defendants not providing evidence of actual knowledge is also not dispositive. As Defendants correctly point out, the Federal Circuit's *Hosey* decision does not stand for this proposition. *See generally Hosey*, 132 F.3d 53. Further, this Court has previously said that constructive knowledge suffices. *Mars, Inc.*, 2016 WL 4034789, at *6.

Accordingly, the Motion for Summary Judgment on this basis should be **DENIED**.

### 2. Prosecution Laches

Defendants represent that they are no longer pursuing their prosecution laches defense. Dkt. No. 152 at 1 n.1. Accordingly, the Motion as to prosecution laches should be **DENIED AS MOOT**.

### 3. Inequitable Conduct

In the Motion, Plaintiff argues that Defendants cannot show inequitable conduct because "AT&T has not identified either that information material to patentability was withheld from the PTO or that the information was withheld with the specific intent to deceive the PTO into granting the patent" as is required for this defense. Dkt. No. 120 at 9.

"To prove inequitable conduct, a party must show that the patentee withheld material information from the PTO [related to patentability], and did so with the specific intent to deceive the PTO." *Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1096–97 (Fed. Cir. 2024).

Although Defendants do not explicitly say that they are no longer pursuing an inequitable conduct defense (*See* Dkt. No. 152 at 1), they offer no arguments or evidence responsive to Plaintiff's assertions on this issue.

Accordingly, the Motion as to inequitable conduct should be **GRANTED**.

### D.  Patent Ownership

In the Motion, Plaintiff asserts that Defendants have failed to adduce any evidence overcoming the presumption that a patent assignment recorded by the USPTO means that the patent in question is owned by the named assignee. Dkt. No. 120 at 10 (citing *Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-cv-0059, 2022 WL 1498784, at *4 (E.D. Tex. Mar. 18, 2022), aff'd *sub nom. Lone Star Tech. Innovations, LLC v. Asus Computer Int'l*, No. 2022-1769, 2024 WL 5182885 (Fed. Cir. Dec. 20, 2024).

Defendants respond, arguing that failure to state a claim is commonly pleaded as an affirmative defense in an answer because FRCP 12(h)(2) allows it to be raised in any pleading. Dkt. No. 152 at 6 (citing *Gessele v. Jack in the Box, Inc.*, 2011 WL 3881039, at *3 (D. Or. Sept. 2, 2011) (internal quotations and citations omitted)). Moreover, they assert that they are not pursuing their eleventh affirmative defense of patent ownership beyond the two motions already filed on this issue: Defendants' Motion to Dismiss for Lack of Standing (Dkt. No. 129), and Defendants' Motion for Judgment on the Pleadings Under Rule 12(c) that the Asserted Claims Are Invalid Under 35 U.S.C. § 101 (Dkt. No. 130). *Id.* at 6.

The Court has already addressed both of the above motions. Dkt. No. 292; Dkt. No. 300.

7

Accordingly, this issue should be **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons discussed above, the Court recommends the motion be **GRANTED** as to the defense of inequitable conduct, and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 7th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE