IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § AT&T INC., AT&T SERVICES, INC., § AT&T MOBILITY, LLC, and AT&T § CORP., § § *Defendants*. § | CIVIL ACTION NO.  2:23-CV-397-JRG-RSP (LEAD CASE) |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment of No Invalidity of Claim 18 of the '613 Patent Based on Cole and Abichandani Prior Art, filed by Plaintiff Headwater Research LLC. **Dkt. No. 123**. For the reasons discussed below, the Motion should be **DENIED**.

### I.   BACKGROUND

On September 1, 2023, Plaintiff Headwater Research LLC filed suit against Defendants, asserting that they infringe two of its patents: U.S. Patent Nos. 8,589,541; and 9,215,613. Dkt. No.1 at 1.

On April 2, 2025, Plaintiff filed the instant Motion arguing that summary judgment of no invalidity should be granted as to claim 18 of the '613 Patent. *See generally* Dkt. No. 123.

### II.   APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### III. ANALYSIS

Claim 18 of the '613 Patent recites as follows: "The wireless end-user device of claim 1, wherein the differential traffic control policy defines that the first one or more applications can only access a first one of the network types *during particular time windows*[1]." '613 Patent at 108:6-9 (emphasis added by Court).

In the Motion, Plaintiff argues that the Court should grant summary judgment of no

---

[1] "during particular time windows" was not a term construed during the Markman hearing. *See* Dkt. No. 97 (Claim Construction Order).

invalidity of claim 18 of the '613 Patent because Dr. Crovella's[2] opinion that claim 18 of the '613 patent is rendered obvious based on two prior art references—Cole and Abichandani—"fails." Dkt. No. 123 at 3-4. Plaintiff asserts that this because "Dr. Crovella provides no opinion establishing that the prior art discloses the 'during particular time windows' limitation." *Id.* at 4.

> Specifically, Plaintiff contends that the entirety of Dr. Crovella's opinions on this are:
>
> 527. Cole in combination with Abichandani discloses, "[t]he wireless end-user device of claim 1, wherein the differential traffic control policy defines that the first one or more applications can only access a first one of the network types during particular time windows."
>
> 528. I incorporate by reference my analyses for limitations 1[a]-1[f].
>
> 529. Further, Cole in combination with Abichandani would be configured such that the network access policy would have limited an application's network access, including, for example, WWAN access, to particular time windows. For example, Abichandani discloses "to avoid unwanted roaming charges, the policy database 212 includes instructions to suspend any scheduled firmware updates via a FOTA application until the mobile device returns to the home network 214." Abichandani at ¶ [0017].

*Id.* (citing Crovella Report at ¶¶ 527-529). Plaintiff argues that "Dr. Crovella does not rely on Cole to supply a teaching to satisfy the 'particular time windows' requirement of claim 18" and that he instead "relies on Abichandani's paragraph [0017], which teaches, in relevant part, 'instructions to suspend any scheduled firmware updates via a FOTA application until the mobile device returns to the home network.'" *Id.* (citing Abichandani, at [0017]). This, at best, suggests limiting certain network activity during an open-ended, *indeterminate* length of time (i.e., whatever amount of time a device persists in while connected to a "roaming" network). Consequently, "[b]eyond quoting Abichandani, [Dr. Crovella] provides no explanation for how the roaming/home network teaching of Abichandani satisfies claim 18." *Id.* Thus, concludes Plaintiff, "no reasonable juror could conclude that Cole in combination with Abichandani discloses network access control

---

[2] Dr. Crovella is Defendants' invalidity expert.

3

'during particular time windows'" because "the concept of 'when a device is roaming' (which Abichandani arguably teaches) is neither a 'time window' nor a 'particular' one, and thus cannot supply the necessary teaching to a POSITA." *Id.* at 5.

In response, Defendants argue that, because "during particular time windows" was not construed, it is given its plain and ordinary meaning, and that the parties' respective experts are both free to opine on what that plain and ordinary meaning would be to a POSITA. *See* Dkt. No. 154 at 5-6. In other words, Defendants contend that Plaintiff's argument that "particular" cannot mean an open-ended, indeterminate length of time is simply a competing interpretation of the claim language, and that Dr. Crovella is free to advance a contrary opinion. *See id.*

Defendants further argue that, even if an open-ended, indeterminate length of time is not how a POSITA would interpret "during particular time windows," then Dr. Crovella's opinions are still sufficient. *See id.* at 7. They assert that "Dr. Crovella offered his opinion on dependent claim 18 in paragraphs 527–529" and that "paragraph 528 incorporated by reference [his] opinions regarding independent claim 1." *Id.* (citing Crovella Report at ¶¶ 527-529). "As part of his claim 1 analysis, Dr. Crovella opined that 'Cole discloses that the mobile device can connect to multiple network types, including WWAN and WLAN' and that he then "noted that in Cole '[t]he mobile device 110 implements a connection manager 260 (e.g., a software application) that manages the various communication interfaces 225 to *determine which connections should be active at any given time*.'" *Id.* (citing Crovella Report at ¶¶ 36, 503). Defendants assert that "[t]his indicates that the device can classify its current connection as one of multiple network types. *Id.* at 7-8 (citing Crovella Report at ¶ 36). "Moreover, Dr. Crovella explained that Abichandani 'explicitly discloses classifying the current network connection as either "home" or "roaming" and making decisions about application access based on that classification.'" *Id.* (citing Crovella Report at ¶ 504). Thus,

4

conclude Defendants, "Cole in combination with Abichandani discloses network access control 'during particular time windows,' as supported by the evidence in Dr. Crovella's report." *Id.* at 7.

The Court finds that there is a genuine dispute of material fact here. Up front, the Court makes clear that expert opinions are, in and of themselves, evidence. Thus, the fact that Dr. Crovella opines as he does is sufficient to render summary judgment inappropriate. To the extent that Plaintiff believes that such opinions are not sufficiently reliable, Plaintiff was free to move to strike them.[3] Only if his opinions were stricken (and there was also no other evidence of invalidity of claim 18 of the '613 Patent) would summary judgment be proper here.

Thus, with respect to whether a POSITA would understand the plain and ordinary meaning of "during particular time windows" to allow for an open-ended, indeterminate length of time, this is an issue to be resolved by the jury. Because the Parties have not requested a construction of this term, it is given its plain and ordinary meaning, which means that each expert is permitted to opine on what that meaning is. Plaintiff's disagreement with Dr. Crovella's opinions is not grounds for granting summary judgment.

## IV.   CONCLUSION

For the reasons discussed above, the Court recommends the motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

---

[3] The Court notes that, while Plaintiff has filed a Motion to Strike Dr. Crovella, none of his above opinions are implicated in that Motion. *See generally* Dkt. No. 138 (the Motion is only concerned with Dr. Crovella's opinions on non-infringing alternatives).

1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 10th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE