**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.  2:23-CV-397-JRG-RSP |
| AT&T INC., AT&T SERVICES, INC., | § | (LEAD CASE) |
| AT&T MOBILITY, LLC, and AT&T | § | |
| CORP., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Daubert Motion and Motion to Strike the Opinions of Dr. Richard Wesel, filed by the AT&T Defendants. **Dkt. No. 131**.

## I.    BACKGROUND

A substantively identical motion was filed in a parallel litigation: *Headwater Research LLC v. Verizon Communications Inc., et al*, 2:23-cv-00352-JRG-RSP. *See* Dkt. No. 176 in 2:23-cv-00352. The Court notes, however, that there are arguments unique to the instant Motion related to the allegedly undisclosed "firewall" theory and "ConnectivityManager API" theory, which will be taken up now.

## II.    ANALYSIS OF NEW ISSUE

### A.  Firewall Theory

In the Motion, Defendants argue that, with respect to the accused Android products, Dr. Wesel introduces a new 'firewall' theory for claims 79 and 83 that should be stricken because it was not disclosed in Plaintiff's Infringement Contentions. Dkt. No. 131 at 6-7 (citing Dkt. No.

131-2 at 205-206). Defendants further argue that Dr. Wesel supposedly abandoned this theory at his deposition. *Id.* at 6 (citing Dkt. No. 131-5 at 107:13-108:13).

Plaintiff responds, arguing that it "produced [to AT&T], in November 2024, the expert report Dr. Wesel submitted in the first Headwater action (*Headwater v. Samsung,* Case No. 2:22-cv-422 (E.D. Tex.)) accusing the same Android accused features" and that this "provided highly detailed contentions mapping to source code and the Android firewalls and Network Policy functionality underlying Connectivity Manager API." Dkt. No. 164 at 6-7. Plaintiff contends that this shows that "AT&T is not prejudiced by such theories from Dr. Wesel." *Id.* at 7.

Plaintiff further argues that, contrary to Defendants' assertions, Dr. Wesel never 'abandoned' his firewall theory, pointing to the very next section of his deposition which covers the firewall theory. *Id.* at 7, n.2 (citing Dkt. No. 131-5 at 108).

In reply, Defendants argue that Plaintiff's production of Dr. Wesel's report from another case is not sufficient. Dkt. No. 183 at 2. Defendants further argue that, because "the Court had already heard argument on Verizon and T-Mobile's related motion to compel supplementation [of the infringement contentions] . . . AT&T, therefore, had no reason to file its own motion." Id. at 2-3.

In sur-reply, Plaintiff argues that Defendants, in effect, 'sat behind the log,' never complaining about the sufficiency of Plaintiff's Infringement Contentions, and are only now seeking to strike on the basis that the contentions are not sufficient.  Dkt. No. 199 at 3-4.

The Court finds that striking is inappropriate here.

As a preliminary matter, the Court finds that, as Plaintiff asserts, Dr. Wesel never abandoned his firewall theory, with the surrounding context of his deposition making this clear.

With respect to the firewall theory and the Infringement Contentions, Defendants spend much of their Motion arguing that Plaintiff essentially never articulated any theory of infringement involving firewalls.[1] This is not the relevant inquiry. The correct question here is whether the opinions articulated by Dr. Wesel in his report exceed the scope of the theories in Plaintiff's contentions. Having reviewed his report, the Court is satisfied that they do not. Specifically, there is nothing about Wesel's opinion that a firewall can be used to meet the "intercepting" limitation that is beyond the scope of the contentions.

| 79. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting a stack application programming interface (API) level or application messaging layer request. | The Accused Instrumentalities comprise "non-transitory computer-readable storage medium recited in claim 1, wherein the information from the network element is first information, and wherein apply the policy comprises obtain second information from the first software component." |
|---|---|
| | *See*, for example, the disclosures identified for claims 1-6, 8-9, 14, 24-25, and 78. |

| 83. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting, modifying, blocking, removing, injecting, swapping, or replacing an application interface message. | The Accused Instrumentalities comprise "non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting, modifying, blocking, removing, injecting, swapping, or replacing an application interface message." |
|---|---|
| | *See*, for example, the disclosures identified for claims 1-6, 8-9, 14, 24-25, and 78. |

Dkt. No. 131-2 at 205-206.

Defendants' arguments about 'not having any reason to file their own Motion to Compel Supplementation of Plaintiff's Infringement Contentions' is unpersuasive. That two other defendants in two other cases did so does not relieve AT&T from also doing so to the extent that it believed that Headwater's Infringement Contentions were insufficient.

---

[1] To the extent that Defendants take issue with the sufficiency of Plaintiff's operative contentions, that is not the issue before the Court. The time for this has now passed as this case is on the eve of trial. Dkt. No. 212 at 1.

Accordingly, the Motion to Strike on this basis is **DENIED**.

### B. ConnectivityManager API Theory

The substance of Defendants' arguments concerning Dr. Wesel's theory using the ConnectivityManager API mirror their arguments concerning the firewall theory. *See* Dkt. No. 131 at 6-7; *compare supra* Section II.A.

Accordingly, the Motion to Strike on this basis is also **DENIED**.

### III.    CONCLUSION

Accordingly, for the reasons discussed in Section II above as well as the Court's ruling on the parallel motion in *Headwater Research LLC v. Verizon Communications Inc., et al* (Dkt. No. 323 in 2:23-cv-00352), the instant Motion is **GRANTED** as to Dr. Wesel's opinions regarding Defendants' knowledge, intent, state of mind, and willful blindness; and otherwise **DENIED**. Therefore, it is **ORDERED** that the opinions on knowledge, intent, state of mind, and willful blindness, including those in Section I.A to Appendix C to Dr. Wesel's report and the second sentence of paragraph 103 of that Appendix, are hereby **STRICKEN**.

**SIGNED this 21st day of July, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE