IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AT&T INC., AT&T SERVICES, INC., § <br> AT&T MOBILITY, LLC, and AT&T § <br> CORP., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:23-CV-397-JRG-RSP <br> (LEAD CASE) |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 8,589,541, filed by the AT&T Defendants. **Dkt. No. 125**.

A substantively identical motion was filed in a parallel litigation: *Headwater Research LLC v. Verizon Communications Inc., et al*, 2:23-cv-00352-JRG-RSP. *See* Dkt. No. 177 in 2:23-cv-00352.

For the reasons discussed in the Court's ruling on the parallel motion (Dkt. No. 311 in 2:23-cv-00352), the Court finds as follows:

(1) "intercepting" means "receiving a message directed to or meant for another," but that this construction does not mean that "intercepting" can only occur if the message does not reach the intended recipient;

(2) that the instant Motion for Summary Judgment should also be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate

review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 24th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE