# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC and AT&T ENTERPRISES, LLC,<br><br>Defendants. | Civil Action No. 2:23-cv-00397-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' OBJECTIONS TO ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS BASED ON NEWLY PRODUCED DISCOVERY (DKT. 243)

Pursuant to Local Rule CV-72, Defendants AT&T Services, Inc., AT&T Mobility, LLC and AT&T Enterprises, LLC (collectively, "AT&T") respectfully object to the Order (Dkt. 243) insofar as it grants Plaintiff Headwater Research LLC ("Headwater") and its experts leave to rely on the late-produced Apple usage dataset "APL-HEADWATER_00000716." The Order's sole reference to that document appears in the concluding sentence granting relief—with reference to the Court's order in a parallel motion in another carrier case.[1] The Order thus contains no analysis of the disputed issues *unique to AT&T*—e.g., that, unlike the other carriers, *AT&T never agreed to extend fact discovery*. Besides, this is more than a simple scheduling disruption. Headwater's delay prejudiced AT&T by depriving AT&T of the chance to develop the evidentiary record, such as by questioning Apple, Motorola, or Samsung about the newly disclosed materials. *See Pozen Inc. v. Par Pharm., Inc.*, No. 6:08CV437-LED-JDL, 2010 WL 11431483, at *7 (E.D. Tex. June 8,

---

[1] The Order references the Court's Order in the *Verizon* case (Dkt. 195 in Case No. 2:23-CV-352) (the "*Verizon* Order"), which denied a similar motion in the *Verizon* case.

2010) ("Pozen was prejudiced because deadlines in this case prevented it from fully engaging in discovery and then developing its rebuttal positions in the same manner that it would have if there had been proper notice."). AT&T respectfully requests that the Court sustain this objection and enter the relief required in AT&T's Motion for Reconsideration (Dkt. 252).

| | |
|---|---|
| Dated: July 25, 2025 | By:    */s/ Nicholas Mathews* |

        Nicholas Mathews
        Texas State Bar No. 24085457
        nmathews@McKoolSmith.com
        Alexander J. Chern
        Texas State Bar No. 24109718
        achern@McKoolSmith.com
        Clare Churchman
        Texas State Bar No. 24132041
        cchurchman@mckoolsmith.com
        **MCKOOL SMITH, P.C.**
        300 Crescent Court Suite 1500
        Dallas, TX 75201
        Telephone: (214) 978-4000
        Telecopier: (214) 978-4044

        Kevin Hess
        Texas State Bar No. 24087717
        khess@mckoolsmith.com
        James E. Quigley
        Texas State Bar No. 24075810
        jquigley@mckoolsmith.com
        **MCKOOL SMITH, P.C.**
        303 Colorado Street, Suite 2100
        Austin, TX 78701
        Telephone: (512) 692-8752

        Sean O'Leary
        Texas State Bar No. 24138326
        soleary@mckoolsmith.com
        **MCKOOL SMITH, P.C.**
        600 Travis Street, Suite 7000
        Houston, TX 77002
        Telephone: (713) 485-7300
        Telecopier: (713) 485-7344

        Deron R. Dacus
        State Bar No. 00790553
        ddacus@dacusfirm.com
        **THE DACUS FIRM, PC**
        821 ESE Loop 323, Suite 430
        Tyler, TX 75701
        Telephone: (903)705-1117
        Facsimile: (903) 581-2543


**ATTORNEYS FOR AT&T CORP., AT&T MOBILITY LLC, AND AT&T SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 25, 2025.

/s/ *Nicholas Mathews*
Nicholas Mathews