IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T ENTERPRISES, LLC, <br><br> *Defendants*. | Case No. 2:23-cv-00397-JRG-RSP <br><br><br> JURY TRIAL DEMANDED |

**HEADWATER'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT
AND RECOMMENDATION DENYING DEFENDANTS' RULE 12(c) MOTION
FOR JUDGMENT ON THE PLEADINGS THAT THE ASSERTED CLAIMS OF
THE '541 AND '613 PATENTS ARE PATENT-INELIGIBLE UNDER § 101**

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| Headwater | Plaintiff Headwater Research LLC |
| '541 patent | U.S. Patent No. 8,589,541 |
| '613 patent | U.S. Patent No. 9,215,613 |
| Asserted Patents | '541 patent and '613 patent |
| Asserted Claims | Claims 79 and 83 of the '541 patent and claims 1, 12, 15, and 16 of the '613 patent |
| Defendants or AT&T | Defendants AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC |
| Verizon | Verizon Wireless and Verizon Corporate Services Group, Inc. (in Case No. 2:23-cv-00352-JRG-RSP) |
| Verizon case | *Headwater v. Verizon*, Case No. 2:23-cv-00352-JRG-RSP |
| R&R | Report and Recommendation (Dkt. 239), incorporating R&R for identical motion, Dkt. 300 in Verizon case |
| Objections | Defendants' Objections to R&R (Dkt. 246) |
| Motion | Defendants's Rule 12(c) Motion for Judgment on the Pleadings that the Asserted Claims of the '541 And '613 Patents Are Patent-Ineligible Under § 101 (Dkt. 130) |
| Opposition or Opp'n | Headwater's Response to Defendants' Rule 12(c) Motion for Judgment on the Pleadings that the Asserted Claims of the '541 and '613 Patents are Patent-Ineligible Under § 101 (Dkt. 165) |
| Reply | Defendants' Reply to Headwater's Response (Dkt. 169) |
| Sur-reply | Headwater's Sur-reply to Defendants' Reply (Dkt. 190) |

Judge Payne issued a detailed, 11-page Report and Recommendation (Dkt. 239)[1] denying Defendants' Rule 12(c) motion for judgment on the pleadings that the Asserted Claims of the '541 and '613 patents are patent-ineligible under § 101 (Dkt. 130). Defendants' Objections (Dkt. 246) lack merit and should be overruled.[2] For the reasons in the R&R and Headwater's opposition and sur-reply (Dkts. 165 & 190), the Asserted Claims of the '541 and '641 patents are patent-eligible. The Objections fail to adequately address the findings and analysis of the R&R. Although Defendants cite the R&R, they fail to identify any factual or legal error therein. This shows that the R&R is correct and should be adopted in its entirety. Like the R&R, the Court can overrule Defendants' Objections under *Alice* Step One and need not reach *Alice* Step Two.

Moreover, the underlying briefing shows that many of Defendants' arguments are forfeited. In response to Rule 12(c), Headwater submitted a 22-page opposition regarding the patent-eligibility of the '541 and '613 patents (Dkt. 165). Defendants' reply was limited to *one page* and a few conclusory sentences on the substance of patent-eligibility (Dkt. 169). The Reply failed to address the arguments, evidence, and caselaw in Headwater's opposition. This amounts to forfeiture and confirms that Defendants' Objections should be overruled. There is no basis to credit an argument that Defendants could have made but deliberately omitted from the Reply.

Regardless, Defendants' arguments fail, and the Asserted Claims are eligible as a matter of law. Defendants assert that seven Asserted Claims across the two Asserted Patents are directed

---

[1] The R&R in this AT&T case incorporates the R&R for the same motion and briefing in the Verizon case (Dkt. 300 in *Headwater v. Verizon*, Case No. 2:23-cv-00352-JRG-RSP). Unless otherwise noted, citations and quotations in this response are to the R&R in the Verizon case.

[2] Based on the same briefing, record, and R&R, Verizon and T-Mobile filed the same or substantially similar objections as AT&T. On July 9, 2025, the Court overruled Verizon's objections to the R&R (Dkt. 378 in the Verizon case). On July 25, 2025, the Court overruled T-Mobile's objections to the R&R (Dkt. 354 in the T-Mobile case, Case No. 2:23-cv-00379-JRG-RSP). For the same reasons, and based on the same briefing, record, and R&R, the Court should overrule AT&T's objections to the R&R.

to the same abstract idea: "selectively managing communications." This is materially wrong, strips out most of the claim language, and ignores the patents' claimed advances, as the R&R found. Defendants' characterization even omit concepts apparent from the *title* of the two patents. *See* '541 patent ("***Device-assisted*** services for *protecting network capacity*"); '613 patent ("***Wireless end-user device*** with *differential traffic control policy list having limited user control*.").

The Asserted Claims of the '541 and '613 patents describe device-centric solutions for protecting network capacity that improve the performance and operation of wireless end-user devices and the wireless networks with which they communicate. Each asserted claim is "directed to" specific improvements and combinations, as reflected in the claim language and set forth in the opposition. Opp'n at 10 (claims 79 and 83 of '541 patent); *id.* at 17–18 (claim 1 of '613 patent); *id.* at 20 (claims 12, 15–16, 18 of '613 patent). Under any reasonable description, the focus of the claimed advance is on a solution to problems specifically arising with wireless end-user devices and wireless networks. The R&R correctly found that the claims are eligible as a matter of law.

## I.     THE R&R CORRECTLY FOUND THAT THE ASSERTED CLAIMS OF THE '541 PATENT ARE PATENT-ELIGIBLE

On *Alice* Step One, the R&R accurately summarized the parties' competing arguments regarding the '541 patent. *See* R&R at 5–7. As Headwater explained, the claims of the '541 patent are directed to device-assisted services stored/executed on a wireless end-user device for protecting network capacity by (1) identifying network service usage activity associated with software on the device; (2) differentially controlling background service usage activity based on (i) input from a user interface of the device or (ii) information from the network; and (3) wherein the differential control occurs at the application interface or application level of the device (e.g., in claim 79 by "intercepting a stack API level or application messaging layer request" in claim 83 by intercepting or modifying "an application interface message"). *See* Opp'n at 10–15.

2

The R&R credited Headwater's arguments and intrinsic evidence, finding that the '541

claims are not directed to an abstract idea. *See* R&R at 7 ("As seen from the claim language on

pages 4 and 5 above, and confirmed by the '541 Patent's specification, claim 1 is concerned with

*an end-user device and network* method for reducing network congestion while reducing end-user

device resource consumption. The Court finds that this is not directed to an abstract idea, but

instead—as Plaintiff asserts—is an improvement to a specific network technology. Such

improvements to technology itself, rather than mere computerization of a commonplace human

activity, are patentable. *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed.

Cir. 2016)"). The R&R appropriately rejected Defendants' arguments as "misapprehend[ing]" the

'541 patent. *See id.* at 7–8 ("Defendants' arguments to the contrary are unpersuasive . . . .").

Defendants' Objections fail to address the R&R's findings and analysis, much less errors

therein. For example, the Objections vaguely assert that the R&R relied on the '541 specification,

as opposed to the claims. But it is beyond dispute that the claims must be read in view of the

specification to assess eligibility. And even a cursory review of the R&R confirms that its findings

are based on and fully supported by the claim language. *See id.* at 4–7 (quoting and discussing

claim 1 of the '541 patent and limitations of claims 79 & 83).

The R&R also discussed *Ericsson* and explained why it failed to support ineligibility of the

Asserted Claims. The R&R cited *McRo* as supporting eligibility, and Headwater likewise cited and

discussed *Packet Intelligence*, *Koninklijke KPN*, and *Core Wireless*. R&R at 7–8; Opp'n at 12–13.

The Objections fail to address *McRo* or the cited cases that support eligibility.

On *Alice* Step Two, Defendants' arguments are wrong and forfeited. Like the R&R, the

Court need not reach Step Two because the Asserted Claims are eligible under Step One. For the

reasons in Headwater's opposition, the Asserted Claims of the '541 patent contains substantial

inventive and unconventional concepts under Step Two. *See* Opp'n at 15-17 (discussing intrinsic evidence and discussing *BASCOM* and *VidStream*). If Defendants wanted to dispute Headwater's showing (such as attempting to distinguish *BASCOM*), they could and should have done so in Reply. Defendants declined to, amounting to forfeiture.

## II.    THE R&R CORRECTLY FOUND THAT THE ASSERTED CLAIMS OF THE '541 PATENT ARE PATENT-ELIGIBLE

Defendants' Objections on the '613 patent are even less developed than the '541 patent and fail for at least the same reasons. On *Alice* Step One, the R&R accurately summarized the parties' competing arguments regarding the '613 patent. *See* R&R at 9–11. As Headwater explained, the claims of the '613 patent are directed to a wireless end-user device with device-assisted services for protecting network capacity: (1) with a differential traffic control policy list that distinguishes between first and second applications, and applies to Internet service activities by the first applications; (2) with an interface to allow a user to only augment the differential traffic control policy for the first applications; (3) classifying the currently connected wireless network and whether a particular application is interacting with the user in the device user interface foreground; and (4) selectively controlling Internet service activities by the particular application based on the differential traffic control policy as augmented by the user. Opp'n at 17–18.

The R&R credited Headwater's arguments and intrinsic evidence, finding that the '613 claims are not directed to an abstract idea. *See* R&R at 10 ("The Court finds that Defendants also misapprehend the '613 Patent. As seen from the claim above, and confirmed by the '613 Patent's specification, claim 1 is concerned with an end-user device and network apparatus for maintaining network capacity and improving the performance and operation of wireless end-user devices and the wireless networks on which they communicate. For similar reasons as in Section III.A above, the Court finds that this is not directed to an abstract idea, but instead, is an improvement to a

specific network technology. Such improvements to technology itself, rather than mere computerization of a commonplace human activity, are patentable.").

Defendants' Objections fail to address the R&R's findings and analysis, much less errors therein. The Objections fail for the same reasons discussed above for the '541 patent.

On *Alice* Step Two, Defendants' arguments are likewise wrong and forfeited. The Court need not reach Step Two because the Asserted Claims are eligible under Step One. For the reasons in Headwater's opposition, the Asserted Claims of the '613 patent contains substantial inventive and unconventional concepts under Step Two. *See* Opp'n at 18–20.

## III.    CONCLUSION

For the foregoing reasons, Defendants' objections to the R&R lack merit and should be overruled. The R&R correctly found that the Asserted Claims of the '541 and '613 patents are patent-eligible under § 101 and should be adopted.


Dated: July 25, 2025                                  Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239

5

Dale Chang
CA State Bar No. 248567
Jason M. Wietholter
CA State Bar No. 337139
Matthew Aichele
VA State Bar no. 77821
Adam S. Hoffman
CA State Bar No. 218740
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com


*Attorneys for Plaintiff*
*Headwater Research LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster