IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>AT&T INC., AT&T SERVICES, INC.,<br>AT&T MOBILITY, LLC, and AT&T<br>CORP.,<br><br>   *Defendants*. | CIVIL ACTION NO.  2:23-CV-397-JRG-RSP<br>(LEAD CASE) |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff Headwater Research LLC's Opposed Motion to Exclude Opinions of AT&T expert Mark Crovella regarding Non-Infringing Alternatives. **Dkt. No. 138**. Headwater puts forth two theories of exclusion, first it argues that AT&T's lack of disclosure warrants exclusion of certain NIA opinions, and second it argues that all of the NIA opinions are irrelevant because AT&T's damages expert does not rely on them. The Court finds both arguments unavailing and thus **DENIES** the Motion.

  **I. Legal Standard**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   Analysis

### A.   Notice

First, Headwater seeks to exclude three alleged non-infringing alternatives from Dr. Crovella's report for lack of disclosure during discovery. Dkt. No. 138 at 2. These are: "(i) throttling or deferring request, (ii) broadcasting a message about background activity availability, and (iii) allowing/denying Internet service activities irrespective of whether the device currently connects to a WiFi or cellular network." *Id.* (citing 136-8 ("Crovella Report") at ¶¶ 601, 602).

AT&T responds that it did disclose these alternatives during discovery in response to Headwater's interrogatory on the subject. Dkt. No. 159 at 6. AT&T explains that it identified other claims of the '541 patent as NIAs.[1] *Id.* at 7. First, for the throttling or deferring aspect, AT&T relies on Claim 71 of the patent. AT&T explains that "Claim 71 of the '541 Patent is directed to, 'the non-transitory computer-readable storage medium recited in claim 65, wherein the second information comprises a setting for assisting the first software component in restricting, allowing, blocking, *throttling, deferring*, time-scheduling, or queuing the service usage activity.'" *Id.* (emphases added by AT&T). It argues that this sufficiently disclosed its throttling or deferring NIA. Similarly for the broadcasting NIA, AT&T points to Claim 62 which provides "wherein apply the policy comprises at least assist in queuing, *time-windowing*, suspending, quarantining, killing, or removing the service usage activity." *Id.* (emphasis added by AT&T). For the final contested NIA opinion, AT&T relies on Samsung's prior expert report on the matter in a previous litigation

---

[1] While it normally would be impermissible to rely on patented articles as NIAs (*See AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. 2015)), here the claims that AT&T asserts as NIAs have been disclaimed and are thus surrendered to the public.

with Headwater. *Id.* at 7–8. Specifically, AT&T claims it disclosed its reliance on specifically identified portions of Samsung's expert report for a related patent in its interrogatory response thus putting Headwater on notice. *Id.* at 8.

The Court finds that AT&T sufficiently disclosed its proposed NIAs during discovery and thus declines to strike the opinions from Dr Crovella's report. Regarding the first two challenged opinions, the Court is unpersuaded by Headwater's protestations. AT&T relies on disclaimed claims from the Asserted Patent and a patentee can hardly complain of lacking notice or understanding of his own patent. Any complaints as to the volume of claims cited by AT&T are merely a byproduct of the numerous claims in the asserted patents, which cannot be attributed to AT&T. Similarly for the last proposed NIA, Headwater was on notice since at least as of AT&T's identification of these sections of Samsung's expert report, if not the previous Samsung litigation, and the notice was well flushed out in an expert report. After consideration of Headwater's notice arguments, the Court finds them unpersuasive and thus **DENIES** this portion of the Motion.

### B. Relevance/Reliance

Headwater additionally moves to exclude all of Dr. Crovella's NIA opinions because none of them are relied upon in AT&T's damages analysis and, thus, they are irrelevant. Dkt. No. 138 at 3–4 (citing *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0343-JRG-RSP, 2024 WL 1289821, at *5 (E.D. Tex. Mar. 26, 2024); *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327906, at *4 (E.D. Tex. Mar. 26, 2024)).

AT&T responds that its damages expert, Ms. Bennis, does rely on Dr. Crovella's NIAs in her analysis. Dkt. No. 159 at 4. For example, AT&T points out Paragraphs 313 and 314 of Ms. Bennis's report where she explains that Headwater's damages expert opines that there are no acceptable non-infringing alternatives, but she understands otherwise and that would inform

4

AT&T's position at the hypothetical negotiation. *Id.* at 4–5; Dkt. No. 159-4 at ¶¶ 313–14. AT&T identifies several other paragraphs where she relies on the existence of NIAs to inform her opinion. Dkt. No. 159 at 5; Dkt. No 159-4 at ¶¶ 315, 330–40, 342. 389, 407–409, 443.

The Court finds that Ms. Bennis sufficiently relies on Dr. Crovella's opinions to render them relevant. Headwater seeks to impose too high a standard on a damages expert's reliance on technical opinions regarding NIAs. Ms. Bennis clearly disagrees with Mr. Bergman's assertion that there are no NIAs and uses this opinion in considering the Georgia-Pacific factors and the parties' positions at the hypothetical negotiations. Nothing in either of the *Correct-Transmission* opinions demands more from Ms. Bennis. This portion of the Motion is **DENIED**.

### III.   Conclusion

For the reasons discussed above, this Motion is **DENIED**.

**SIGNED this 29th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE