# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:23-CV-397-JRG-RSP |
| AT&T INC., AT&T SERVICES, INC., § | (LEAD CASE) |
| AT&T MOBILITY, LLC, and AT&T § | |
| CORP., § | |
| § | |
| *Defendants*. § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of No Pre-Suit Willful Infringement, Indirect Infringement, or Copying, filed by the AT&T Defendants. **Dkt. No. 126**. For the reasons discussed below, the Motion should be **GRANTED** as to no copying by Defendants, and otherwise **DENIED**.

### I.     APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the

material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.  ANALYSIS

### A.  Pre-Suit Willful Infringement and Pre-Suit Indirect Infringement

Defendants assert that Plaintiff cannot point to any evidence for a necessary element of both pre-suit willful infringement and pre-suit indirect infringement: pre-suit knowledge of the patents at issue. Dkt. No. 126 at 3-4.

Indirect infringement, whether contributory or induced, requires that the indirect infringer have knowledge of the patents at issue. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). This is also true for willful infringement. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932-33 (2016)). Further, evidence of knowledge of the patents in suit and intent sufficient to establish deliberate or intentional conduct may be inferred from circumstantial evidence. *See Warsaw Orthopedic, Inc. v. NuVasive,*

*Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("knowledge of infringement can be inferred from circumstantial evidence"); *WCM Industries, Inc. v. IPS Corporation*, 721 Fed.Appx. 959, 970 (Fed. Cir. 2018) ("whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred *from all the circumstances*.") (emphasis original) (cleaned up) (quoting *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990)).

In the Motion, Defendants argue that "Headwater has failed to adduce any evidence that AT&T knew of the asserted patents prior to its filing suit, because Headwater relies solely on evidence that cannot, as a matter of law, establish knowledge." Dkt. No. 126 at 3. Specifically, Defendants contend that Plaintiff relies on documents and communications that either do not identify the asserted patents or otherwise predate the filing and issuance of those patents. *Id.* at 4-7.

In response, Plaintiff argues that Defendants knew or should have known of the patents at issue. Dkt. No. 151 at 6-7. In support of this, Plaintiff makes several assertions. First, it asserts that Defendants knew that Headwater had a large portfolio of patents. *Id.* at 7. Second, it asserts that Defendants were aware that the technological solutions offered by ItsOn were wide ranging in the field of AT&T's business. *Id.* Third, it asserts that Defendants sought to develop their own technology to replace that provided by ItsOn. *Id.* at 7. Finally, it asserts that the '541 Patent was listed on Headwater's marking page, thus providing notice to AT&T concerning the Patent. *Id.*

Despite all of the above, continues, Plaintiff, "there is no evidence that AT&T ever investigated whether it infringed the '541 Patent" and that "[a] jury could consider this failure to investigate as evidence of intent to infringe the asserted patents, or at least disregard of the obvious risk." *Id.*

3

The Court finds that a genuine dispute of material fact remains for the question of pre-suit willfulness as it relates to knowledge of the asserted patents. The core of the knowledge dispute is centered on the interactions of the parties over the period of time prior to this suit. This dispute is highlighted by conflicting interpretations of the underlying facts, such as Defendants' alleged awareness of Plaintiff's patent portfolio. The Court finds that in viewing the totality of the circumstantial evidence, a jury could reasonably find that knowledge of (or willful blindness to) the asserted patents was present prior to the filing of the Complaint.[1]

Defendants also assert that Plaintiff cannot show that Defendants knew of their alleged infringement. Dkt. No. 126 at 6. For the same reasons discussed above, the Court finds that a reasonable jury could find that Defendants were aware of their alleged infringement from the totality of the circumstantial evidence.

### B. Copying

In the Motion, Defendants argue that Plaintiff cannot show copying—but specifically copying done by them (AT&T), which goes toward, *inter alia*, willful infringement. *See* Dkt. No. 126 at 8-9. Defendants assert that to prove its copying allegation, Plaintiff must show that they "(1) intentionally copied (2) a specific thing, and (3) that the thing that AT&T copied is an embodiment of the asserted claims." *Id.* (citing *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 5812175, at *4 (N.D. Cal. Nov. 7, 2014), *aff'd*, 646 F. App'x 929 (Fed. Cir. 2016). Defendants contend that Plaintiff has adduced no evidence of this. *See id.* at 9.

In response, Plaintiff argues that there *is* evidence of copying, but of copying by competitors generally, which goes towards secondary considerations of non-obviousness. *See* Dkt.

---

[1] Accordingly, Defendants' MIL No. 5 is **DENIED**. *See* Dkt. No. 234 at 4.

4

No. 151 at 9-10. This type of copying, Plaintiff contends, can be shown through the alleged infringer having "access to the patented product combined with the patented product." *Id.* (quoting *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) (internal quotations omitted)). Plaintiff then points to the report of their expert—Mr. de la Iglesia—in support of their allegation of copying by competitors (namely, Samsung). *Id.* at 9 (citing Dkt. No. 126-3 at ¶¶463-64[2]). Critically, however, Plaintiff adduces no evidence of copying by AT&T. *See generally id.*; *see also* Dkt. No. 202.

The Court finds that there is a genuine dispute of material fact over copying, but only as to copying by competitors generally, which goes towards the *Transocean* secondary indicia of non-obviousness. As discussed above, Plaintiff neither points to any evidence nor does it even argue that AT&T itself engaged in any copying. Plaintiff only points to copying by (non-AT&T) competitors generally. Accordingly, there is no genuine dispute of material fact as to this latter issue and summary judgment is proper.[3]

### III. CONCLUSION

For the reasons discussed above, the Court recommends the motion be **GRANTED** as to no copying by AT&T, and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than August 12, 2025,** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2);

---

[2] Because Plaintiff copied and pasted much of its response in opposition to the instant Motion from its response to a substantively identical motion in a parallel litigation, the actual paragraphs of Mr. de la Iglesia's report that the relevant copying opinions appear in are paragraphs 544 and 545. Dkt. No. 126-3 at ¶¶544-45.
[3] Accordingly, Defendants' MIL No. 4 is **GRANTED**. *See* Dkt. No. 234 at 4.

5

*see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE