# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § AT&T INC., AT&T SERVICES, INC., § AT&T MOBILITY, LLC, and AT&T § CORP., § § *Defendants*. § § | CIVIL ACTION NO.  2:23-CV-397-JRG-RSP (LEAD CASE) |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Partial Summary Judgment that Plaintiff Headwater's Damages are Limited by 35 U.S.C. § 287, filed by the AT&T Defendants. **Dkt. No. 127**. In it, Defendants argue that Plaintiff's damages should be limited for failure to comply with the requirements related to patent marking. For the reasons discussed below, the Motion should be **GRANTED** as to Plaintiff not having given pre-suit actual notice to Defendants, and otherwise **DENIED**.

### I.     BACKGROUND

On September 1, 2023, Plaintiff Headwater Research LLC filed suit against Defendants, asserting that they infringe two of its patents: U.S. Patent Nos. 8,589,541; and 9,215,613. Dkt. No.1 at 1.

On June 21, 2024, Defendants sent Plaintiff an *Arctic Cat* letter identifying products that Defendants allege were not properly marked pursuant to 35 U.S.C. § 287. *See generally* Dkt. No. 127-14.

On April 2, 2025, Defendants filed the instant Motion for Partial Summary Judgment, asserting that Plaintiff should be limited to post-suit damages for its failure to comply with 35 U.S.C. § 287. *See generally* Dkt. No. 127.

## II.   APPLICABLE LAW

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No.

2

2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### B. Patent Marking

It is the plaintiff's burden to prove it provided actual notice of infringement or provided constructive notice through compliance with 35 U.S.C. § 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). Alternatively, for constructive notice, the plaintiff has the burden to prove compliance with § 287 after an alleged infringer identifies "unmarked 'patented Articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. The initial burden borne by the alleged infringer to identify such Articles is a "low bar." *See Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1313 (Fed. Cir. 2020). Once it has met this low bar, the burden shifts to the plaintiff to show that the products identified were either adequately marked or not subject to a marking requirement. *See id.* "In the event of failure so to mark, no damages shall be recovered" until actual notice is given. 35 U.S.C. § 287(a). However, "a patentee who begins selling unmarked products can cure noncompliance with the notice requirement and thus begin recovering damages by beginning to mark its products in accordance with the statute." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). Filing an action for infringement constitutes actual notice. *Packet Intel.*, 965 F.3d at 1313.

### III. ANALYSIS

#### A. Actual Notice

In the Motion, Defendants argue that Plaintiff never provided them with actual notice until

3

the filing of the instant suit. Dkt. No. 127 at 6.

In response, Plaintiff appears to dispute this and argues that Defendants did have actual pre-suit notice. *See* Dkt. No. 150 at 6 (citing Dkt. No. 127-5). The entirety of its arguments and the evidence it cites in support, however, rest on the notion that AT&T was *aware* of the patents; Plaintiff never points to anything showing that *it provided anything* to Defendants. *See id.*; *see also* Dkt. No. 127-5 ("Defendants have had *knowledge* of or were willfully blind to the [asserted patents] . . . .").

Because of this, the Court is unpersuaded by Plaintiff's arguments. Showing that AT&T was aware of the patents at issue is insufficient to show the required notice of infringement. *See generally Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001). Notice is an affirmative act. *Id.* Therefore, the inquiry concerns the plaintiff's actions, not the defendant's knowledge. *Id.* Here, because Plaintiff has not shown that it provided actual notice to Defendants, the Court finds that summary judgment of no pre-suit actual notice should be **GRANTED**.

### B. Constructive Notice

#### 1. The '613 Patent

In the Motion, Defendants assert that Plaintiff did not mark for the '613 Patent and cannot carry its burden to show that the ItsOn products did not practice the claims of the '613 Patent. Dkt. No. 127 at 6-7.

In response, Plaintiff concedes that the '613 Patent never appeared on its virtual marking page, but that it has sufficient evidence to show that the ItsOn products did not practice the '613 Patent. Dkt. No. 250 at 6-7. Specifically, Plaintiff points to the report of its expert Dr. Wesel, in which Plaintiff asserts that he opines that the ItsOn products don't practice the '613 Patent. *Id.* (citing Dkt. No. 127-15 at ¶¶ 86-91). Plaintiff further points to the testimony of several fact

witnesses. *Id.*

The Court finds that summary judgment is inappropriate here. As an initial matter, the Court disregards Plaintiff's arguments concerning fact witnesses. Fact witnesses are generally not competent to testify as to whether a product practices a patent claim. This case is no exception. *See generally* FED. R. EVID. 701.

Regardless, Plaintiff's experts do opine that the ItsOn products do not practice the '613 Patent. For example, in Dr. Wesel's report, he states that "I understand that ItsOn . . . did not practice Headwater's '613 Patent." Dkt. No. 127-15 at ¶ 86. He based this opinion on his review of the '613 Patent, discussions with ItsOn personnel, and other evidence that ItsOn developed with one of the carriers. *See id.* at ¶¶ 87-91.

Accordingly, the motion for summary judgment should be **DENIED** as to the '613 Patent.

    2.  The '541 Patent

In the Motion, Defendants argue that Plaintiff cannot demonstrate sufficient marking for the '541 Patent. Dkt. No. 127 at 9. In support of this, they forward three arguments. First, they assert that Plaintiff was able to physically mark the products at issue, but did not do so (marking only via the virtual marking page), and that it cannot establish that it was not feasible to physically mark. *See id.* at 10.

Second, they assert that Plaintiff has not proven that it included a link on all practicing products. *Id.* at 9. Specifically, they contend that James Lavine[1] "admitted he could not confirm if all OEMs included the marking link on user interfaces." *Id.* Thus, argue Defendants, Plaintiff did not comply with marking requirements on "substantially all of" the accused products. *Id.* (quoting *Am. Med. Sys. v. Med. Eng'g Coy.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993)). Defendants further argue

---

[1] Mr. Lavine is affiliated with Headwater.

that Headwater produced no evidence that the link to the ItsOn marking page actually worked. *Id.*

Third, they assert that the virtual marking page does not sufficiently tie ItsOn products to specific patents. *Id.* at 10. Specifically, they allege that "the entirety of ItsOn's marking website only contained a list of patents with the following text: 'ItsOn services and devices are protected by patents in the U.S. and elsewhere. This notice is provided to satisfy the virtual patent marking provisions of various jurisdictions, including the virtual patent marking provisions of 35 U.S.C. A§ 287 [sic] as amended by the America Invents Act. The ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents:'." *Id.* at 9 (quoting Dkt. No. 127-10). Defendants contend that nowhere on the marking page is any individual product linked with any particular listed patent(s), nor is a specific ItsOn product even identified on the website. *Id.* at 10. Because Plaintiff does not contend that all of the ItsOn products practice all of the patents listed on the ItsOn notice page, ItsOn's website did not comply with § 287(a) since it did not "associate[] the [allegedly] patented Article with the number of the patent." *Id.* at 8-9 (quoting 35 U.S.C. § 287(a)) (further citing *VLSI Tech. LLC v. Intel Col T.*, 2021 WL 2773013, *3 (W.D. Tex. Apr. 12, 2021) ("[A] mere direction to an Internet website that simply lists patents–without mentioning associating any patent with a specific patented Article–does not satisfy the marking obligation as a matter of law.")).

In response to the first point, Plaintiff argues that Defendants point to no case law stating such a proposition, and that the marking statute expressly permits virtual marking. Dkt. No. 150 at 9.

In response to the second point, Plaintiff argues that Defendants are mischaracterizing Mr. Lavine's testimony and that what he really was saying was that "he could not *affirmatively testify* as to whether all OEMs included this link on *every* device because he 'didn't look at every single

device' but 'there was a requirement for them to implement' the Virtual Marking Page on every device." *Id.* at 8 (citing Dkt. No. 127-19 at 79:14-24). Plaintiffs also assert that, regardless of the above, "[s]everal witnesses testified that the ItsOn software implemented on the prepaid devices included a 'Patent Notice' and link to the Virtual Marking Page." *Id.* (citing Dkt. No. 150-4; Dkt. No. 150-5; Dkt. No. 150-6; Dkt. No. 150-10; Dkt. No. 150-14; Dkt. No. 150-16; Dkt. No. 150-17; Dkt. No. 127-9). Plaintiff further argues that Defendants cite to no evidence suggesting that the Virtual Marking Page didn't work (*Id.* at 8 (citing Dkt. No. 127 at 9), and that even if they had, "there is evidence showing that the link did work and was frequently updated by Headwater/ItsOn." *Id.* at 3, 9. Finally, Plaintiff points out that it undertook reasonable efforts to ensure Sprint's compliance with marking obligations and points to its agreement with ItsOn requiring ItsOn to mark and ItsOn's agreement with Sprint requiring Sprint to mark its products which included the ItsOn software. *See id.* at 2-5.

In response to the third point, Plaintiff argues that the website clearly associates the ItsOn service and devices providing the ItsOn service as embodying the claims of the listed patents. *Id.* at 9-10 (citing Dkt. No. 127-9 ("The ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents . . . .")). Headwater further contends the phones themselves directly associate the particular version of the software with the patents by linking users of the software to those patents. *Id.* at 10 (citing Dkt. No. 150-5; Dkt. No. 150-6; Dkt. No. 150-10; Dkt. No. 150-14; Dkt. No. 150-16; Dkt. No. 150-17; Dkt. No. 127-9).

The Court finds that summary judgment is inappropriate here.

Regarding Defendants' first point, the Court is unpersuaded, particularly in view of Defendants' failure to cite any law supporting their assertion regarding feasibility. Plaintiff need not show that it was not feasible to physically mark; it needs merely to show that the virtual

marking was commensurate with physical marking. As seen from the arguments and analysis concerning Defendants' third point, Plaintiff has demonstrated, at minimum, a genuine dispute of material fact on this issue.

Regarding Defendants' second point, the Court finds that there is a genuine dispute of material fact here. As we previously found in *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00422 (hereinafter "*Headwater I*") "[Plaintiff] has shown that Sprint [had already] began the termination of its agreement with ItsOn as to the post-paid phones . . . . This began the process of removing ItsOn's software from post-paid phones. *Headwater I*, 2024 WL 3843760 at *4 (E.D. Tex. July 15, 2024). If Plaintiff's evidence is believed, then this was completed before the damages period began and, therefore, there is no marking issue with respect to the postpaid devices in line with *Arctic Cat II*. *See Arctic Cat II*, 50 F.3d at 864. Further, the Court found in *Headwater I* that the "ItsOn's agreement provided Sprint 'shall reproduce on each copy, any notice of patent.'" *Headwater I*, 2024 WL 3843760 at *4. This is sufficient to create a triable issue of fact with respect to whether Plaintiff undertook reasonable efforts to comply with the marking statute in line with the Federal Circuit's *Maxwell v. J. Baker* decision. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996) ("[w]ith third parties unrelated to the patentee ... [w]hen the failure to mark is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements."). Additionally, Defendants' failure to point to any evidence showing that the virtual marking page did not work, combined with Plaintiff's evidence that it did, creates, at minimum, a triable issue of fact.

Regarding Defendants' third point, the Court finds that there is a genuine dispute of material fact here. As we previously found in *Headwater I*, while virtual marking requires a website "that associates the patented Article with the number of the patent" (35 U.S.C. § 287(a)),

8

we do not find that this must include an exacting recitation of every version or release of software or every particular product running the same software. The language that "[t]he ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents" is sufficient to associate the ItsOn service with the listed patents. While "the ItsOn service" may appear to broadly refer to all manner of offerings from ItsOn, this refers only to a single offering, the ItsOn service. As such, while generally contending a variety of different services practice a long list of patents might not properly associate the marked Article with practiced patents, the Court is not convinced that is the case here.

## IV.   CONCLUSION

For the reasons discussed above, the Court recommends that the Motion should be **GRANTED** as to Plaintiff not having given actual pre-suit notice to Defendants, and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than August 12, 2025,** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 29th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE