# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § AT&T INC., AT&T SERVICES, INC., AT&T § MOBILITY, LLC, and AT&T CORP., § § *Defendants*. § § § | CIVIL ACTION NO. 2:23-CV-397-JRG-RSP (LEAD CASE) |

## MEMORANDUM ORDER

Before the Court is Plaintiff Headwater Research LLC's Motion for Leave to Amend Exhibit List and to Serve Supplemental Expert Reports.[1] **Dkt. No. 268**. In the Motion, Plaintiff seeks to add a term sheet created in the course of negotiations with Motorola Mobility LLC for a license related to the Motorola products that are part of the AT&T systems accused of infringement in this case. *Id.* at 1; Dkt. No. 268-2. The motion was filed at the close of business on a Friday, less than two weeks before jury selection.

Untimely amendments to exhibit lists require a showing of good cause. "Good cause," according to the Federal Circuit, "requires a showing of diligence." *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing

---

[1] Defendants are unopposed to the portion of the Motion concerned with granting Plaintiff leave for its experts, Dr. Bazelon and Mr. Bergman, to serve supplemental reports with updated schedules which remove the Motorola units that the Term Sheet at issue is concerned with. Dkt. No. 268 at 3. Accordingly, the Court hereby **GRANTS** leave for Plaintiff to serve amended expert reports containing these updates, and *only* these updates. *See infra*.

the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *See id*; *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Here, the deadline to fully complete fact discovery was February 7, 2025 (Dkt. No. 104 at 4), while Plaintiff filed the instant Moton on August 1, 2025 (Dkt. No. 268). Accordingly, the amendment is untimely. Further, Plaintiff sought the same relief in a parallel litigation—*Headwater Research v. Cellco Partnership d/b/a Verizon Wireless*, C.A. No. 2:23-cv-00352—which the Court denied. Dkt. No. 392 in 2:23-cv-00352. The Court will not retread old ground and will instead only address Plaintiff's claimed differences between the previous situation and the instant one which it asserts "militate for a different result." Dkt. No. 268 at 1.

First, Plaintiff claims that, unlike in the -352 case in which the motion was filed just three business days before jury selection, here "the instant motion is being filed two weeks before jury selection and after Defendants have had access to the Binding Term Sheet for almost a month. Accordingly, any issues of unfair surprise and prejudice have been mitigated." *Id.* at 1-2.

The additional weeks do not change the calculus. The question is the prejudice to the Defendants, and contrary to Plaintiff's assertion that it has been mitigated, Defendants have had no meaningful opportunity to conduct discovery related to the settlement with Motorola. As discussed above, the fact discovery deadline was months ago. Consequently, Defendants have not been able to seek discovery from Motorola and others.

Second, Plaintiff objects to the Court's finding, in the previous denial in the -352 case, that "[t]his is a situation of Plaintiff's own making" (Dkt. No. 392 at 2 in 2:23-cv-00352), arguing that "it is simply not the case that the timing of the execution of the Motorola term sheet was within Headwater's control" (Dkt. No. 268 at 2). Plaintiff asserts that "Headwater had been negotiating with

Motorola every month since the fall of 2024" and that this "process entailed over 50 emails and a dozen phone calls and video meetings." *Id.*

Plaintiff misapprehends the Court's point in our previous denial in the -352 case: Plaintiff chose to file the instant case before its negotiations with Motorola and others were complete. In other words, Plaintiff's situation—of not having finalized[2] its negotiations with Motorola before the discovery cutoff—is one of its own making. In short, the onus was on Plaintiff to more expeditiously negotiate a deal with Motorola since, in effect, Plaintiff itself decided that it wanted a February 7, 2025 fact discovery deadline. Plaintiff may have been truly incapable, through no fault of its own and regardless of circumstances, of successfully agreeing to terms with Motorola before February 7. This is, ultimately, irrelevant. The issue is the fairness of injecting that term sheet into this case at this juncture.

Third, Plaintiff argues that "[w]hile the Court is correct that the Motorola term sheet is not a fully executed license, its terms are binding" and that "[t]his stands in stark contrast to the terms of the non-binding Interdigital term sheet which the Court has specifically allowed Defendants to use at trial to establish a reasonable royalty . . . ." *Id.* (emphasis omitted). Therefore, asserts Plaintiff, there is "[n]o basis . . . to allow Defendants to rely on the non-binding Interdigital term sheet while precluding Headwater from making use of a binding term sheet, simply because it has not yet been reduced to a full-fledged license." *Id.* at 2-3. However, the InterDigital non-binding Letter of Intent was timely served, while the instant Term Sheet, binding or not, comes months after the discovery deadline. Furthermore, the InterDigital agreement was being offered against its author, the Plaintiff, who is fully able to explain its circumstances. Defendants are complete strangers to the Motorola agreement.

---

[2] The Court further notes that the deal is not even finalized yet. A fully-executed license has yet to be produced by Plaintiff.

Related to its first point, Plaintiff next argues that "while it is true that no discovery has been taken from Motorola, up until now Defendants have shown that they do not need such discovery" because "Defendants are relying on Apple licenses where there has been no discovery of either party to the agreement," and that "similarly, Interdigital has not been deposed in any Headwater case." *Id.* at 3. Plaintiff asserts that "If Defendants are allowed to rely on term sheets or licenses where no party or not all parties have been deposed, it should be reasonable for Headwater to do likewise in response, especially as Headwater has offered to make Dr. Raleigh available for deposition on the Motorola binding term sheet, just as he was deposed (several times) on the Interdigital non-binding term sheet." *Id.* Plaintiff contends that "[t]here is no reason that Dr. Raleigh, Headwater's corporate representative, its sole 30(b)(6) designee, and the person who would testify on the agreement at trial, cannot provide sufficient deposition testimony on this agreement . . . ." *Id.* at 9. The fact that Defendants determined that they did not need discovery regarding other agreements does not justify a conclusion that they should not have the opportunity to engage in discovery of this agreement.

Finally, Plaintiff argues that, while in the -352 case neither side's experts had examined the Term Sheet and rendered opinions, "[i]n this case, Headwater has served a supplemental report of its expert Mr. Jim Bergman examining the Binding Term Sheet." *Id.* Plaintiff also argues that "moreover, there is sufficient time in advance of trial for Defendants to serve a rebuttal" and that "[t]here is also time for Defendants to depose Headwater's expert if they so desire." *Id.*

This argument, again, bears little discussion. This case is on the eve of trial and regardless of any depositions of Plaintiff's experts, Defendants will still have no meaningful opportunity to engage in discovery regarding the Motorola agreement (which, again, has not yet even blossomed into a license).

Considering all of the factors, Plaintiff's Motion for Leave to Amend Exhibit List (Dkt. No. **268**) is **DENIED**.

**SIGNED this 3rd day of August, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE