**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>PLAINTIFF,<br><br>v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC and AT&T ENTERPRISES, LLC.,<br><br>DEFENDANTS. | Civil Action No. 2:23-cv-00397-JRG-RSP<br><br>**JURY DEMANDED** |

**DEFENDANTS' MOTION FOR MISCELLANEOUS RELIEF AS TO THE COURT'S
ADOPTION OF PLAINTIFF'S UNOPPOSED MOTION TO ADOPT
CLAIM CONSTRUCTION OF "INTERCEPTING" (DKT. NO. 270)**

Just before midnight on August 2, 2025, Plaintiff Headwater filed an "unopposed" motion to adopt claim construction of the "intercepting" term in claims 79 and 83 of the '541 Patent. Dkt. No. 270. Unfortunately, the motion as filed was not "unopposed," and the Court granted Plaintiff's motion today, August 4, 2025—after AT&T had asked Headwater to pull down its motion and re-file as partially opposed, but before AT&T could get any notice of opposition on file. Ex. 3.

In truth, as reflected in AT&T's correspondence and reiterated on the parties' meet and confer, AT&T agreed to the motion only to the "extent it seeks supplementation of the Court's claim construction order with *explicit* constructions from the Court's MSJ orders." *See* Ex. 1 (emphasis in original). Headwater's motion exceeded this agreement, a fact that AT&T could not ascertain until yesterday because Headwater filed its motion as "unopposed" without ever sending the motion to AT&T for review. In light of the above, AT&T requests the Court amend its order and grant Headwater's initial motion only as to the agreed portion of the motion—i.e., the Court's express construction.

***

Defendants file this response to Plaintiff's Unopposed Motion to clarify what Defendnats did not oppose. Defendants do not oppose entry of the Court's express construction of "intercepting" as "receiving a message directed to or meant for another," as reflected in the quotes and underline defining what intercepting "means." Dkt. 254 at 1.

> (1) "intercepting" means "receiving a message directed to or meant for another," but that this construction does not mean that "intercepting" can only occur if the message does not reach the intended recipient;

Plaintiff's motion, however, goes one step further to include language that was not part of the Court's ultimate construction, *viz.*, that "this construction does not mean that 'intercepting' can

only occur if the message does not reach the intended recipient." Dkt. 270 at 1. This sentence, however, is part of the Court's analysis, not its construction; it appears outside the quoted and underlined text and therefore is not the Court's ultimate construction of the disputed term.

It appears that the parties had a misunderstanding of what was agreed to. Ex. 1 (email exchange between counsel regarding "intercepting"). Defendants agreed to the ultimate construction of "intercepting" that is in quotes and underlined and did not agree to the additional language. Headwater also did not circulate a draft of its motion before filing, so Defendants were unable to review the Motion and correct the proposed construction.

The Motion requests to include in the construction of "intercepting" what is akin to the Court's reasoning in a Claim Construction Order, which cannot be before the jury absent leave of Court. Ex. 2 at Court MIL No. 17. If Plaintiff believes that it is appropriate to show the jury that reasoning, it is free to approach the bench and ask for relief from the MIL. *Id*. But it is inappropriate to add the reasoning to the Court's construction and short-circuit that MIL. Defendants thus request the Court enter only the construction of "intercepting," and not the reasoning.

Dated: August 4, 2025          By:  */s/ Nicholas Mathews*
                                                      Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Hess
Texas State Bar No. 24087717
khess@mckoolsmith.com
James E. Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Sean O'Leary
Texas State Bar No. 24138326
soleary@mckoolsmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**ATTORNEYS FOR AT&T ENTERPRISES,**

**LLC., AT&T MOBILITY LLC, AND AT&T SERVICES, INC**.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 4, 2025.

                                                          */s/ Nicholas Mathews*
                                                          Nicholas Mathews

**CERTIFICATE OF CONFERNECE**

I hereby certify that pursuant to Local Rules CV-7(h) and (i), Counsel for Headwater and counsel for AT&T exchanged correspondence regarding the forgoing motion on July 28-29, 2025, and conferred by video conference on July 29, 2025. AT&T understands that Headwater opposes AT&T's requested relief.

                                                          */s/ Nicholas Mathews*
                                                        Nicholas Mathews