# EXHIBIT 1

| | |
|---|---|
| **From:** | Christian Hurt |
| **To:** | Philip Wang; Kevin Hess; Nicholas Mathews; Clare Churchman; Erik Fountain; ATT_Headwater |
| **Cc:** | headwater@raklaw.com |
| **Subject:** | Re: Headwater v. AT&T - Claim Constructions |
| **Date:** | Tuesday, July 29, 2025 12:32:56 PM |
| **Attachments:** | image076952.png<br>image638047.png |

Philip – I am free to meet-and-confer at 130 PM Central / 1130 AM Pacific. Can you send around an invite?

Thanks,

Christian

**McKool Smith** | Christian Hurt

Principal | Dallas | Tel: (214) 978-4060 | Mobile: (832) 659-4460

**From:** Philip Wang <pwang@raklaw.com>
**Date:** Monday, July 28, 2025 at 9:46 PM
**To:** Kevin Hess <khess@McKoolSmith.com>, Nicholas Mathews <nmathews@McKoolSmith.com>, Clare Churchman <cchurchman@mckoolsmith.com>, Erik Fountain <efountain@McKoolSmith.com>, Christian Hurt <churt@McKoolSmith.com>, ATT_Headwater <ATT_Headwater@mckoolsmith.com>
**Cc:** headwater@raklaw.com <headwater@raklaw.com>
**Subject:** Re: Headwater v. AT&T - Claim Constructions

Kevin,

Thanks for your response.

For "intercepting" in the '541 patent, our understanding of the term in my email, which quotes from Dkt. 254. It appears the parties agree this is an explicit construction. In our motion, we can indicate that AT&T doesn't oppose our request for the "intercepting" term.

For claim 1 of the '613 patent, we understand AT&T opposes. Our view is that it falls in the same category as the intercepting term. The Court made a determination about claim scope and, as a result, denied AT&T's motion. This was a holding that resolved the motion and not "dicta."

For a call tomorrow, Tuesday, we can rearrange and make most times work. For specific windows, we can propose 10:30-12 pm Pacific or 2-4 pm Pacific.

Thx, Philip

Philip Wang
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
pwang@raklaw.com

> On Jul 28, 2025, at 4:36 PM, Kevin Hess <khess@McKoolSmith.com> wrote:
>
> Philip – AT&T does not oppose Headwater's proposed motion to the extent it seeks supplementation of the Court's claim construction order with ***explicit*** constructions from the Court's MSJ orders—i.e., the Court's construction of the 541 patent claims' "intercepting" term. However, we do oppose any request to supplement the Court's claim construction order with any dicta from the MSJ orders, including, e.g., the cited discussion below related to the '613 patent's processor claim element.
>
> We are not available to confer today. But if you send some specific times for tomorrow, we'll try to make something work.
>
> Regards,
> Kevin



Kevin Hess
Principal
Austin, TX
Tel: (512) 692-8749
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**From:** Philip Wang <pwang@raklaw.com>
**Sent:** Monday, July 28, 2025 3:06 PM
**To:** Nicholas Mathews <nmathews@McKoolSmith.com>; Kevin Hess <khess@McKoolSmith.com>; Clare Churchman <cchurchman@mckoolsmith.com>; Erik Fountain <efountain@McKoolSmith.com>; Christian Hurt <churt@McKoolSmith.com>; ATT_Headwater <ATT_Headwater@mckoolsmith.com>

**Cc:** headwater@raklaw.com
**Subject:** Headwater v. AT&T - Claim Constructions

Counsel for AT&T,

I write regarding the Court's recent decisions denying AT&T's MSJs of non-infringement of the '613 and '541 patents. Dkt. 251 (issued 7/22/25); Dkt. 254 (issued 7/25/25).

As you know, the decisions contain claim construction holdings regarding the asserted claims. Specifically, the decisions hold that:

- For claim 1 of the '613 patent: the claim "requires that the device contain 'one or more processors configured to' making a classification based on the application 'interacting with the user'—it does not require that the device always and continuously be making such a classification." Dkt. 251 (citing and incorporating Verizon Dkt. 309); Verizon Dkt. 309 at 11.

- For claims 79 and 83 of the '541 patent: "'intercepting' means 'receiving a message directed to or meant for another,' but that this construction does not mean that 'intercepting' can only occur if the message does not reach the intended recipient." Dkt. 254 at 1 (citing and incorporating Verizon Dkt. 311).

Headwater intends to file a motion to supplement the claim construction order (Dkt. 97) with the above holdings and/or to formally adopt them as matter of claim construction. We believe this is appropriate to avoid any ambiguity and for purposes of trial.

Please let us know whether AT&T opposes this motion. If AT&T opposes, please provide your availability to meet and confer at the following times:
- Monday, 7/28: 3 to 7pm Pacific
- Tuesday, 7/29: 10am to 7pm Pacific

If an opposed motion is necessary, we request expedited briefing and can discuss the schedule in our call.

Thanks, Philip

Philip Wang

Russ August & Kabat

12424 Wilshire Boulevard, 12th Floor

Los Angeles, CA 90025

310 826-7474

pwang@raklaw.com