**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | Case No. 2:23-cv-00397-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T ENTERPRISES, LLC, | |
| *Defendants.* | |

**HEADWATER'S MOTION TO ADOPT CLAIM CONSTRUCTION**
**FOR CLAIM 1 OF THE '613 PATENT**

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater | Plaintiff Headwater Research LLC |
| '613 patent | U.S. Patent No. 9,215,613 |
| AT&T | Defendants AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC |
| Verizon | Verizon Wireless and Verizon Corporate Services Group, Inc. (in Case No. 2:23-cv-00352-JRG-RSP) |
| Verizon case | *Headwater v. Verizon*, Case No. 2:23-cv-00352-JRG-RSP |
| R&R | Report and Recommendation (Dkt. 251) on AT&T's Motion for Summary Judgment of Non-Infringement of the '613 Patent, citing and incorporating Dkt. 309 in the Verizon case |

Headwater respectfully requests that the Court adopt its finding regarding claim scope of claim 1 of the '613 patent as a matter of claim construction. On July 21, 2025, the Court issued a Report and Recommendation (R&R, Dkt. 251), recommending denial of AT&T's MSJ of non-infringement of the '613 patent. In doing so, the R&R analyzed claim 1 and held that:

> "The claim [claim 1 of the '613 patent] expressly requires that the device contain 'one or more processors configured to' making a classification based on the application 'interacting with the user'—*it does not require that the device always and continuously be making such a classification*."

Dkt. 251, citing and incorporating Verizon Dkt. 309; Verizon Dkt. 309 at 11 (emphasis added).

This finding is correct. Claim 1 of the '613 patent recites: "A wireless end-user device, comprising . . . one or more processors configured to . . . classify whether a particular application . . . is interacting with the user in the device user interface foreground." As a matter of law and claim scope, claim 1 does ***not*** require that the device *always and continuously* classify whether the application is interacting with the user. The Court already decided this in Dkt. 251, thereby resolving the parties' dispute as to claim scope.

In the meet and confer for this motion, AT&T didn't argue that the Court's finding quoted above is incorrect.[1] Rather, its sole objection was that the Court's finding wasn't an express construction and that it was merely "dicta." AT&T is wrong.

In the R&R, the Court analyzed the claim language "classify whether a particular application . . . is interacting with the user in the device user interface foreground." Verizon Dkt. 309 at 11. AT&T sought summary judgment of non-infringement based on this language, for both the Android and Apple accused products. *Id.* at 11 ("To put it simply, the parties present conflicting

---

[1] To the extent AT&T disputes the finding, it can file an objection to the R&R or a motion for reconsideration. As of the time of this motion, AT&T hasn't filed an objection and didn't indicate it would. Notably, in the Verizon case, Verizon filed objections to the R&R (Verizon Dkt. 341). The Court overruled Verizon's objections and adopted the R&R in full (Verizon Dkt. 381).

evidence as to whether the accused Android products 'classify whether a particular application . . . is interacting with the user in the device user interface foreground'"); *id.* at 11 ("Defendants marshal the same arguments with regard to the Apple products"). The Court recognized that AT&T's argument rested on interpreting claim 1 as requiring *always and continuous* classification. *Id.* at 10 (discussing Defendants' hypothetical of a person who performs a Google search and then walks away from the phone for several hours—"This, to Defendants, is dispositive because the browser state will remain even while the user 'is not presently interacting with the phone'").

The Court then resolved this dispute, finding as matter of claim interpretation that claim 1 "does *not require* that the device *always and continuously* be making such a classification." *Id.* at 11 (emphasis added). Based on this finding and in the very next sentence, the Court denied AT&T's MSJ of non-infringement. *Id.* at 11. The Court's finding was material and necessary for the resolution of the motion. It was thus an express holding and *not* "dicta."

The Court should adopt its legal holding about claim 1 as a claim construction in this case. Although the Court recognized that infringement is ultimately a fact question for the jury, the parties presented and the Court resolved a legal dispute over claim scope. In these circumstances, AT&T should not be allowed to leave the dispute unanswered or present it to the jury. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."); *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (legal error to leave dispute over claim scope unanswered or for jury to decide). For example, AT&T should not be allowed to argue or imply that claim 1 requires that the device *always and continuously* perform the claimed classification.

* * *

Accordingly, the Court should adopt the following claim construction, which comes directly from the R&R (Dkt. 251; Verizon Dkt. 309):

| Term | The Court's Construction |
|---|---|
| "classify whether a particular application . . . is interacting with the user in the device user interface foreground"<br><br>('613 Patent, Claim 1) | Plain and ordinary meaning, wherein the claim does not require that the device always and continuously be making such a classification |

Dated: August 4, 2025

Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Dale Chang
CA State Bar No. 248567
Jason M. Wietholter
CA State Bar No. 337139
Matthew Aichele
VA State Bar no. 77821
Adam S. Hoffman
CA State Bar No. 218740
RUSS AUGUST & KABAT

12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

**CERTIFICATE OF SERVICE**

I certify that on August 4, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster

**CERTIFICATE OF CONFERENCE**

I certify that that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). Counsel for Headwater and counsel for AT&T exchanged correspondence regarding this motion on July 28-29, 2025, and conferred by video conference on July 29, 2025. Counsel for AT&T indicated that AT&T opposes this motion.

*/s/ Marc Fenster*
Marc Fenster