# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T ENTERPRISES, LLC,<br><br>*Defendants.* | Case No. 2:23-cv-00397-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**HEADWATER'S OPPOSITION TO AT&T'S MOTION FOR MISCELLANEOUS RELIEF AS TO THE COURT'S ADOPTION OF THE CLAIM CONSTRUCTION OF "INTERCEPTING" FOR THE '541 PATENT**

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| Headwater | Plaintiff Headwater Research LLC |
| '541 patent | U.S. Patent No. 8,589,541 |
| AT&T | Defendants AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC |
| R&R | Report and Recommendation (Dkt. 254) on AT&T's Motion for Summary Judgment of Non-Infringement of the '541 Patent, citing and incorporating Dkt. 311 in the Verizon case (*Headwater v. Verizon*, Case No. 2:23-cv-00352-JRG-RSP) |

AT&T's motion to amend the Court's claim construction of "intercepting" in claims 79 and 83 of the '541 patent should be denied. Headwater filed its motion (Dkt. 270) as unopposed because AT&T agreed to it. This is confirmed by parties' correspondence and meet and confer from July 28-29, 2025. AT&T now asserts that half of the Court's one-sentence construction of "intercepting" should be excluded. This is a new objection that AT&T never discussed with Headwater or raised before today (August 4, 2025).

AT&T's objection is also wrong. The R&R expressly construed "intercepting" to mean "'receiving a message directed to or meant for another,' but that this construction does not mean that 'intercepting' can only occur if the message does not reach the intended recipient." R&R at 1. The Court resolved an *O2 Micro* dispute about whether "intercepting" in claims 79 and 83 requires the message to not reach the intended recipient. The Court conducted a claim construction analysis and concluded the term does ***not*** so require. This is reflected in the Court's one-sentence construction. Adopting only the first part is misleading and contrary to both the substance and purpose of the construction. The Court should maintain the construction as written in the R&R.

A.     **Headwater Filed Its Motion as Unopposed Because AT&T Agreed to It**

On July 28, 2025, Headwater reached out to AT&T regarding the Court's recent decisions that "contain claim construction holdings regarding the asserted claims." Dkt. 275-2 at 4 (Email from Headwater counsel to AT&T counsel at 3:06 pm CT). Specifically, for the '541 patent, Headwater listed the following bullet:

- For claims 79 and 83 of the '541 patent: "'intercepting' means 'receiving a message directed to or meant for another,' but that this construction does not mean that 'intercepting' can only occur if the message does not reach the intended recipient." Dkt. 254 at 1 (citing and incorporating Verizon Dkt. 311).

*Id.* Headwater explained that it intended to move to supplement the claim construction order "with the above holdings" and/or to formally adopt them as a matter of claim construction. *Id.*

1

AT&T responded that it doesn't oppose Headwater's motion to the extent it seeks supplementation with "*explicit* constructions from the Court's MSJ orders—i.e., the Court's construction of the 541 patent claims' 'intercepting' term." *Id.* at 3 (Email from AT&T counsel to Headwater counsel at 4:36 pm CT). AT&T stated that it opposed Headwater's motion for the '613 patent, which was a separate bullet listed in Headwater's email. *Id.* ("we do oppose any request to supplement . . . with any dicta from the MSJ orders, including e.g., the cited discussion below related to the '613 patent's processor claim element").

Headwater responded confirming its understanding. *Id.* at 2 (Email from Headwater counsel to AT&T counsel on 7/28/25 at 9:46 pm CT). On the '541 patent, it stated:

> For "intercepting" in the '541 patent, our understanding of the term [is] in my email, which quotes from Dkt. 254. It appears the parties agree this is an explicit construction. In our motion, we can indicate that AT&T doesn't oppose our request for the "intercepting" term.

*Id.* Thus, Headwater made clear that its understanding of "intercepting" was in its first email, which quoted the entire one-sentence construction from the R&R. *Id.* Headwater also reiterated the parties' agreement and AT&T's non-opposition on the "intercepting" term. *Id.* AT&T didn't further discuss the construction or suggest that Headwater's understanding was incorrect.

On July 29, 2025, the parties conducted a meet and confer on Zoom. AT&T confirmed that it opposed Headwater's request for the '613 patent but would not oppose for the '541 patent. Again, AT&T didn't suggest that Headwater's email on "intercepting" was inaccurate or that any part of the construction was disputed. Headwater proceeded accordingly and filed its motion for the '541 patent as unopposed on August 2, 2025 (Dkt. 270).

AT&T now attempts to backtrack and fault Headwater for the filing. Dkt. 275. This is unsupported. The record shows that Headwater expressly listed the construction of "intercepting" (by quoting the R&R), and AT&T agreed to not oppose. In the parties' correspondence and meet

2

and confer, AT&T *never* asserted that only the first part of the construction should be adopted (nor identified any part to be excluded). The first time AT&T raised this issue was on August 4, 2025—about two hours before filing this motion. Dkt. 275-4.[1] Tellingly, none of the arguments in AT&T's motion were conveyed to Headwater or exist in the record before August 4th.

Accordingly, the Court should disregard AT&T's characterizations and find this motion to be improper and untimely. Headwater's construction comes verbatim from the R&R. That AT&T agreed to it and failed to articulate any objection is further evidence it should be adopted.

**B.     The Court Should Maintain Its Construction of "Intercepting" for the '541 Patent and Reject AT&T's Attempt to Rewrite It**

The R&R construed "intercepting" in claims 79 and 83 of the '541 patent to mean: "'receiving a message directed to or meant for another,' but that this construction does not mean that 'intercepting' can only occur if the message does not reach the intended recipient." R&R at 1. AT&T asserts that only the first part is the construction and that the second part is extraneous "reasoning." Dkt. 275 at 2. This is inconsistent with the R&R itself, which sets forth the construction in one sentence. There is no basis to chop up the sentence and include half of it.

AT&T's position is also **contradicted** by the full record set forth in the R&R. *See* Verizon Dkt. 311 (R&R in Verizon case, cited and incorporated by Dkt. 251). The Court expressly found that the parties presented a genuine *O2 Micro* dispute and that was construing "intercepting" to resolve that dispute. Verizon Dkt. 311 at 13 ("The Court finds that the parties have a genuine dispute as to the scope of the claim term 'intercepting.' . . . Accordingly, the Court will resolve

---

[1] Headwater's motion (Dkt. 270) included a signed Certificate of Conference under L.R. CV-7(h), describing the parties' meet and confer and basis for filing unopposed. In contrast, AT&T filed this motion without complying with L.R. CV-7(h). Its Certificate of Conference (Dkt. 275 at 6) refers to discussions on July 28-29, 2025. But neither this motion nor AT&T's arguments therein were previously discussed, as the record shows.

3

that dispute by construing 'intercepting.' *See O2 Micro*, 521 F.3d at 1362.").

That dispute was whether "intercepting" in claims 79 and 83 of the '613 patent requires that the message not reach the intended recipient (as Defendants contended). The Court conducted a full claim construction analysis on this issue. *Id.* at 13-17. It concluded that "intercepting" doesn't so require and resolved the *O2 Micro* dispute against Defendants. *Id.* at 16 (analyzing specification, which doesn't require "intercepting" to mean the message is never delivered to the intended recipient); *id.* at 16-17 (discussing various dictionary definitions as "consistent").

Accordingly, a central part of the Court's construction—and the entire *O2 Micro* issue—was that "the construction does ***not*** mean that 'intercepting' can only occur if the message does not reach the intended recipient." R&R at 1; Verizon Dkt. 311 at 16. Indeed, right after stating the construction, the Court summarized it with the same terms and concept, stating: "*Having determined that 'intercepting'* **does not require that the message never reach the intended recipient**, the Court considers whether [summary judgment of non-infringement is appropriate]." Verizon Dkt. 311 at 17 (emphasis added).

In view of the record and the full R&R, AT&T's partial construction must be rejected. It is misleading and contrary to both the substance and purpose of the construction. The Court's work was to resolve the *O2 Micro* dispute, and it determined that "intercepting" does not require that the message never reach the intended recipient. AT&T seeks to strip out this determination from the construction and undo the Court's work. For example, a partial construction (in isolation) may allow AT&T to argue/imply that "intercepting" requires that the message never reach the intended recipient. This is a nonsensical outcome. Indeed, this motion itself suggests that AT&T or its experts may seek to make improper arguments before the jury. For all these reasons, and under *O2 Micro*, the Court should maintain the full construction as written in the R&R.

Dated: August 4, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Dale Chang
CA State Bar No. 248567
Jason M. Wietholter
CA State Bar No. 337139
Matthew Aichele
VA State Bar no. 77821
Adam S. Hoffman
CA State Bar No. 218740
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

5

## CERTIFICATE OF SERVICE

I certify that on August 4, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster
