IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T INC., AT&T SERVICES, INC.,<br>AT&T MOBILITY, LLC, and AT&T<br>CORP.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.  2:23-CV-397-JRG-RSP<br>§              (LEAD CASE)<br>§<br>§<br>§<br>§ |

**MEMORANDUM ORDER**

Before the Court is the Motion to Strike Certain Opinions of AT&T's Rebuttal Expert Nenad Medvidovic, filed by Plaintiff Headwater Research LLC. **Dkt. No. 136**. For the reasons discussed below, the Motion is **GRANTED** to the extent that all sections of Dr. Medvidovic's report comparing the ItsOn APK to the Accused Products for non-infringement arguments are **STRICKEN,** and otherwise denied.

### I.     APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS

Plaintiff raises several issues regarding the report of Defendants' technical expert, Dr. Medvidovic, with respect to (1) his comparisons between accused products and commercial embodiments of the claimed inventions; and (2) his non-infringing alternatives opinions.

The Court will take up each issue in turn.

### A. Comparisons Between the Accused Products and Commercial Embodiment of the Claimed Inventions

In the Motion, Plaintiff argues that Dr. Medvidovic's comparisons between the accused products and commercial embodiments of the claimed inventions are improper, unreliable, and will not assist the jury. Dkt. No. 136 at 4.

#### Are the Comparisons Proper?

Plaintiff first argues that "Dr. Medvidovic opines that the 'Apple Accused Products' do not infringe the claims of Headwater's '541 Patent because 'the allegedly embodying ItsOn product worked' differently" and that Dr. Medvidovic goes on to assert that this "provides further evidence that the Apple Accused Products do not infringe the asserted claims as a result." *Id.* (quoting Dkt. No. 136-2 at ¶¶ 511-512[1]). Plaintiff contends this comparison is error under Federal Circuit precedent. *Id.* at 4-5 (citing *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, 761 F. App'x 989, 992-993 (Fed. Cir. 2019) ("Infringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention.")).

---

[1] Plaintiff's citation to Dr. Medvidovic's report (Dkt. No. 136-2 at ¶ 511) is incorrect. The Court's citation above is where the quoted language actually appears.

3

In response, Defendants argue that (1) that the Federal Circuit has said that there is no blanket prohibition on comparing accused products to commercial embodiments (Dkt. No. 157 at 4-5 (citing *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1288 (Fed. Cir. 2010)); and (2) that Dr. Medvidovic is merely using the differences between the accused Apple products and the commercial embodiment (the ItsOn APK) as "*further evidence*" of noninfringement of the '541 Patent, rather than the comparison being AT&T's sole non-infringement position (*Id.* at 4, 7 (quoting Dkt. No. 136-2 at ¶ 511 (emphasis added by Defendants))). With respect to their first point, Defendants assert that "'when a commercial product meets all of the claim limitations, then a comparison to that product may support a finding' on the issue of infringement." *Id.* at 5 (quoting *Adams*, 616 F.3d at 1289).

The Court finds that Dr. Medvidovic's comparisons are improper. As Plaintiff correctly contends, it is inappropriate to compare accused products to commercial embodiments of the patented invention to show non-infringement. *See e.g. Fleet*, 761 F. App'x at 992-993.

Defendants are correct that there is no "blanket prohibition against comparing the accused product to a commercial embodiment." *Adams*, 616 F.3d at 1288. However, that is true regarding use of the patent-practicing product to confirm infringement by an accused product that works in the same way. Specifically, the Federal Circuit has said that "when a commercial product meets all of the claim limitations, then a comparison to that product may support a finding of *infringement*." *Id.* at 1289 (emphasis supplied).

Here, as a preliminary matter, there does not appear to be a dispute that the ItsOn APK practices all claim limitations of the '541 Patent. Dr. Wesel contends as much (Dkt. No. 157-8 at ¶ 86), and by invoking *Adams*, Defendants are effectively conceding this as well.[2] In contrast to

---

[2] Further, Defendants sent an *Arctic Cat* letter to Plaintiff in which they represented that they believed the ItsOn APK practiced the '541 Patent. *See generally* Dkt. No. 127-14.

the Defendants' cited case law, however, Dr. Medvidovic uses his comparison between the ItsOn APK and the accused products in furtherance of a *non-infringement* position. For that purpose, the comparison must be with the claims.

As Plaintiff correctly points out, this Court has previously held that the only proper comparison for infringement is between the accused products and the elements of the asserted claims. Dkt. No. 136 at 4-5 (citing *Intell. Ventures II LLC v. FedEx Corp.*, Case No. 2:16-cv-00980-JRG, 2018 WL 10638138, at *3 (E.D. Tex. Apr. 26, 2018)). This was done in accordance with the Federal Circuit's *Fleet* decision. Further, the risk of juror confusion is precisely why this Court has its standing MIL No. 18: "The parties shall be precluded from introducing evidence, testimony, or argument for purposes of infringement or non-infringement *comparing the accused product or method to* the preferred embodiments, the specification, or *any non-accused product or method*." (emphasis added).  The fact that an accused product functions or is designed just like a commercial embodiment of the patent *can* be relevant evidence of infringement.  The fact that the accused product functions differently from the commercial embodiment tells very little about whether it infringes.  There can be many embodiments of the patented technology.  That is why the comparison must be with the claims.

Accordingly, Plaintiff's Motion to Strike on this basis is **GRANTED** and all sections of Dr. Medvidovic's report comparing the ItsOn APK to the Accused Products for non-infringement arguments are hereby **STRICKEN**.

### B.  Non-Infringing Alternative Opinions

With respect to Dr. Medvidovic's non-infringing alternative ("NIA") opinions, Plaintiff puts forth two theories for exclusion: first, it argues that AT&T's lack of disclosure warrants

exclusion of certain NIA opinions, and second, it argues that all of the NIA opinions are irrelevant because AT&T's damages expert does not rely on them.

The Court will take up each issue in turn.

1. Notice

Headwater seeks to exclude all three alleged non-infringing alternatives from Dr. Medvidovic's report because they appear for the first time in his rebuttal report. *See* Dkt. No. 136 at 7-10. Plaintiff contends that it is prejudiced by this because it did not have the opportunity to provide a rebuttal report to Dr. Medvidovic's NIA opinions under this Court's rules. *See id.* at 10. Plaintiff asserts that, because of this, it is the practice of this Court is to strike such NIA opinions as untimely. *Id.* at 9-10 (*Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024)).

In response to this issue, Defendants argue that they could not have provided their NIA opinions before they understood the full scope of Plaintiffs' infringement theory which was not provided until Plaintiffs' opening expert report on the subject. Dkt. No. 157 at 13. Defendants assert that this Court has allowed NIAs to appear in Defendants' rebuttal report when they "directly rebut" an opening expert report. *Id.* at 14 (citing *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-cv-00398-JRG-RSP, 2024 WL 3527240, at *8 (E.D. Tex. July 24, 2024)). They claim that this is the case here because Dr. Medvidovic's NIA opinions rebut Dr. Wesel's infringement theories, which AT&T had not seen before opening reports due to Headwater's deficient contentions.

It is true that NIAs are the defendants' burden to prove, and thus opinions regarding NIAs should be in a defendant's opening report. *Correct Transmission*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *4 ("[T]he technical showing that an alternative is non-infringing is the

6

burden of [Defendants] and should have been presented in an opening technical report"). However, the particular NIAs at issue here are persuasively shown by Defendants to be fully responsive to the infringement theory put forward in Plaintiff's opening infringement report. It bears noting that Defendants did provide notice during discovery, albeit very broadly, of their possible NIAs. But the three particular NIAs relied upon in Dr. Medvidovic's report are a direct reflection of the positions on infringement taken in Dr. Wesel's report. Accordingly, they should not be stricken as untimely.

### 2. Relevance/Reliance

While Ms. Bennis, the Defendants' damages expert, does not rely upon the NIAs for precise calculations of damages or royalties, she does sufficiently rely upon them for purposes of the hypothetical negotiation to satisfy the minimal requirements of relevance. Accordingly, this portion of the motion to strike is **DENIED**.

**SIGNED this 4th day of August, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE