IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T ENTERPRISES, LLC.,<br><br>    *Defendants*. | Civil Action No. 2:23-cv-00397-JRG-RSP |

## ORDER

On August 2, 2025, Plaintiff filed an "Unopposed Motion to Adopt Claim Construction of 'Intercepting' in Claims 79 and 83 of the '541 Patent." Dkt. No. 270 (The "August 2 Motion"). This August 2 Motion relates to the Court's Report and Recommendation (Dkt. No. 254) regarding Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 8,589,541 (Dkt. No. 125). In the R&R, the Court found it necessary to do a supplemental claim construction. Specifically, the Court stated that: "'<u>intercepting</u>' means '<u>receiving a message directed to or meant for another</u>,' but that this construction does not mean that 'intercepting' can only occur if the message does not reach the intended recipient." Dkt. No. 254 at 1 (underlining in original).

In Plaintiff's August 2 Motion, Headwater sought to have the Court adopt this supplemental construction as follows:

| Term | The Court's Construction |
|---|---|
| "intercepting" ('541 Patent, Claims 79 and 83) | "receiving a message directed to or meant for another" but this construction does not mean that "intercepting" can only occur if the message does not reach the intended recipient |

Dkt. No. 270 at 1; see also Dkt. No. 270-1. Plaintiff represented that its Motion, including the non-underlined explanatory sentence following the underlined construction[1], was unopposed. Dkt. No. 270 at certificate page.

It has since come out that Defendants were *not* unopposed to Plaintiff's Motion in the form that it was submitted to the Court. While Defendants did not oppose the Motion insofar as it moved the Court to adopt the underlined language[2], they were opposed to the inclusion of the non-underlined explanatory negative limitation following it. *See generally* Dkt. No. 275; *see also* Dkt. No. 275-2 ("AT&T does not oppose Headwater's proposed motion to the extent it seeks supplementation of the Court's claim construction order with ***explicit*** constructions from the Court's MSJ orders—i.e., the Court's construction of the 541 patent claims' "intercepting" term." (emphasis in original)).

Once Defendants saw the nature of Plaintiff's August 2 Motion, they emailed Counsel for Plaintiff expressing their opposition and requesting that Plaintiff withdraw the August 2 Motion. Dkt. No. 275-4. Unfortunately, Defendants did not file a notice of opposition with the Court at any point between when Plaintiff filed the August 2 Motion and when the Court—understanding said Motion to be unopposed—entered an Order adopting the construction as proposed. Dkt. No. 273.

The Court is disappointed with the counsel's conduct. The meet-and-confer process, which

---

[1] ". . . but that this construction does not mean that 'intercepting' can only occur if the message does not reach the intended recipient."
[2] "'intercepting' means 'receiving a message directed to or meant for another' . . . ."

is required by the Court, is designed to prevent exactly this type of issue. Plaintiff's failure to properly present to Defendants what it would be filing with the Court, and Defendants' failure to file a notice of opposition during the two-day period when the August 2 Motion was on the docket but had not yet been ruled on, has caused unnecessary expenditure of time and resources.

In resolution of the problem created by this, the Court hereby **VACATES** the Order (Dkt. No. 273) granting Plaintiff's August 2 Motion.

**SIGNED this 4th day of August, 2025.**

                                                    ROY S. PAYNE
                                                    UNITED STATES MAGISTRATE JUDGE