# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T ENTERPRISES, LLC,<br><br>*Defendants.* | Case No. 2:23-cv-00397-JRG-RSP |

# ORDER

Before the Court is Headwater's "Motion to Adopt Claim Construction for Claim 1 of the '613 Patent (U.S. Patent No. 9,215,613)." **Dkt. No. 276**. For the reasons discussed below, the Motion is **DENIED**.

On July 21, 2025, the Court issued its Report and Recommendation (Dkt. No. 251) regarding Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 9,215,613 (Dkt. No. 124). In it, the Court found that the Motion should be denied, explaining that

> The Court agrees with Plaintiff that summary judgment is improper as to non-infringement of the '613 Patent. To put it simply, the parties present conflicting evidence as to whether the accused Android products "classify whether a particular application . . . is interacting with the user in the device user interface foreground" such that there is a genuine dispute regarding a material fact. Despite Defendants' contentions to the contrary, a reasonable jury could credit Dr. Wesel's testimony that the accused Android products do function in that way, especially given the documentary evidence Plaintiff presents. Moreover, Defendants' hypothetical regarding an individual who interacts with an application and then walks away from his phone is not the silver bullet they think it is. The claim expressly requires that the device contain "one or more processors configured to" making a classification based on the application "interacting with

> the user"—it does not require that the device always and continuously be making such a classification. Thus, the Court finds that the question of whether the accused Android products infringe the '613 Patent is a disputed fact question squarely within the province of the jury and, accordingly, that Defendants' Motion should be **DENIED** in this respect.

Dkt. No. 251 (citing Dkt. No. Dkt. No. 309 at 11 in 2:23-cv-00352). Plaintiff latches onto the penultimate sentence of that explanation, contending that this was an express construction which it now seeks to have the Court "adopt" as a formal supplemental construction. *See generally* Dkt. No. 276. Plaintiff is wrong.

The language Plaintiff cites to is merely explanatory dicta and nothing more. This can be clearly seen when the above is juxtaposed to the Court's July 25, 2025 Report and Recommendation (Dkt. No. 254) regarding Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 8,589,541 (Dkt. No. 125). In it, we stated that: "'<u>intercepting</u>' means '<u>receiving a message directed to or meant for another</u>,' but that this *construction* does not mean that 'intercepting' can only occur if the message does not reach the intended recipient." Dkt. No. 254 at 1 (underlining in original; italics added by the Court); *see also* Dkt. No. 311 at 16 in 2:23-cv-00352).

It is well established that for something to stand as a supplemental claim construction it must be clearly indicated as much, and a simple comparison between these two clearly illustrates that, while the latter *is* an express claim construction, the former is not.

Accordingly, Plaintiff's Motion is **DENIED**.

**SIGNED this 5th day of August, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE