# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff,* v. AT&T SERVICES, INC., AT&T MOBILITY, LLC, and AT&T ENTERPRISES, LLC, *Defendants.* | Case No. 2:23-cv-00397-JRG-RSP JURY TRIAL DEMANDED |

**HEADWATER'S RESPONSE TO AT&T'S OBJECTIONS TO MEMORANDUM ORDER DENYING AT&T'S MOTION FOR SANCTIONS UNDER RULE 37(e)(1)**

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| Headwater | Plaintiff Headwater Research LLC |
| AT&T | Defendants AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC |
| Verizon | Verizon Wireless and Verizon Corporate Services Group, Inc. (in Case No. 2:23-cv-00352-JRG-RSP) |
| Verizon case | *Headwater v. Verizon*, Case No. 2:23-cv-00352-JRG-RSP |
| Order | Memorandum Order (Dkt. 238) denying AT&T's motion for sanctions under Rule 37(e)(1), incorporating Memorandum Order denying substantively identical motion, Dkt. 299 in Verizon case |
| Objections or Objs. | AT&T's Objections to Order (Dkt. 248) |
| Motion | AT&T's Motion for Sanctions Under Rule 37(e)(1) (Dkt. 118) |
| Opposition or Opp'n | Headwater's Opposition to AT&T's Motion (Dkt. 146) |
| Reply | AT&T's Reply to Headwater's Response (Dkt. 167) |
| Sur-reply | Headwater's Sur-reply to AT&T's Reply (Dkt. 170) |

Judge Payne issued a thorough and well-reasoned Memorandum Order (Order, Dkt. 238)[1] denying AT&T's motion for sanctions under Rule 37(e)(1) (Dkt. 118). AT&T's objections lack merit and should be overruled. For the reasons in the Order and Headwater's opposition and sur-reply (Dkts. 146 & 170), AT&T failed to show that Headwater's alleged failure to preserve third-party ItsOn ESI was a violation of Rule 37(e)(1) or that sanctions are warranted. The Objections fail to adequately address the findings and analysis of the Order. Although AT&T cites the Order, it fails to identify any factual or legal error therein. Nor does AT&T provide any basis to disturb the Order's overall conclusion (denying sanctions under the facts/circumstances of this case). The Order is correct and should be adopted in its entirety.

Headwater briefly highlights four reasons why the Objections lack merit and should be overruled. *First*, AT&T effectively waived its current arguments by declining to raise them at the scheduled hearing on its Motion. The Verizon order issued on June 4, 2025. Verizon, Dkt. 299. At that point, the Court had scheduled a separate hearing on AT&T's motion for sanctions for June 26, 2025. *See* 6/2/2025 (Notice Resetting Motion Hearing). If AT&T disagreed with the Verizon order or findings therein, it should have maintained the June 26 hearing and discussed the Verizon order. That would have been before the Order in this case issued on July 7, 2025.

Instead, AT&T cancelled the hearing and agreed that no further argument on the motion was necessary. *See* Ex. A (June 24, 2025, Email from AT&T Counsel to Chambers). Although AT&T sought to preserve "appeal challenges" to the Verizon order, it apparently conceded that

---

[1] The Order in this AT&T case incorporates the Order for the corresponding motion and briefing in the Verizon case, which the Court noted was "substantively identical" (Dkt. 299 in *Headwater v. Verizon*, Case No. 2:23-cv-00352-JRG-RSP). Unless otherwise noted, citations and quotations in this response are to the Order in the Verizon case. Based on the same briefing, record, and Order, Verizon and T-Mobile declined to file objections to the Order in those respective cases. *See id*; Dkt. 300 in *Headwater v. T-Mobile*, Case No. 2:23-cv-00379-JRG-RSP.

the same order would issue in this case. AT&T nevertheless agreed "that the Court need not hear further argument on these issues." *Id*. In these circumstances, the Court should find the Objections waived or entitled to no weight. It is procedurally improper to forgo arguments by cancelling a hearing, only to raise those arguments for the first time in an Objection.

**Second**, the Objections are full of unsupported assertions. As an egregious example, AT&T asserts: "The Order did not address, and it was not disputed, that Headwater had the 'practical ability' to preserve the documents . . ." Objs. at 2. This is false. The Order found:

> As of [January 2018], based on all of the evidence presented by the parties at the hearing, *Headwater Research had no right, authority or practical ability to control ItsOn's assets* which had been assigned for the benefit of its creditors. *This is particularly true of its intellectual property*, which was the principal asset being liquidated.

Order at 3 (emphasis added). Further, Headwater repeatedly explained in briefing that it lacked any "practical ability" to control third-party ItsOn's proprietary assets. *See* Opp'n at 7 ("Headwater had no legal right or practical ability to copy third-party ItsOn's proprietary source code and documents, as Dr. Raleigh testified."); Sur-reply at 1 ("Before and after ItsOn's dissolution, Headwater had no legal right or practical ability to obtain third-party ItsOn's proprietary source code and documents."). AT&T's Objections, therefore, are based on a mischaracterization of the record on critical points. They should be overruled for this reason alone.

**Third**, the Objections do nothing to disturb the Order's conclusion that sanctions are unwarranted under the facts and circumstances of this case. As Headwater explained, its conduct around 2017 was reasonable under the circumstances and *not* a violation of Rule 37(e)(1). And Headwater highlighted AT&T's lack of relevant legal authority to support sanctions:

> This is why none of the cases AT&T cites are similar to the facts here. None found spoliation or awarded preclusive sanctions based on a party's alleged failure to preserve third-party's proprietary source code long before a litigation is filed. Indeed, at multiple levels, AT&T's motion is inconsistent

2

>   with the Advisory Committee's guidance regarding the proper application of Rule 37(e)(1).

Sur-reply at 1 (citing Opp'n at 4-5).

The Court likewise found the lack of relevant legal authority to support AT&T's requested sanctions. This is shown by the following findings in the Order (at 3–4):

- "Defendants rely upon the *Trinity Industries* case, but that case involved the intentional deletion of emails of companies that were half-owned by the plaintiff, during the litigation."

- "There is not a shred of evidence that anyone related to Headwater Research intended to render the source code inaccessible."

- "No case has been cited where sanctions were imposed on a party for the negligent failure to preserve the ESI of a third party four years before any litigation was commenced."

The Objections fail to adequately address these findings, which are dispositive. And AT&T *still* hasn't cited any case that found spoliation and awarded preclusive sanctions based on a party's alleged failure to preserve a third-party source code well before a litigation is filed.

***Fourth***, the Objections perpetuate a misrepresentation that warrants fee-shifting to Headwater in connection with the Motion and Objections. As Headwater explained, *the parties expressly agreed to forgo the production of ESI in this AT&T case. See* Opp'n at 1 ("AT&T's motion is largely the same as the parallel Verizon and T-Mobile motions. But this motion suffers from an additional fatal defect specific to AT&T"); Sur-reply at 1 ("AT&T's motion is frivolous and misleading because *the parties in this case expressly agreed to forgo the production of ESI*.").

AT&T omitted this material fact from all of: its original Motion, the Reply, and the current Objections. This omission is inexplicable, given Headwater's opposition and sur-reply pointing out the parties' agreement to forgo ESI in this case. Yet AT&T continues to press arguments and requests that are inconsistent with the parties' agreement. For example, its Motion seeks sanctions

3

against Headwater for failing to preserve and produce ItsOn *ESI*. And the Objections perpetuate the misrepresentation by seeking relief for the loss of ItsOn emails and ESI documents. *See* Objs. at 3 (seeking relief because "a significant amount of emails and other documents" were allegedly not preserved); *id.* at 5 (seeking to preclude Headwater from relying on certain ItsOn emails "for failing to preserve the rest of ItsOn's ESI").

Here, at a minimum, AT&T and its attorneys were required to inform the Court about the parties' agreement to forgo ESI and attempt to address it. Yet AT&T repeatedly failed to do so (despite Headwater raising it on a meet and confer, its opposition, and sur-reply). This reflects a lack of candor with the Court and is sanctionable.[2] Headwater respectfully requests that the Court order fee-shifting pursuant to Rule 37 or the Court's inherent powers.

Rule 37(a)(5)(B) provides that if a "motion [based on this rule] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party [] who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Here, AT&T's motion was denied, and it deliberately omitted a material fact that undercuts its requested relief. This alone shows that AT&T's motion was unjustified and that awarding expenses would not be unjust. *See id.*

* * *

For the foregoing reasons, AT&T's Objections should be overruled and the Order should be adopted. The Court should also award Headwater reasonable attorney's fees for opposing the Motion and Objections under Rule 37(a)(5)(B).

---

[2] It is well-established that the Court may sanction an attorney for negligent or reckless failure to perform his or her responsibilities as an officer of the court. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). The attorney's law firm can also be sanctioned under the court's inherent power. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 144, 147 (2d. Cir. 2012). The court's local rulemaking authority includes the power to impose sanctions. See FRCP 83(b).

4

Dated: August 11, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Dale Chang
CA State Bar No. 248567
Jason M. Wietholter
CA State Bar No. 337139
Matthew Aichele
VA State Bar No. 77821
Adam S. Hoffman
CA State Bar No. 218740
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster
