IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>AT&T SERVICES, INC., AT&T MOBILITY, LLC and AT&T ENTERPRISES, LLC.,<br><br>    Defendants. | Civil Action No. 2:23-cv-00397-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**AT&T'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC., (collectively "AT&T' or "Defendants"), by and through counsel, hereby submit this Answer to Plaintiff Headwater Research LLC's ("Plaintiff") First Amended Complaint (Dkt. 303) as follows:

**GENERAL DENIAL**

Except as expressly admitted below, AT&T denies each and every allegation set forth in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

**RESPONSES TO NUMBERED PARAGRAPHS IN THE COMPLAINT**

**BACKGROUND**

1.      AT&T denies the allegations of Paragraph 1 of the Complaint.

2.      AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies these allegations.

1

3. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 3 of the Complaint and therefore denies these allegations.

4. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 4 of the Complaint and therefore denies these allegations.

5. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 5 of the Complaint and therefore denies these allegations.

6. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 6 of the Complaint and therefore denies these allegations.

7. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 7 of the Complaint and therefore denies these allegations.

8. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 8 of the Complaint and therefore denies these allegations.

9. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 9 of the Complaint and therefore denies these allegations.

10. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 10 of the Complaint and therefore denies these allegations.

11. AT&T admits that smartphones and other mobile devices are widely used and may be used for various activities. AT&T also admits that it is possible to exchange data over the Internet using wireless and cellular networks. Except as expressly admitted, AT&T denies these allegations.

12. AT&T admits that overall data consumption by mobile devices has increased since 2011. Except as expressly admitted, AT&T does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies these allegations.

13. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 13 of the Complaint and therefore denies these allegations.

14. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 14 of the Complaint and therefore denies these allegations.

15. AT&T denies the allegations of Paragraph 15 of the Complaint.

## NOTICE OF THE ASSERTED PATENTS

16. AT&T denies the allegations of Paragraph 16 of the Complaint.

17. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and on that basis denies them.

18. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and on that basis denies them.

19. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and on that basis denies them.

20. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and on that basis denies them.

21. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and on that basis denies them.

22. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and on that basis denies them.

23. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and on that basis denies them.

24. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and on that basis denies them.

25. AT&T denies the allegations of Paragraph 25 of the Complaint.

26. AT&T denies the allegations of Paragraph 26 of the Complaint.

27. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and on that basis denies them.

28. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and on that basis denies them.

29. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and on that basis denies them.

30. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and on that basis denies them.

31. AT&T denies the allegations of Paragraph 31 of the Complaint.

**PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT**

32.   AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 32 of the Complaint and therefore denies these allegations.

33.   AT&T admits that Exhibit 1 of the Complaint purports to be a copy of U.S. Patent No. 8,589,541, entitled "Device-assisted services for protecting network capacity."  Except as expressly admitted, AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 33 of the Complaint and therefore denies these allegations.

34.   AT&T admits that Exhibit 2 of the Complaint purports to be a copy of U.S. Patent No. 9,215,613, entitled "Wireless end-user device with differential traffic control policy list having limited user control."  Except as expressly admitted, AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 34 of the Complaint and therefore denies these allegations.

**DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES**

35.   AT&T admits the allegations of Paragraph 35 of the Complaint.

36.   AT&T admits the allegations of Paragraph 36 of the Complaint.

37.   AT&T denies the allegations of Paragraph 37 of the Complaint.

38.   AT&T denies the allegations of Paragraph 38 of the Complaint.

**JURISDICTION AND VENUE**

39.   AT&T admits that the Complaint purports to allege patent infringement under Title 35 of the United States Code.  AT&T denies that it infringes any asserted patent.

40.   The allegations of Paragraph 40 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, AT&T

specifically denies the legal sufficiency of the claims and allegations asserted in the Complaint and further denies that Plaintiff has any viable claim thereunder. To the extent Plaintiff does not have substantially all rights in the Asserted Patents, AT&T specifically denies that Plaintiff has standing to bring this lawsuit and thus denies that this Court has subject matter jurisdiction over the dispute.

41. The allegations of Paragraph 41 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed to be required, for purposes of this action only, AT&T does not contest that this Court has personal jurisdiction over the named defendants. AT&T specifically denies the legal sufficiency of the claims and allegations asserted in the Complaint and further denies that Plaintiff has any viable claim thereunder. To the extent Plaintiff does not have substantially all rights in the Asserted Patents, AT&T specifically denies that Plaintiff has standing to bring this lawsuit and thus denies that this Court has subject matter jurisdiction over the dispute. Except as expressly admitted, AT&T denies the remaining allegations of Paragraph 41 of the Complaint.

42. AT&T denies the allegations of Paragraph 42 of the Complaint.

43. The allegations of Paragraph 43 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, AT&T denies the allegations of Paragraph 43 of the Complaint.

44. AT&T admits that the Complaint purports to reference the webpage https://www.att.com/maps/wireless-coverage.html. Except as expressly admitted, AT&T denies the remaining allegations of Paragraph 44 of the Complaint.

45. AT&T admits that the Complaint purports to reference data from the webpage https://investors.att.com/~/media/Files/A/ATT-IR-V2/financial-reports/quarterly-

earnings/2022/1Q22/ATT_1Q22_8K.pdf. Except as expressly admitted, AT&T denies the remaining allegations of Paragraph 45 of the Complaint.

46. AT&T admits that the Complaint purports to identify authorized AT&T retailers in Texas purportedly referenced at the webpage https://www.att.com/maps/wireless-coverage.html. Except as expressly admitted, AT&T denies the remaining allegations of Paragraph 46 of the Complaint.

47. AT&T admits that the Complaint purports to reference the webpage https://about.att.com/story/2018/plano_foundry.html. Except as expressly admitted, AT&T denies the remaining allegations of Paragraph 47 of the Complaint.

**COUNT I – CLAIM FOR (ALLEGED) INFRINGEMENT OF THE '541 PATENT**

48. AT&T incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

49. AT&T admits that Exhibit 1 of the Complaint purports to be a copy of U.S. Patent No. 8,589,541, which is titled "Device-assisted services for protecting network capacity" and which purports to have issued on November 19, 2013. Except as expressly admitted, AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 49 of the Complaint and therefore denies these allegations.

50. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 50 of the Complaint, and therefore denies these allegations.

51. The allegations of Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is deemed required, AT&T denies the allegations in Paragraph 51 of the Complaint.

52. The allegations of Paragraph 52 contain legal conclusions to which no response is required. To the extent a response is deemed required, AT&T denies the allegations in Paragraph 52 of the Complaint.

53. AT&T denies the allegations of Paragraph 53 of the Complaint.

54. AT&T denies the allegations of Paragraph 54 of the Complaint.

55. AT&T admits that Exhibit 3 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '541 Patent. AT&T denies that it infringes the '541 Patent and denies the remaining allegations in Paragraph 55 of the Complaint.

56. AT&T denies the allegations of Paragraph 56 of the Complaint.

57. AT&T denies the allegations of Paragraph 57 of the Complaint.

58. AT&T denies the allegations of Paragraph 58 of the Complaint.

59. AT&T denies the allegations of Paragraph 59 of the Complaint.

60. AT&T denies the allegations of Paragraph 60 of the Complaint.

**COUNT 2 – CLAIM FOR (ALLEGED) INFRINGEMENT OF THE '613 PATENT**

61. AT&T incorporates by reference its responses to each of the preceding Paragraphs of the Complaint.

62. AT&T admits that Exhibit 2 of the Complaint purports to be a copy of U.S. Patent No. 9,215,613, which is titled "Wireless end-user device with differential traffic control policy list having limited user control" and which purports to have issued on December 15, 2015. Except as expressly admitted, AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 62 of the Complaint and therefore denies these allegations.

63. AT&T does not have knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 63 of the Complaint and therefore denies these allegations.

64. The allegations of Paragraph 64 contain legal conclusions to which no response is required. To the extent a response is deemed required, AT&T denies the allegations in Paragraph 64 of the Complaint.

65. The allegations of Paragraph 65 contain legal conclusions to which no response is required. To the extent a response is deemed required, AT&T denies the allegations in Paragraph 65 of the Complaint.

66. AT&T denies the allegations of Paragraph 66 of the Complaint.

67. AT&T denies the allegations of Paragraph 67 of the Complaint.

68. AT&T admits that Exhibit 4 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '613. AT&T denies that it infringes the '613 Patent and denies the remaining allegations in Paragraph 68 of the Complaint.

69. AT&T denies the allegations of Paragraph 69 of the Complaint.

70. AT&T denies the allegations of Paragraph 70 of the Complaint.

71. AT&T denies the allegations of Paragraph 71 of the Complaint.

72. AT&T denies the allegations of Paragraph 72 of the Complaint.

73. AT&T denies the allegations of Paragraph 73 of the Complaint.

**RESPONSE TO PLAINTIFF'S JURY DEMAND**

74. To the extent that a response is deemed required, AT&T demands a jury trial pursuant to Fed. R. Civ. P. 38.

## **RESPONSE TO PLAINTIFF'S RELIEF REQUESTED**

AT&T denies that Plaintiff is entitled to any relief, including without limitation the relief sought by Plaintiff under Paragraphs A-F of the Complaint.

## AT&T'S AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

AT&T has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, directly, indirectly, contributorily, or by inducement. Further, Headwater is precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the Asserted Patents that would encompass any AT&T product or service.

### THIRD DEFENSE
### (No Willful Infringement)

As indicated by Headwater's dismissal of its allegations of willful infringement in its First Amended Complaint, Headwater is not entitled to enhanced damages under 35 U.S.C. § 284 because Headwater has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### FOURTH DEFENSE
### (Invalidity / Ineligibility)

Each claim of the Asserted Patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the application that issued as the Asserted Patents.

### FIFTH DEFENSE
### (License, Exhaustion, or Failure to Mark)

Headwater's claims are barred, or its damages limited, in whole or in part by one or more of the following: express or implied license (including any licenses executed by prior owners of the Asserted Patents), doctrine of patent exhaustion, failure to mark pursuant to the requirements of 35 U.S.C. § 287(a), and the single recovery rule.

### SIXTH DEFENSE
### (Lack of Standing)

To the extent that Headwater was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Headwater lacks standing to bring one or more claims in this lawsuit. Headwater does not have the right to file suit for infringement as a "patentee" under Title 35 of the patent statute.

### SEVENTH DEFENSE
### (Equitable Bars)

Headwater's claims are barred in whole or in part by the doctrine of waiver, estoppel, prosecution laches, and/or other equitable doctrines, including inequitable conduct during prosecution of the Asserted Patents before the U.S. Patent and Trademark Office.

### EIGHTH DEFENSE
### (Statute of Limitations)

Any claim by Headwater for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307. Headwater is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### NINTH DEFENSE
### (Statutory Limitation)

To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Headwater's claims involving AT&T with

respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## TENTH DEFENSE
### (No Injunctive Relief)

Headwater's claims are barred in whole or in part because Headwater is not entitled to injunctive relief. Any alleged injury to Headwater is not immediate or irreparable and Headwater has an adequate remedy at law.

## ELEVENTH DEFENSE
### (Patent Ownership)

Headwater has failed to adequately plead ownership of the patents asserted in the Complaint.

## TWELFTH DEFENSE
### (No Exceptional Case)

Headwater cannot prove that this is an exceptional case justifying award of attorney fees against AT&T pursuant to 35 U.S.C. § 285.

## THIRTEENTH DEFENSE
### (Ensnarement)

Headwater cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the accused products because such an asserted scope of equivalency would encompass or ensnare the prior art.

## PRAYER FOR RELIEF

WHEREFORE, AT&T asks this Court to enter judgment in favor of AT&T and against Plaintiff by granting the following relief:

  A. A dismissal of all claims in Plaintiff's Complaint with prejudice and a complete denial of Plaintiff's requests for damages, injunctive relief, interests, costs, expenses, accounting, attorneys' fees, and any other form of relief, and

  B.  An award to AT&T of their reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee award based on 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs AT&T Services, Inc., AT&T Mobility, LLC, and AT&T Enterprises, LLC., (collectively "AT&T" or "Counterclaimants") bring the following counterclaims against Plaintiff and Counterclaim-Defendant Headwater Research LLC "Headwater" or "Counterclaim-Defendant").

## THE PARTIES

1. Defendant and Counterclaim-Plaintiff AT&T Services, Inc. is a corporation organized under the State of Delaware, with its principal place of business in Dallas, Texas.

2. Defendant and Counterclaim-Plaintiff AT&T Mobility, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

3. Defendant and Counterclaim-Plaintiff AT&T Enterprises, LLC is a corporation organized under the laws of the Delaware, with its principal place of business in Dallas, TX.

4. Upon information and belief, and based on Paragraph 32 of the Complaint as pleaded by Counterclaim-Defendant, Headwater Research LLC is a Texas limited liability company with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

## JURISDICTION AND VENUE

5. This court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1331 and 1338(a).

6. Counterclaim-Defendant has subjected itself to personal jurisdiction by maintaining its lawsuit against AT&T in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

8. Counterclaim-Defendant has sued AT&T for alleged infringement of the '541 Patent and the '613 Patent. AT&T denies infringement and denies that the claims of the asserted

patents are valid. There is therefore a substantial, actual, and continuing controversy between Counterclaim-Defendants and AT&T as to the validity and infringement of the asserted patents.

### COUNT I
### (Declaratory Judgment of Invalidity of the '541 Patent)

9. AT&T repeats and realleges the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

10. The '541 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and/or 112.

11. To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from uncertainty and controversy that Counterclaim-Defendant's allegations have created, AT&T is entitled to a declaratory judgment that the '541 Patent is invalid and/or patent-ineligible.

### COUNT II
### (Declaratory Judgment of Invalidity of the '613 Patent)

12. AT&T repeats and realleges the allegations in each of the foregoing Counterclaim Paragraphs as if fully set forth herein.

13. The '613 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and/or 112.

14. To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from uncertainty and controversy that Counterclaim-Defendant's allegations have

created, AT&T is entitled to a declaratory judgment that the '613 Patent is invalid and/or patent-ineligible.

## JURY DEMAND

15. AT&T hereby demands trial by jury in this action on all issues so triable.

## EXCEPTIONAL CASE

16. This case is an exceptional case entitling AT&T to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Counterclaim-Defendant's assertion of its Asserted Patents against AT&T with the knowledge that they are not infringed, invalid, and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, AT&T respectfully requests that this Court:

A. Enter judgment against Counterclaim-Defendant and dismiss the claims filed by Counterclaim-Defendant against AT&T with prejudice;

B. Determine and declare that the claims of the asserted patents are invalid and/or patent-ineligible;

C. Award AT&T their costs, disbursements, and reasonable attorneys' fees incurred in this action; and,

D. Grant such other and further relief as the Court may deem just and proper.

Dated: September 30, 2025

Respectfully submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Hess
Texas State Bar No.
khess@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Kaylee E. Hoffner
Texas State Bar No. 24127036
khoffner@McKoolSmith.com
**MCKOOL SMITH, P.C.**
600 Travis Street Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**AT&T ENTERPRISES, LLC., AT&T MOBILITY LLC, AND AT&T SERVICES INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 30, 2025.

*/s/ Nicholas Mathews*
Nicholas Mathews